1  D. EDWARD HAYS, #162507
ehays@marshackhays.com
2  LAILA MASUD, #311731
lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
870 Roosevelt
5  Irvine, California 92620
Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
RICHARD A MARSHACK

8

9                    UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

11  | In re | Case No. 8:21-bk-11352-TA |
| --- | --- |
12  | | Chapter 7 |
13  | DON TERUO KOJIMA SUSAN LORRAINE KOJIMA, | TRUSTEE'S MOTION: (1) TO APPROVE |
14  | | SETTLEMENT AGREEMENT WITH CHASE MILES KAUFMAN, MICHAEL |
15  | Debtors. | GARRISON, AND ZACHARY POWERS, AND (2) FOR TURNOVER OF ALL |
16  | | CLIENT DOCUMENTS FROM THE LAW OFFICE OF ROSS L. HOLLENKAMP; |
17  | | MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT |

18

19                                          Date:   December 20, 2022
Time:  11:00 a.m.
20                                          Ctrm:  5B[1]

21

22  / / /

23  / / /

24

25

26

27  [1] Judge Albert's hearings continue to be conducted using ZoomGov audio and video but hearing participants have the option of appearing in person. **If a hearing participant wishes to appear in person advance notice will be required**.
28  Instructions for a moving party to provide advance notice can be found under the Judge Albert's Self-Calendaring section of his webpage.

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

# TABLE OF CONTENTS

1.  Summary of Argument ................................................................................................ 2

2.  Factual Background ................................................................................................... 2

  A.  Bankruptcy Case ................................................................................................. 2

  B.  SBSC Action ...................................................................................................... 4

  C.  Claims Against the Estate .................................................................................. 5

  D.  Settlement Agreement ........................................................................................ 6

3.  Legal Argument ...................................................................................................... 10

  A.  The Agreement is in the best interest of creditors and the Estate for purposes of Rule 9019. 10

    i.      Probability of Success in Litigation ................................................... 10

    ii.     Difficulties in Collection ..................................................................... 11

    iii.    Complexity, Expense, Inconvenience, and Delay of the Litigation ............ 12

    iv.     Paramount Interest of Creditors ........................................................ 12

  B.  Trustee requests an order requiring the Law Office of Ross L.  Hollenkamp to Turn Over Debtors' Client Files. ........................................................................................... 13

4.  Conclusion ............................................................................................................... 14

Declaration of Richard A. Marshack ............................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Burton v. Ulrich (In re Schmitt)*,

  215 B.R. 417, 424 (B.A.P. 9th Cir. 1997)......................................................... 10

*In re A & C Properties*,

  784 F.2d 1377, 1380-81 (9th Cir. 1986) ........................................................... 10

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

*In re McInerney*,

   528 B.R. 684, 690 (Bankr. E.D. Mich. 2014) ................................................................. 13

*Roberts v. Heim*,

   123 F.R.D. 614, 631 (N.D. Cal. 1988) .......................................................................... 14

*Spivey v. Georgia*,

   469 U.S. 1132, 83 L. Ed. 2d 809, 105 S. Ct. 816 (1985) ................................................. 14

*Spivey v. Zant*,

   683 F.2d 881, 885 (5th Cir. 1982), *cert. denied* ............................................................ 14

*United States v. Edwards*,

   595 F.3d 1004, 1012 (9th Cir. 2010) ........................................................................... 10

*Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Guy F. Atkinson Co.)*,

   242 B.R 497, 502 (B.A.P. 9th Cir. 1999) ................................................................ 2, 10

**Statutes**

11 U.S.C. § 541 ...................................................................................................... 13

11 U.S.C. § 727 ................................................................................................... 7, 12

11 U.S.C. §§ 323, 704 .............................................................................................. 13

11 U.S.C. §§ 541-542 ............................................................................................... 14

11 U.S.C. §542(e) ................................................................................................... 14

Section 510 ....................................................................................................... 8, 11

**Rules**

Fed. R. Bankr. P. 9019 ............................................................................................. 10

Fed. R. Civ. P. 26(b)(3) ........................................................................................... 14

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

1  TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE,

2  THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

3      Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

4  Estate ("Estate") of Don Teruo Kojima and Susan Lorraine Kojima ("Debtors"), respectfully files

5  this motion (1) to approve the settlement agreement between Trustee, on the one hand, and Chase

6  Miles Kaufman, Michael Garrison, and Zachary Powers (collectively, "KGP"), on the other hand,

7  and (2) for turnover of all client documents from the Law Office of Ross L. Hollenkamp, and

8  respectfully represents as follows:

9  **1.      Summary of Argument**

10      A bankruptcy trustee's proposed compromise should be approved if it is in the best interest

11  of the estate and is "fair and equitable" for creditors. *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co.*

12  *(In re Guy F. Atkinson Co.)*, 242 B.R 497, 502 (B.A.P. 9th Cir. 1999). In this case, Trustee has

13  determined that the Estate's avoidance claims are in conflict with alleged claims asserted by the

14  Estate's largest creditors, KGP. If the priority of the claims were litigated and the Trustee were to

15  lose, the Estate would not obtain any further recoveries. On the other hand, if the priority claims

16  were litigated and the Trustee were to prevail, then the dividends to creditors would be diluted with

17  administrative expenses arising from such litigation. Rather than litigating against the creditors,

18  Trustee has entered a proposed agreement to work with them. The proposed agreement provides that

19  the Estate's claims will take priority over the creditors' competing claims and also provides for a

20  reduction of their asserted claims and for such reduced claims to be subordinated until other allowed

21  unsecured claims receive a priority 75% distribution. This Court must determine whether to approve

22  Trustee's proposed agreement as being a proper exercise of business judgment designed to create a

23  larger estate for creditors and to provide for priority distributions to all other allowed unsecured

24  creditors.

25  **2.      Factual Background**

26      **A.      Bankruptcy Case**

27      On May 26, 2021, Debtors filed a voluntary petition for bankruptcy under Chapter 11 of Title

28  11 of the United States Code, commencing Case No. 8:21-bk-11352-TA ("Bankruptcy Case"). A

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

1  true and correct copy of the CM/ECF Docket in the Bankruptcy Case is attached to the Declaration

2  of Richard A. Marshack ("Marshack Declaration") as Exhibit 1.

3      On June 16, 2021, Debtors filed their schedules and statement of financial affairs. Docket

4  No. 30. A true and correct copy of Debtors' Schedule A/B is attached to the Marshack Declaration

5  as Exhibit 2. Debtors scheduled, among other things, a 66.6% interest in Kojima Development

6  Company, LLC (defined above as "KDC"). Marshack Decl. Ex. 2 at 61.

7      On November 11, 2021, KGP filed a "Stipulation Re: Relief from Automatic Stay to Proceed

8  with State Court Litigation," regarding *Garrison et al. v. Kojima et al.*, San Bernardino County

9  Superior Court ("SBSC") Case No. CIVDS2001906 ("SBSC Action"). Docket No. 106.

10     On November 16, 2021, the Court entered an "Order Approving Stipulation Re: Relief from

11 the Automatic Stay to Proceed with State Court Litigation" ("SBSC Stipulation Order"). A true and

12 correct copy of the SBSC Stipulation Order is attached to the Marshack Declaration as **Exhibit 3**.

13     On February 28, 2022, KGP filed a "Complaint for: (1) Determination that Debt Is Non-

14 Dischargeable Pursuant to 11 U.S.C. § 523; and (2) Denial of Debtors' Discharge Pursuant to 11

15 U.S.C. § 727" ("KGP 523/727 Complaint"), commencing *Kaufman et al. v. Kojima et al.*, Adversary

16 Proceeding No. 8:22-ap-01026-TA ("KGP 523/727 Action"). A true and correct copy of the KGP

17 523/727 Complaint is attached to the Marshack Declaration as **Exhibit 4**. Broadly speaking, the

18 KGP 523/727 Complaint alleges that Debtors and their son, Cameron Kojima, defrauded KGP by

19 inducing them to invest collectively more than $1,000,000 for a real estate development project in

20 Adelanto, California, and usurped, misappropriated, and embezzled the funds.

21     On March 23, 2022, Debtors filed a "Motion for Order: (1) Approving the Sale of Real

22 Property of the Estate Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363 . .

23 ." ("Sale Motion") regarding 7 Shoreridge, Newport Coast, California 92657 ("Shoreridge

24 Property"). Docket No. 192. On April 13, 2022, the Court entered an order granting the Sale Motion.

25 Docket No. 220.

26     On April 12, 2022, Debtors filed an "Application of Debtors and Debtors-in-Possession for

27 Authority to Employ the Law Office of Ross L. Hollenkamp as Special Litigation Counsel,"

28 regarding the SBSC Action and the KGP 523/727 Action. Docket No. 217. On May 10, 2022, the

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

1  Court entered an "Order Granting Application of Debtors and Debtors-in-Possession for Authority to

2  Employ the Law Office of Ross L. Hollenkamp as Special Litigation Counsel." Docket No. 242.

3          On June 22, 2022, as Docket No. 261, Debtors filed a motion to convert the Bankruptcy Case

4  to Chapter 7. On June 27, 2022, the Court entered an order converting the case to Chapter 7. Docket

5  No. 263.

6          On June 29, 2022, Trustee filed his notice of appointment. Docket No. 265.

7          On July 15, 2022, Trustee filed an "Application by Chapter 7 Trustee to Employ Hahn Fife &

8  Company LLP as Accountant," which the Court approved by order entered on August 10, 2022.

9  Docket Nos. 271, 285.

10         On July 28, 2022, Trustee filed an "Application by Chapter 7 Trustee to Employ Marshack

11 Hays LLP as General Counsel" ("MH Employment Application"). Docket No. 277. On September

12 15, 2022, the Court entered an order granting the MH Employment Application. Docket No. 305.

13     **B.     SBSC Action**

14         On January 22, 2020, KGP filed a "Complaint for Damages and Equitable Relief: 1. Fraud

15 2. Breach of Fiduciary Duty and Confidence 3. Accounting 4. Unfair Competition, Constructive

16 Trust and Restitution/Disgorgement 5. Conspiracy to Breach Fiduciary Duty 6. Intentional

17 Interference with Economic Advantage and Business Opportunities 7. Wrongful Conversion 8.

18 Declaratory Relief" against Cameron Kojima, Donald Teruo Kojima, Susan Kojima, and Does, in

19 the SBSC Action.

20         On May 3, 2022, KGP filed a "First Amended Complaint for: (1) Fraud (2) Breach of

21 Fiduciary Duty (3) Accounting (4) Unfair Competition, Constructive Trust, and

22 Restitution/Disgorgement (5) Conspiracy to Breach Fiduciary Duty (6) Intentional Interference with

23 Economic Advantage and Business Opportunities (7) Conversion (8) Declaratory Relief (9)

24 Violation of Penal Code § 496" ("SBSC FAC") against Cameron Kojima, Donald Teruo Kojima,

25 Susan Kojima, several business entities, and Does, which is now the operative complaint in the

26 SBSC Action. A true and correct copy of the SBSC FAC is attached to the Marshack Declaration as

27 **Exhibit 5**.

28

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

In the SBSC Action, KGP contends that it is entitled to, *inter alia*: (a) an order that the "Adelanto Entities"[2] are a single enterprise in which KGP is the majority stakeholder; (b) a constructive trust over all of the assets of the Adelanto Entities; (c) general damages in an amount of at least $5 million; (d) punitive and exemplary damages; (e) pre-judgment interest; and (f) attorneys' fees and costs. If it prevailed on all its claims, KGP contends that it would be the sole owner of the Adelanto Entities and its ownership of real property which would constitute a recovery in excess of $15 million.

To date, the SBSC Action is pending and is not stayed. A true and correct copy of the docket in the SBSC Action is attached to the Marshack Declaration as **Exhibit 6**.

KGP contends that its rights to recover the assets of the Adelanto Entities including their ownership of real property would take precedence over the Estate's rights to avoid and recover transfers made by the Debtor and their entities. Specifically, KGP asserts that they were defrauded into investing into the Debtor and its entities. As a result, the assets acquired by the entities were held in constructive or resulting trusts for their benefit. If successful, Trustee's claims to avoid transfers of the debtors interests in property would be negatively affected.

## C.    Claims Against the Estate

In the Bankruptcy Case, 23 proofs of claims have been filed against the Estate. A true and correct copy of the claims register in the Bankruptcy Case is attached to the Marshack Declaration as **Exhibit 7**. The claims include $8,276,884.67 of secured claims and $700,175.62 of priority claims. Marshack Decl. Ex. 7 at 147. KGP each filed a proof of claim asserting a $14,600,000 unsecured claim. *Id.* at 146. Not including the $8,276,884.67 of secured claims (the secured claims against the house have been paid), and KGP's claims, there are $976,575.29 of unsecured claims against the Estate.

There are also Chapter 11 administrative claims for capital gains and Debtor's counsel.

---

[2] The Adelanto Entities are multiple business entities, consisting of Apollo Cultivation Management, LLC; Cameron Ranch Adelanto Partners, LLC; Dionysus Cultivation Partners, I, LLC; Dionysus Cultivation Partners, II, LLC; Dionysus Cultivation Partners, III, LLC; Mitsui Adelanto Partners; and Apollo Management. *See* Marshack Decl. Ex. 4 at 75 (KGP 523/727 Complaint, ¶ 29 & n.1).

#### D.     Settlement Agreement

Trustee and KGP have executed an agreement ("Agreement"), to resolve: (a) the competing claims of the Estate and those held by KGP against the Debtors and other Defendants as set forth in the SBSC Action, (b) the allowance and partially subordinate priority of claims held by KGP against the Estate, and (c) other issues related to Debtors' Bankruptcy Case. A true and correct copy of the Agreement is attached to the Marshack Declaration as **Exhibit 8**.

The Agreement contains the following terms (among others):

1) Within five business days after entry of an Order approving the Settlement Agreement, Trustee shall file a motion to substantively consolidate the Debtors and Kojima Development Company, LLC ("KDC") ("Substantive Consolidation Motion"). The granting of the Substantive Consolidation Motion is not a condition to the effectiveness of this agreement.

2) Trustee shall investigate and, if appropriate, file one or more actions to avoid and recover any pre-petition transfers of the interests of the Debtors and KDC in property including, but not limited to, transfers relating to their interests in the Adelanto Entities (and/or the property owned by those entities) to Debtors' son, Cameron Kojima, CK Development Associates, LLC, and one or more of the Adelanto Entities or other entities controlled by and/or affiliated with the Debtors ("Fraudulent Transfer Actions"). For the avoidance of doubt, "Fraudulent Transfer Actions" may include actions to determine that no such transfers actually took place. Nothing herein binds Trustee to administer any property or prosecute the Fraudulent Transfer Actions. However, if Trustee determines that he will not prosecute all or some of the potential Fraudulent Transfer Actions, Trustee shall assign them to KGP for their own benefit.

3) KGP shall dismiss without prejudice the Debtors and the Debtors' Estate from the State Court Action and shall seek to stay the State Court Action against all non-debtor defendants therein, including KDC. Except as expressly provided in paragraph 6 hereof, KGP shall not prosecute any claims or causes of action or seek any judgment or remedies that directly or indirectly affect the Estate's rights and claims, including Trustee's efforts

to seek substantive consolidation or prosecute the Fraudulent Transfer Actions. The Parties will use their best efforts to resolve informally any disputes regarding whether KGP's efforts conflict with Trustee's claims. To the extent any dispute cannot be resolved informally, the bankruptcy court shall have the sole and exclusive jurisdiction to resolve any such dispute. KGP hereby irrevocably offers to assign its claims to Trustee. The assignment by KGP to the Trustee shall be deemed effective upon written notice by the Trustee of acceptance of such assignment. Following such assignment, KGP's aforementoned claims shall be prosecuted by the Estate, with recoveries to be distributed as set forth in paragraph 6 below.

4) Trustee shall file an application to employ Elkins Kalt as special litigation counsel for the purpose of objecting to Debtors' discharge under 11 U.S.C. § 727 ("Objection to Discharge"). The granting of this application is not a condition of this agreement. Subject to approval of the Bankruptcy Court, Elkins Kalt shall be entitled to a Chapter 7 administrative claim against the Estate for its allowed fees and costs related to the Objection to Discharge. Trustee has requested and Elkins Kalt has agreed that the Estate's responsibility for its fees will be capped at a reduced blended hourly rate of $350 per hour. Elkins Kalt retains the right to seek compensation from KGP for the difference between its regular hourly rates and this capped blended hourly rate. Trustee shall be the sole plaintiff in such action and shall retain all decision-making authority. If the application to employ Elkins Kalt is denied, Trustee will retain alternate counsel.

5) The Parties acknowledge that KGP's and Trustee's claims may conflict in that they both seek to recover property transferred to or assets held by the Adelanto Entities. Based on these conflicting theories as to ownership or claims to the entities and their assets, Trustee and KGP agree that recovery on claims currently held by either shall constitute property of the Estate. If requested by Trustee, KGP's counsel shall provide assistance to Trustee, including serving as special litigation counsel (on terms mutually acceptable to the Trustee and Elkins Kalt), to prosecute or jointly prosecute all such litigation claims. Subject to bankruptcy court approval, Elkins Kalt shall be entitled to an administrative

7

claim at their regular hourly rates for all such services. Lastly, Trustee contends that some or all of KGP's claims may be subject to subordination under Section 510; KGP disagrees with the Trustee's contention. To resolve such claims and as additional consideration given in support of this Agreement, the Parties agree that distributions by Trustee to allowed claims will be as follows:

   a.  Allowed Chapter 7 Administrative Claims to be paid in full. Notwithstanding ¶ 7 of the Agreement, KGP shall be responsible for and must pay all fees and expenses associated with the 4.7 Acre Parcel including all allowed Chapter 7 administrative claims. Trustee's compensation shall be calculated at 4% of the value of such property on the date of recovery if title is recovered and delivered to KGP.

   b.  Allowed Chapter 11 Administrative Claims, including any capital gains taxes arising from Debtors' sale of their residence, to be paid in full.

   c.  Trustee and KGP shall each retain standing to respond to any applications for allowance of fees and costs including any application by former counsel for the Debtors, Winthrop Golubow Hollander, LLP, or any other Chapter 11 professionals.

   d.  Allowed Priority Claims to be paid in full.

   e.  Allowed Unsecured Claims (other than KGP) – to be paid 75% of their allowed amounts.

   f.  KGP shall have an allowed claim of $6.98 million, which claim will be partially subordinated to the extent necessary for other allowed unsecured claims to be paid as set forth above. After other allowed unsecured claims have received distributions equal to 75% of their allowed amounts, KGP shall be entitled to pro rata distributions along with all other unsecured creditors based on their reduced, unpaid balances.

6)  To the extent recovered as a result of the Fraudulent Transfer Actions or otherwise, title to the 4.7 acres (parcel number 3129-261-27 Cameron Ranch Adelanto Partners "4.7

8

Acre Parcel"), shall be vested in KGP. Nothing in this Agreement shall limit Trustee's ability to settle any claim or dispute regarding the 4.7 Acre Parcel in a manner that does not include a transfer or recovery of real property. To the extent Trustee's settles claims relating to the 4.7 Acre Parcel, all cash or other consideration attributable to the 4.7 Acre Parcel, less allowed Chapter 7 administrative claims relating to such property, shall be paid to KGP. To the extent that KGP does not agree to a cash settlement of claims relating to the 4.7 Acre Parcel, the Trustee shall promptly abandon or assign such claims to KGP. After any abandonment or assignment of claims, KGP's liability to pay allowed Chapter 7 administrative claims including compensation to Trustee (calculated at a reduced 2% of the value of the property to the extent recovered or of the value of any settlement) shall remain payable. KGP's allowed unsecured claim of $6.98 million shall not be offset or diminished by the transfer of the 4.7 Acre Parcel (or the cash or other consideration attributable to the 4.7 Acre Parcel) to KGP and, instead, shall be deemed to be additional consideration to KGP.

7) Trustee and KGP shall each retain standing to object to the allowance of any claim regardless of priority. KGP shall retain standing to object to any compromise proposed by Trustee that results in the allowance of any unsecured claim.

8) Except as set forth in the Settlement Agreement, the Parties shall exchange mutual and general releases including 1542 waivers. Trustee's agreement to exchange such releases is dependent upon KGP's representations that they have not received any transfers of property from Debtors.

9) Trustee's motion for approval of the Settlement Agreement shall seek confirmation by the bankruptcy court that Ross Hollenkamp's services to the Estate terminated upon conversion to Chapter 7. Trustee shall also seek turnover of all client documents in Mr. Hollenkamp's possession including attorney-client communications. Trustee retains the privilege and decision whether to retain or waive such privilege.

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

## 3.    Legal Argument

### A.    The Agreement is in the best interest of creditors and the Estate for purposes of Rule 9019.

Under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the court may approve a compromise or settlement on motion by the trustee. Fed. R. Bankr. P. 9019. A compromise should be approved if it is in the best interest of the estate and is "fair and equitable" for the creditors. *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Guy F. Atkinson Co.)*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate."); *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997). "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

(a)    the probability of success of the litigation;

(b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and]

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (same).

Each factor supports approval of the Agreement.

### i.    Probability of Success in Litigation

The Agreement provides for payment of administrative expenses and a 75% distribution to general unsecured creditors, after which the general unsecured creditors will receive a pro rata distribution on their reduced claims with KGP's reduced $6.98 million claim. KGP will dismiss without prejudice Debtors and the Estate from the SBSC Action and shall seek to stay the SBSC Action against all non-debtor defendants therein. KGP has further agreed to irrevocably assign their litigation claims to Trustee, who will then seek to prosecute the claims, with recoveries to be distributed as set forth in the Agreement.

Achieving the results in the Agreement would require Trustee to object to KGP's claims based on a theory of subordination under 11 U.S.C. § 510, which would likely be contentious. The basis of the subordination claims would be that KGP was investing into Debtors and their entities. As such, under Section 510, their claims should be subordinated to other creditors.

Further, without the Agreement, KGP might oppose Trustee's motion to substantively consolidate the Estate with KDC, and they may compete with Trustee the same assets sought in Trustee's action(s) to avoid and recover any pre-petition transfers of the interests of Debtors and KDC in property.

Lastly, the Agreement provides for a 75% priority distribution to general unsecured claims other than KGP, followed by a pro rata distribution between general unsecured claims and KGP's reduced $6.98 million claim. Although Trustee believes he can subordinate the entire amount of KGP's claims, achieving a 75% priority distribution in favor of all other unsecured creditors without incurring substantial administrative expenses provides a tremendous benefit. This factor supports granting the Motion.

### ii.    Difficulties in Collection

Absent approval of the Agreement, collection will be difficult. Trustee would have to file a substantive consolidation motion, which KGP may oppose, and Trustee's prosecution of the avoidance and recovery actions described in the Agreement would create a race to the courthouse between Trustee and KGP given that some of the same assets may be sought.

The Agreement addresses all of these issues by providing for Trustee's filing of a substantive consolidation motion, Trustee's filing of fraudulent transfer actions, KGP's dismissal of Debtor and the Estate from the SBSC Action and stay of the SBSC Action against all non-debtor defendants, and KGP's assignment to Trustee of its litigation claims for prosecution and recovery by the Estate. The Agreement, in fact, provides that "Trustee and KGP agree that recovery on claims currently held by either shall constitute property of the Estate."

The Agreement resolves difficulties in collection, and this factor weighs in favor of its approval.

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

### iii.    Complexity, Expense, Inconvenience, and Delay of the Litigation

If the Agreement is not approved, Trustee will have to seek substantive consolidation and prosecute fraudulent transfer and § 727 claims without KGP's cooperation. Trustee would further have to object to KGP's $14.6 million claims based on a § 510 subordination theory. This litigation would be costly and time-consuming, especially if KGP opposed any of it, and the claim objections may not even succeed.

The Agreement provides that Trustee shall seek substantive consolidation of Debtors' Estate and KDC, and that Trustee shall investigate and, if appropriate, file avoidance and recovery claims regarding any pre-petition transfers of interests of Debtors and KDC in property. The Agreement further provides for partial subordination and reduction of KGP's claim (from $14.6 million to $6.98 million), without the need for a complex § 510 claim objection.

The Agreement reduces the complexity, expense, inconvenience, and delay of litigation and administration of the Estate, and this factor supports its approval.

### iv.    Paramount Interest of Creditors

Under the Agreement, Trustee will prosecute any avoidance and recovery actions, without competition with KGP for the same assets. Trustee will further be assigned KGP's litigation claims for prosecution and recovery by the Estate. And, Trustee will seek to consolidate Debtors' Estate with KDC, which may result in the addition of further assets to the Estate that can be used to satisfy creditor claims.

The Agreement provides for all allowed Chapter 7 and Chapter 11 administrative claims to be paid in full, and it imposes the expenses regarding the 4.7 Acre Parcel on KGP. The Agreement further provides for payment in full of allowed priority claims, and 75% distribution on allowed unsecured claims. After the 75% distribution, KGP shall be entitled to pro rata distributions on a reduced claim of $6.98 million along with all other unsecured creditors based on their reduced, unpaid balances.

The Agreement has the added benefit to creditors of Trustee's prosecution of a § 727 action against Debtors, where Trustee's proposed special litigation counsel, Elkins Kalt, has agreed to a reduced blended hourly rate of $350/hour. KGP have further agreed to pay amounts in excess of the

$350/hour blended rate being paid by the Estate. If Trustee prevails in the § 727 action, not only will creditors receive the above distribution in the Bankruptcy Case, but they will be able to seek further collection post-bankruptcy with regard to any unpaid balances owed on account of their claims.

The Agreement, which provides for a 75% recovery for allowed general unsecured claims before any distribution to KGP, as well as Trustee's prosecution of a denial-of-discharge action, is in the best interest of creditors. And, because the Agreement is in the best interest of creditors and the Estate, Trustee requests that the Court enter an order approving the Agreement in its entirety.

## B.    Trustee requests an order requiring the Law Office of Ross L. Hollenkamp to Turn Over Debtors' Client Files.

Upon conversion of a bankruptcy case from Chapter 11 to Chapter 7, the employment of professionals on behalf of the bankruptcy estate terminates. *See, e.g.*, *In re McInerney*, 528 B.R. 684, 690 (Bankr. E.D. Mich. 2014) (noting that after conversion from Chapter 11 to Chapter 7, the trustee chose not to employ a Chapter 11 professional to represent him in prosecuting an action, and thus the professional's representation of the bankruptcy estate was terminated).

Upon the filing of a bankruptcy petition, all of a debtor's legal or equitable interests in property became property of the bankruptcy estate, including the debtor's interest in litigation, contracts, work product, client files, *etc. See* 11 U.S.C. § 541. Trustee is the sole and exclusive representative of the Estate, and he is charged with the duty of identifying and collecting property of the Estate. *See* 11 U.S.C. §§ 323, 704.

All client papers and property, including but not limited to correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, retainer agreements, e-mails, texts, any electronically stored information, work product, and other items related to the Debtors constitute property of the Estate. *See* 11 U.S.C. §§ 541-542. Section 542(e) expressly includes client files in the possession of Debtors' former counsel as property that must be turned over, subject to any applicable privilege.

Here, the Chapter 11 Debtors employed the Law Office of Ross L. Hollenkamp ("Hollenkamp Firm") to represent them in the SBSC Action and the KGP 523/727 Action. Docket

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

1  Nos. 217, 242. Now that the Hollenkamp Firm's representation of the Estate has been terminated,

2  Trustee seeks turnover of the Hollenkamp Firm's client files from the representation.

3        Upon Trustee's demand, the Hollenkamp Firm is also required to turn over all work product.

4  "The work product doctrine pertains to materials prepared by an attorney in preparation for litigation

5  when the materials are sought by an adversary of the attorney's client. Fed. R. Civ. P.

6  26(b)(3) speaks of "documents and tangible things . . . . prepared in anticipation of litigation or for

7  trial by or for *another* party or by or for that *other* party's representative . . . ." (emphasis

8  added). Thus, the work product doctrine does not apply to the situation in which a client seeks access

9  to documents or other tangible things created or amassed by his attorney during the course of the

10 representation. *Spivey v. Zant,* 683 F.2d 881, 885 (5th Cir. 1982), *cert. denied, Spivey v.*

11 *Georgia,* 469 U.S. 1132, 83 L. Ed. 2d 809, 105 S. Ct. 816 (1985). The reasoning of the *Spivey* court

12 is apparent and speaks for itself." *Roberts v. Heim*, 123 F.R.D. 614, 631 (N.D. Cal. 1988).

13 **4.    Conclusion**

14       Based on the foregoing, Trustee respectfully requests that the Court enter an order:

15       1.    Granting the Motion;

16       2.    Approving the Agreement attached to the Marshack Declaration as Exhibit 8;

17       3.    Requiring KGP to dismiss without prejudice Debtors and Debtors' Estate from the

18 SBSC Action and to seek to stay the SBSC Action against all non-debtor defendant therein,

19 including KDC;

20       4.    Confirming that any litigation claims by KGP against Debtors or the Estate, including

21 the claims set forth in the SBSC Action, are irrevocably assigned to the Estate, and that Trustee shall

22 have the right to prosecute the claims on behalf of the Estate, with the recoveries to be distributed as

23 set forth in the Agreement;

24       5.    Authorizing the distribution scheme set forth in Paragraph 6 of the Agreement;

25       6.    Allowing title to the 4.7 Acre Parcel to vest in KGP to the extent recovered as a result

26 of the Fraudulent Transfer Actions or otherwise, and requiring KGP to pay all fees and expenses

27 associated with the 4.7 Acre Parcel, including all allowed Chapter 7 administrative claims, and

28 Trustee's compensation calculated at 4% of the value of such property on the date of recovery if title

1  is recovered and delivered to KGP;

2      7.      Confirming that the Hollenkamp Firm's services to the Estate terminated upon

3  conversion to Chapter 7;

4      8.      Ordering the Hollenkamp Firm to turn over to Trustee all client documents of Debtors

5  and the Estate in its possession, including attorney-client communications, within 14 days after entry

6  of the order granting the Motion; and

7      9.      For such other and further relief as the Court deems just and proper under the

8  circumstances of this case.

9

10  Dated: November 29, 2022                    Respectfully submitted,

11                                              MARSHACK HAYS LLP
                                                By: */s/ D. Edward Hays*
12                                                  D. EDWARD HAYS
                                                    LAILA MASUD
13                                                  BRADFORD N. BARNHARDT
                                                    Attorneys for Chapter 7 Trustee,
14                                                  RICHARD A. MARSHACK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.  I am an individual over 18 years of age and competent to make this declaration.

2.  If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3.  I am the duly appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Don Teruo Kojima and Susan Lorraine Kojima ("Debtors").

4.  I make this Declaration in support of the Motion (1) To Approve Settlement Agreement with Chase Miles Kaufman, Michael Garrison, and Zachary Powers, and (2) for Turnover of All Client Documents from Ross Hollenkamp ("Motion").

5.  All terms not otherwise defined herein are used as they are defined in the Motion.

6.  A true and correct copy of the CM/ECF Docket in the Bankruptcy Case is attached as Exhibit 1.

7.  A true and correct copy of Debtors' Schedule A/B is attached as Exhibit 2.

8.  A true and correct copy of the SBSC Stipulation Order is attached as Exhibit 3.

9.  A true and correct copy of the KGP 523/727 Complaint is attached as Exhibit 4.

10.  A true and correct copy of the SBSC FAC is attached as Exhibit 5.

11.  A true and correct copy of the docket in the SBSC Action is attached as Exhibit 6.

12.  A true and correct copy of the claims register in the Bankruptcy Case is attached as Exhibit 7.

13.  I have entered an agreement ("Agreement") with KGP, to resolve: (a) the competing claims of the Estate and those held by KGP against the Debtors and other Defendants as set forth in the SBSC Action, (b) the allowance and partially subordinate priority of claims held by KGP against the Estate, and (c) other issues related to Debtors' Bankruptcy Case. A true and correct copy of the Agreement is attached as Exhibit 8.

14.  Prior to entering the Agreement, my counsel and I thoroughly investigated KGP's claims including their contentions that their claims would take priority over my ability to prosecute avoidance actions for the benefit of the estate. While I do not necessarily agree with their

16

1  contentions, litigation would be time-consuming and expensive. Moreover, if I did not prevail, the

2  Estate would not obtain any additional recoveries. On the other hand, under the Agreement, the

3  Estate's litigation claims take precedence over KGP's claims and KGP is reducing its claims by

4  approximately one-half and subordinating them to permit me to make 75% distributions to all other

5  allowed unsecured claims before they receive any dividends. In exchange for these concessions,

6  KGP will be entitled to a 4.7 acre parcel of real property if recovered or all such settlement proceeds.

7  On the other hand, the Estate obtains full recovery of the other two parcels of property at issue which

8  are an approximate 40 acre and an approximate 2 acre parcel.

9      15.    I believe, in my business judgment, that approval of the Agreement is in the best

10  interest of creditors and the Estate.

11      16.    The Agreement is the result of several months of intensive negotiation between

12  myself and KGP. I believe that the terms of the Agreement are fair and equitable and in the best

13  interests of all creditors of the Estate.

14      17.    I therefore request that the Court enter an order approving the Agreement in its

15  entirety.

16      I declare under penalty of perjury that the foregoing is true and correct. Executed on

17  November 29, 2022.

18                                    RICHARD A. MARSHACK

19

20

21

22

23

24

25

26

27

28

MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR TURNOVER OF CLIENT DOCUMENTS
4862-6464-3630

**EXHIBIT 1**

11/29/22, 5:10 PM                     CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

**Incomplete, 727OBJ, CONVERTED**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:21-bk-11352-TA

|  |  |
|---|---|
| *Date filed:* | 05/26/2021 |
| *Date converted:* | 06/27/2022 |
| *341 meeting:* | 11/29/2022 |
| *Deadline for filing claims:* | 11/14/2022 |
| *Deadline for objecting to discharge:* | 10/03/2022 |
| *Deadline for financial mgmt. course (db):* | 10/03/2022 |
| *Deadline for financial mgmt. course (jdb):* | 10/03/2022 |

*Assigned to:* Theodor Albert
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary
Asset

*Debtor*
**Don Teruo Kojima**
26 Enchanted
Irvine, CA 92620
ORANGE-CA
SSN / ITIN: xxx-xx-0263

represented by **Ryan A Baggs**
Winthrop Golubow Hollander, LLP
1301 Dove St, Ste 500
Newport Beach, CA 92660
949-720-4100
Fax : 949-720-4111
Email: rabaggs@michaelbest.com

**Richard H Golubow**
Winthrop Golubow Hollander, LLP
1301 Dove Street, Suite 500
Newport Beach, CA 92660
949-720-4100
Fax : 949-720-4111
Email: rgolubow@wghlawyers.com

**Ross L Hollenkamp**
Desert Legal Aid, Inc.
423 N. Palm Canyon Dr.
Palm Springs
Palm Springs, CA 92262
760-832-9770
Fax : 760-832-9769
Email: rlh@hollenkamplaw.com

**Peter W Lianides**
Winthrop Golubow Hollander, LLP
1301 Dove Street, Suite 500
Newport Beach, CA 92660
949-720-4100
Fax : 949-720-4111
Email: plianides@wghlawyers.com

*Joint Debtor*
**Susan Lorraine Kojima**
26 Enchanted
Irvine, CA 92620

represented by **Ryan A Baggs**
(See above for address)

**Richard H Golubow**

EXHIBIT 1, PAGE 18

ORANGE-CA
SSN / ITIN: xxx-xx-8758

(See above for address)

**Ross L Hollenkamp**
(See above for address)

**Peter W Lianides**
(See above for address)

*Trustee*
**CASE REOP/CONV/OR CLOSED WITHOUT A
TRUSTEE**
*TERMINATED: 06/28/2022*

*Trustee*
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **D Edward Hays**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: ehays@marshackhays.com

**Laila Masud**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-777
Fax : 949-333-7778
Email: lmasud@marshackhays.com

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Queenie K Ng**
411 West Fourth St.
Suite 7160
Santa Ana, CA 92701
714-338-3403
Fax : 714-338-3421
Email: queenie.k.ng@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 05/26/2021 | <u>1</u><br>(27 pgs; 2 docs) | Chapter 11 Voluntary Petition Individual. Fee Amount $1738 Filed by Don Kojima, Susan Kojima List of Equity Security Holders due 06/9/2021. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 06/9/2021. Schedule A/B: Property (Form 106A/B or 206A/B) due 06/9/2021. Schedule C: The Property You Claim as Exempt (Form 106C) due 06/9/2021. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 06/9/2021. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 06/9/2021. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 06/9/2021. Schedule H: Your Codebtors (Form 106H or 206H) due 06/9/2021. Schedule I: Your Income (Form 106I) due 06/9/2021. Schedule J: Your Expenses (Form 106J) due 06/9/2021. Declaration About an Individual Debtors Schedules (Form 106Dec) due 06/9/2021. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 06/9/2021. Statement of Financial Affairs (Form 107 or 207) due |

| | | |
|---|---|---|
| | | 06/9/2021. Chapter 11 Statement of Your Current Monthly Income (Form 122B) Due: 06/9/2021. Incomplete Filings due by 06/9/2021. (Golubow, Richard)WARNING: See docket entry no 3 for correction. Debtors' middle name updated as reflect the pdf. Case deficient re Declaration Re Schedules due 6/9/2021. Statement of Related Cases (LBR Form F1015-2) due 6/9/2021. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 6/9/2021. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 6/9/2021. TERMINATED DEADLINE OF DOCUMENT NOT REQUIRED Declaration on Non Individual Schedule; Equity Security Holder. Modified on 5/26/2021 (Nguyen, Vi). (Entered: 05/26/2021) |
| 05/26/2021 | | Receipt of Voluntary Petition (Chapter 11)( 8:21-bk-11352) [misc,volp11] (1738.00) Filing Fee. Receipt number A52977802. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 05/26/2021) |
| 05/26/2021 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Don Kojima, Joint Debtor Susan Kojima. (Golubow, Richard) (Entered: 05/26/2021) |
| 05/26/2021 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Statement of Related Cases (LBR Form F1015-2) due 6/9/2021. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 6/9/2021. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due 6/9/2021. Incomplete Filings due by 6/9/2021. (Nguyen, Vi) (Entered: 05/26/2021) |
| 05/26/2021 | 3 | Notice to Filer of Correction Made/No Action Required: Incorrect/incomplete debtor(s)middle names entered. **THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** Incorrect schedules /statements recorded as deficient. **THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (Nguyen, Vi) (Entered: 05/26/2021) |
| 05/26/2021 | 4 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (Nguyen, Vi) (Entered: 05/26/2021) |
| 05/26/2021 | 5 (2 pgs) | Order Setting Scheduling And Case Management Conference (BNC-PDF) (Related Doc # 1 ) Signed on 5/26/2021 (Deramus, Glenda) (Entered: 05/26/2021) |
| 05/26/2021 | 6 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Status hearing to be held on 6/30/2021 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 05/26/2021) |
| 05/27/2021 | | Notice of Debtor's Prior Filings for joint debtors Don Teruo Kojima and Susan Lorraine Kojima Case Number 97-12872, Chapter 11 filed in California Central Bankruptcy on 03/03/1997; Case Number 97-12872, |

| | | |
|---|---|---|
| | | Chapter 11 filed in California Central Bankruptcy on 03/03/1997 , Standard Discharge on 11/03/1998.(Admin) (Entered: 05/27/2021) |
| 05/28/2021 | 7 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 6/30/2021 at 02:00 PM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. Last day to oppose discharge or dischargeability is 8/30/2021. (Le, James) (Entered: 05/28/2021) |
| 05/28/2021 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) No. of Notices: 1. Notice Date 05/28/2021. (Admin.) (Entered: 05/28/2021) |
| 05/28/2021 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)4 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 05/28/2021. (Admin.) (Entered: 05/28/2021) |
| 05/28/2021 | 10 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)5 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/28/2021. (Admin.) (Entered: 05/28/2021) |
| 05/30/2021 | 11 (6 pgs) | BNC Certificate of Notice (RE: related document(s)7 Meeting of Creditors Chapter 11 (Individual or Joint Debtors) (309E1)) No. of Notices: 29. Notice Date 05/30/2021. (Admin.) (Entered: 05/30/2021) |
| 06/02/2021 | 12 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Lee, Nancy. (Lee, Nancy) (Entered: 06/02/2021) |
| 06/02/2021 | 13 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Wong, Jennifer. (Wong, Jennifer) (Entered: 06/02/2021) |
| 06/02/2021 | 14 | Request for a Certified Copy Fee Amount $11. (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (Shimizu, Tina) (Entered: 06/02/2021) |
| 06/02/2021 | | Receipt of Certification Fee - $11.00 by 12. Receipt Number 80075537. (admin) (Entered: 06/02/2021) |
| 06/02/2021 | | Receipt of Photocopies Fee - $13.00 by 12. Receipt Number 80075537. (admin) (Entered: 06/02/2021) |
| 06/08/2021 | 15 (105 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m.*. Fee Amount $188, Filed by Creditor Cory Meredith (St John, Sarah) (Entered: 06/08/2021) |
| 06/08/2021 | | Receipt of Motion for Relief from Stay - Real Property( 8:21-bk-11352-TA) [motion,nmrp] ( 188.00) Filing Fee. Receipt number A53026542. Fee amount 188.00. (re: Doc# 15) (U.S. Treasury) (Entered: 06/08/2021) |
| 06/08/2021 | 16 (3 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video with Proof of Service - Hearing: 6/29/21 at 10:30 a.m.* Filed by Creditor Cory Meredith (RE: related document(s)15 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport |

| | | |
|---|---|---|
| | | Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m..* Fee Amount $188, Filed by Creditor Cory Meredith (St John, Sarah)). (St John, Sarah) (Entered: 06/08/2021) |
| 06/08/2021 | 17 | Hearing Set (RE: related document(s)15 Motion for Relief from Stay - Real Property filed by Creditor Cory Meredith) The Hearing date is set for 6/29/2021 at 10:30 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Daniels, Sally) (Entered: 06/08/2021) |
| 06/09/2021 | 18 (5 pgs) | Notice *of Appearance* Filed by Creditors Zach Powers, Michael Garrison, Chase Kaufman. (Gottfried, Michael) (Entered: 06/09/2021) |
| 06/09/2021 | 19 (7 pgs) | Ex parte application *Debtors Ex Parte Application For Extension Of Time To File Schedules, Statement Of Financial Affairs, And List Of Executory Contracts And Unexpired Leases; Declaration Of Susan Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 06/09/2021) |
| 06/09/2021 | 20 (2 pgs) | ORDER Granting Debtor's Ex Parte Application For Extension Of Time To File Schedules, Statement Of Financial Affairs, And List Of Executory Contracts And Unexpired Leases (BNC-PDF) - ORDERED That: 1. The Application Is Granted; 2. The Time Within Which The Debtors Have To File Their Schedules Is Extended Through And Including June 16, 2021, Without Prejudice To The Debtors' Right To Seek Further Extensions Of Such Time Period, For Cause Shown. Signed on 6/9/2021. (Deramus, Glenda) (Entered: 06/09/2021) |
| 06/11/2021 | 21 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)20 ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 06/11/2021. (Admin.) (Entered: 06/11/2021) |
| 06/15/2021 | 22 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Brown, Ronald. (Brown, Ronald) (Entered: 06/15/2021) |
| 06/15/2021 | 23 (19 pgs) | Opposition to (related document(s): 15 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m..* Fee Amount $188, filed by Creditor Cory Meredith) *Debtors Opposition To Cory Merediths Motion For Relief From The Automatic Stay; Declarations Of John Mcmonigle, Robert J. White, Richard H. Golubow And Don Kojima Filed Separately In Support Hereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 06/15/2021) |
| 06/15/2021 | 24 (12 pgs) | Objection (related document(s): 15 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m..* Fee Amount $188, filed by Creditor Cory Meredith) *Evidentiary Objections And Request To Strike From The Record Declarations Of Ron Householder, Clarence Yoshikane And Cory Meredith In Support Of Cory Merediths Motion For Relief From The Automatic Stay* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 06/15/2021) |
| 06/15/2021 | 25 (7 pgs) | Declaration re: *Declaration Of John McMonigle In Support Of Debtors Opposition To Cory Merediths Motion For Relief From The Automatic* |

EXHIBIT 1, PAGE 22

| | | |
|---|---|---|
| | | *Stay* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)[23](#) Opposition). (Golubow, Richard) (Entered: 06/15/2021) |
| 06/15/2021 | [26](#)<br>(9 pgs) | Declaration re: *Declaration Of Robert J. White In Support Of Debtors Opposition To Cory Merediths Motion For Relief From The Automatic Stay* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)[23](#) Opposition). (Golubow, Richard) (Entered: 06/15/2021) |
| 06/15/2021 | [27](#)<br>(31 pgs) | Declaration re: *Declaration Of Richard H. Golubow In Support Of Debtors Opposition To Cory Merediths Motion For Relief From The Automatic Stay* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)[23](#) Opposition). (Golubow, Richard) (Entered: 06/15/2021) |
| 06/15/2021 | [28](#)<br>(9 pgs) | Declaration re: *Declaration Of Donald Kojima In Support Of Debtors Opposition To Cory Merediths Motion For Relief From The Automatic Stay* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)[23](#) Opposition). (Baggs, Ryan) (Entered: 06/15/2021) |
| 06/16/2021 | [29](#)<br>(8 pgs) | Status report *Case Status Report* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Golubow, Richard) (Entered: 06/16/2021) |
| 06/16/2021 | [30](#)<br>(63 pgs) | List of Creditors (Master Mailing List of Creditors) , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , AMENDED Statement About Your Social Security Number (Official Form 121), Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard)WARNING: See docket entry # 31 for correction. Additional attachment(s) added on 6/16/2021 (Nguyen, Vi). (Entered: 06/16/2021) |
| 06/16/2021 | 31 | Notice to Filer of Correction Made/No Action Required: **The Statement About Your Social Security Numbers (Official Form 121) was included with the petition or PDF document. To adhere to privacy law, you must always file this document separately from the petition with its assigned docket event. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)[30](#) List of Creditors (Master Mailing List of Creditors) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, Statement of Related Cases (LBR Form 1015-2.1), Summary of Assets and Liabilities (Official Form 106Sum or 206Sum), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official |

| | | |
|---|---|---|
| | | Form 106C), Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Schedule J: Your Expenses (Official Form 106J), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207), Statement About Your Social Security Numbers (Official Form 121) (AMENDED STATEMENT), Disclosure of Compensation of Atty for Debtor (Official Form 2030), Verification of Master Mailing List of Creditors (LBR F1007-1)) (Nguyen, Vi) (Entered: 06/16/2021) |
| 06/22/2021 | 32 (10 pgs) | Reply to (related document(s): 23 Opposition filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *in Support of Secured Creditor Cory Meredith's Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Cory Meredith (St John, Sarah) (Entered: 06/22/2021) |
| 06/22/2021 | 33 (9 pgs) | Opposition to (related document(s): 24 Objection filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Debtors' Evidentiary Objections to Declarations in Support of Secured Creditor Cory Meredith's Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Cory Meredith (St John, Sarah) - Warning: See docket entry no.: 34 for corrections Modified on 6/22/2021 (Deramus, Glenda). (Entered: 06/22/2021) |
| 06/22/2021 | 34 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF OPPOSITION/HEARING WITH THE CORRECT HEARING INFORMATION. THE HEARING DATE IS CORRECT BUT THE HEARING TIME NEEDS TO BE CHANGED TO 10:30 A.M. - NOT 11:00 A.M.; CORRECT HEARING DATE & TIME JUNE 29, 2021 AT 10:30 A.M., RM 5B** (RE: related document(s)33 Opposition filed by Creditor Cory Meredith) (Deramus, Glenda) (Entered: 06/22/2021) |
| 06/22/2021 | 35 (3 pgs) | Errata *Notice as to Hearing Time on Opposition to Debtors' Evidentiary Objections to Declarations in Support of Secured Creditor Cory Meredith's Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Cory Meredith (RE: related document(s)33 Opposition). (St John, Sarah) (Entered: 06/22/2021) |
| 06/25/2021 | 36 (11 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Attachment - Explanation Page / Bank Statements) (Golubow, Richard) (Entered: 06/25/2021) |
| 06/25/2021 | 37 (32 pgs) | Application to Employ Winthrop Golubow Hollander, LLP as General Insolvency Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ Winthrop Golubow Hollander, LLP As Their General Insolvency Counsel; Memorandum Of Points And Authorities; And Declarations Of Don Kojima And Richard H. Golubow In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 06/25/2021) |
| 06/29/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 15 MOTION |

EXHIBIT 1, PAGE 24

|  |  |  |
|---|---|---|
|  |  | FOR RELIEF FROM STAY - REAL PROPERTY filed by Cory Meredith) Hearing to be held on 07/27/2021 at 10:30 AM Ronald Reagan Federal Bldg 411 W Fourth St Crtrm 5B Santa Ana, CA 92701 for 15 , (Deramus, Glenda) (Entered: 06/29/2021) |
| 06/29/2021 | 38 (25 pgs) | Periodic Report on Related Entities Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest. Report as of: 5/26/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 06/29/2021) |
| 06/30/2021 | 39 | Hearing Continued Status Conference (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Status hearing to be held on 10/27/2021 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert - Deadline For Filing Plan And Disclosure Statement: September 30, 2021; Claims Bar: 60 Days After Dispatch Of Notice To Creditors Advising Of Bar Date; Debtor To Give Notice Of The Deadline By: July 15, 2021; Debtor's Counsel To Submit Scheduling Order. (Deramus, Glenda) (Entered: 06/30/2021) |
| 06/30/2021 | 40 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (SA). 341(a) Meeting Continued to 7/27/2021 at 01:00 PM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. (Ng, Queenie) (Entered: 06/30/2021) |
| 07/02/2021 | 41 (4 pgs) | Supplemental *Proof of Service of Secured Creditor Cory Meredith's Motion for Relief from the Automatic Stay, Docket No. 15 with Proof of Service* Filed by Creditor Cory Meredith. (O'Dea, Ryan) (Entered: 07/02/2021) |
| 07/02/2021 | 42 (5 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video with Proof of Service - Hearing: 7/27/21 at 10:30 a.m.* Filed by Creditor Cory Meredith (RE: related document(s)15 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m.*. Fee Amount $188, Filed by Creditor Cory Meredith (St John, Sarah)). (O'Dea, Ryan) (Entered: 07/02/2021) |
| 07/02/2021 | 43 (5 pgs) | Notice *of Continued Hearing on Secured Creditor Cory Meredith's Motion for Relief from the Automatic Stay with Proof of Service - Continued Hearing: 7/27/21 at 10:30 a.m.* Filed by Creditor Cory Meredith (RE: related document(s)15 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 7 Shore Ridge, Newport Beach, CA 92657-1812 *with Proof of Service - Hearing: 6/29/21 at 10:30 a.m.*. Fee Amount $188, Filed by Creditor Cory Meredith (St John, Sarah)). (O'Dea, Ryan) (Entered: 07/02/2021) |
| 07/06/2021 | 44 (7 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 *September 7, 2021* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 07/06/2021) |
| 07/17/2021 | 45 (4 pgs) | Declaration re: *Supplemental Declaration Of Richard H. Golubow In Support Of Application Of Debtors And Debtors-In-Possession For Authority To Employ Winthrop Golubow Hollander, LLP As Their General Insolvency Counsel* Filed by Debtor Don Teruo Kojima, Joint Debtor |

| | | |
|---|---|---|
| | | Susan Lorraine Kojima (RE: related document(s)37 Application to Employ Winthrop Golubow Hollander, LLP as General Insolvency Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ Winthrop Golubow Hollander, LLP As Their General Insolvency Counsel). (Golubow, Richard) (Entered: 07/17/2021)* |
| 07/17/2021 | 46<br>(36 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration That No Party Requested A Hearing On Motion* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)37 Application to Employ Winthrop Golubow Hollander, LLP as General Insolvency Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ Winthrop Golubow Hollander, LLP As Their General Insolvency Counsel). (Golubow, Richard) (Entered: 07/17/2021)* |
| 07/20/2021 | 47<br>(2 pgs) | Order Granting Application of Debtors and Debtors-In-Possession for authority to Employ Winthrop Golubow Hollander, LLP as their General Insolvency Counsel (BNC-PDF) (Related Doc # 37) Signed on 7/20/2021. (Mccall, Audrey) (Entered: 07/20/2021) |
| 07/22/2021 | 48<br>(8 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 07/22/2021) |
| 07/22/2021 | 49<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)47 Order on Application to Employ (BNC-PDF)) No. of Notices: 3. Notice Date 07/22/2021. (Admin.) (Entered: 07/22/2021) |
| 07/23/2021 | 50<br>(6 pgs; 2 docs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 90 days. Certificate of Service Filed. Filed by Creditor BANK OF AMERICA, N.A.. (Attachments: # 1 Certificate of Service) (Wysinger, Reiko) (Entered: 07/23/2021) |
| 07/23/2021 | 51<br>(7 pgs) | Motion to Appear pro hac vice *Application of Non-Resident Attorney to Appear in a Specific Case - Elizabeth Fiechter* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 07/23/2021) |
| 07/26/2021 | 52<br>(2 pgs) | Order Granting Motion To Appear pro hac vice - Elizabeth Fiechter (BNC-PDF) (Related Doc # 51 ) Signed on 7/26/2021 (Deramus, Glenda) (Entered: 07/26/2021) |
| 07/26/2021 | 53 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (SA). 341(a) Meeting Continued to 8/25/2021 at 12:30 PM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. (Ng, Queenie) (Entered: 07/26/2021) |
| 07/26/2021 | 54<br>(9 pgs) | Stipulation By Don Teruo Kojima, Susan Lorraine Kojima and *Stipulation for Adequate Protection Payments* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 07/26/2021) |
| 07/27/2021 | 55<br>(2 pgs) | Order Approving Stipulation For Adequate Protection Payments - Hearing On Relief Of Stay Is Continued To August 31, 2021 at 10:30 a.m., Merely |

EXHIBIT 1, PAGE 26

| | | |
|---|---|---|
| | | As A Holding Date. (BNC-PDF) - Please See Order For Further Ruling Signed on 7/27/2021. (Deramus, Glenda) (Entered: 07/27/2021) |
| 07/27/2021 | 56 | Hearing Continued (RE: related document(s)15 Motion for Relief from Stay - Real Property filed by Creditor Cory Meredith) The Hearing date is set for 8/31/2021 at 10:30 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert - Per Order Approving Stipulation For Adequate Protection Payments Entered 7-27-21 (Deramus, Glenda) (Entered: 07/27/2021) |
| 07/28/2021 | 57 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 Order on Motion to Appear pro hac vice (BNC-PDF)) No. of Notices: 1. Notice Date 07/28/2021. (Admin.) (Entered: 07/28/2021) |
| 07/29/2021 | 58 (6 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 92 days. Certificate of Service Filed. Filed by Creditor BANK OF AMERICA, N.A.. (Wolff, Katie) (Entered: 07/29/2021) |
| 07/29/2021 | 59 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)55 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 07/29/2021. (Admin.) (Entered: 07/29/2021) |
| 08/02/2021 | 60 (6 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 61 days. Certificate of Service Filed. Filed by Creditor BANK OF AMERICA, N.A.. (Wolff, Katie) (Entered: 08/02/2021) |
| 08/02/2021 | 61 (1 pg) | Notice of Change of Address Filed by Creditor Cory Meredith. (O'Dea, Ryan) (Entered: 08/02/2021) |
| 08/03/2021 | 62 (18 pgs) | Notice *of Order Approving Stipulation for Adequate Protection Payments and Opportunity to Request a Hearing on Stipulation* Filed by Creditor Cory Meredith (RE: related document(s)54 Stipulation By Don Teruo Kojima, Susan Lorraine Kojima and *Stipulation for Adequate Protection Payments* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 55 Order Approving Stipulation For Adequate Protection Payments - Hearing On Relief Of Stay Is Continued To August 31, 2021 at 10:30 a.m., Merely As A Holding Date. (BNC-PDF) - Please See Order For Further Ruling Signed on 7/27/2021.). (O'Dea, Ryan) (Entered: 08/03/2021) |
| 08/04/2021 | 63 (4 pgs) | Stipulation By Don Teruo Kojima, Susan Lorraine Kojima and *Stipulation Re: Document Production by the Debtors* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 08/04/2021) |
| 08/05/2021 | 64 (2 pgs) | Order Approving Stipulation Re: Document Production By The Debtors (BNC-PDF) (Related Doc # 63 ) - ORDERED That: 1. The Stipulation Is Approved In Its Entirety; 2. No Further Notice or Hearing Shall Be Necessary To Effectuate The Foregoing. Signed on 8/5/2021 (Deramus, Glenda) (Entered: 08/05/2021) |
| 08/06/2021 | 65 (5 pgs) | Stipulation By Don Teruo Kojima, Susan Lorraine Kojima and *Stipulation Between Debtors and Cory Meredith Re: Document Production by the Debtors* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 08/06/2021) |
| 08/07/2021 | 66 | BNC Certificate of Notice - PDF Document. (RE: related document(s)64 |

| | | |
|---|---|---|
| | (4 pgs) | Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/07/2021. (Admin.) (Entered: 08/07/2021) |
| 08/11/2021 | **67**<br>(2 pgs) | Order Approving Stipulation Between Debtors And Cory Meredith Re: Document Production By The Debtors (BNC-PDF) (Related Doc # 65 ) - ORDERED That: 1. The Stipulation Is Approved In Its Entirety; 2. No Further Notice Or Hearing Shall Be Necessary To Effectuate The Foregoing. Signed on 8/11/2021 (Deramus, Glenda) (Entered: 08/11/2021) |
| 08/13/2021 | **68**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)67 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/13/2021. (Admin.) (Entered: 08/13/2021) |
| 08/19/2021 | **69**<br>(6 pgs) | Stipulation By Chase Kaufman and *STIPULATION RE: EXTENSION OF DEADLINES FOR CREDITORS CHASE KAUFMAN, MICHAEL GARRISON, AND ZACH POWERS TO (1) OBJECT TO DISCHARGE OR DISCHARGEABILITY OF DEBTS, AND (2) FILE PROOF OF CLAIMS* Filed by Creditor Chase Kaufman (Gottfried, Michael) (Entered: 08/19/2021) |
| 08/20/2021 | **70**<br>(54 pgs) | Opposition to (related document(s): 54 Stipulation By Don Teruo Kojima, Susan Lorraine Kojima and *Stipulation for Adequate Protection Payments* filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima *CREDITORS LIMITED OBJECTION TO STIPULATION FOR ADEQUATE PROTECTION PAYMENTS, AND REQUEST FOR HEARING; DECLARATION OF MICHAEL I. GOTTFRIED* Filed by Creditor Chase Kaufman (Gottfried, Michael) (Entered: 08/20/2021) |
| 08/20/2021 | **71**<br>(2 pgs) | Order Approving Stipulation Re: Extension Of Deadlines For Creditors Chase Kaufman, Michael Garrison, And Zach Powers To (1) Object To Discharge Or Dischargeability Of Debts And (2) File Proof Of Claims (BNC-PDF) (Related Doc # 69 ) - Please See Order For Further Ruling. Signed on 8/20/2021 (Deramus, Glenda) (Entered: 08/20/2021) |
| 08/22/2021 | **72**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)71 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/22/2021. (Admin.) (Entered: 08/22/2021) |
| 08/23/2021 | **73**<br>(9 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 08/23/2021) |
| 08/27/2021 | **74**<br>(7 pgs) | Reply to (related document(s): 70 Opposition filed by Creditor Chase Kaufman) *Debtor's Reply to Creditors' Limited Objection to Stipulation for Adequate Protection Payments* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 08/27/2021) |
| 08/27/2021 | **75**<br>(44 pgs) | Declaration re: *Declaration of Richard H. Golubow in Support of Debtors' Reply to Creditors' Limited Objection to Stipulation for Adequate Protection Payments* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)74 Reply). (Golubow, Richard) (Entered: 08/27/2021) |
| 08/31/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 15 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by Cory Meredith) to be held on 11/30/2021 at 10:30 AM Ronald Reagan Federal |

EXHIBIT 1, PAGE 28

| | | |
|---|---|---|
| | | Bldg 411 W Fourth St Crtrm 5B Santa Ana, CA 92701 for 15, - Stipulation Is Approved As Written On An Interim Basis. Debtor's Counsel To Submit Order. Continuing Hearing On November 30, 2021 at 10:30 A.M. (Deramus, Glenda). (Entered: 08/31/2021) |
| 09/03/2021 | 76 (22 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtors Notice Of Motion And Motion For Extension Of The Exclusive Periods To File A Plan And To Solicit Acceptances Thereto, And For Extension Of The Deadline For The Debtors To File A Plan; Memorandum Of Points And Authorities; Declarations Of Don Kojima And Richard H. Golubow In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 09/03/2021) |
| 09/08/2021 | 77 (2 pgs) | Order Approving Stipulation Re : Adequate Protection Payments (BNC-PDF) (Related Doc # 54 ) - ORDERS That: 1. The Stipulation Is Approved As Written On An Interim Basis; 2. The Hearing To Further Consider The Terms Of The Stipulation Is Continued To November 30, 2021 at 10:30 A.M.; 3. No Further Notice Or Hearing Shall Be Necessary To Effectuate The Foregoing. Signed on 9/8/2021 (Deramus, Glenda) (Entered: 09/08/2021) |
| 09/10/2021 | 78 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)77 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2021. (Admin.) (Entered: 09/10/2021) |
| 09/21/2021 | 79 (26 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)76 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtors Notice Of Motion And Motion For Extension Of The Exclusive Periods To File A Plan And To Solicit Acceptances Thereto, And For Extension Of The Deadline).* (Golubow, Richard) (Entered: 09/21/2021) |
| 09/21/2021 | 80 (10 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 09/21/2021) |
| 09/23/2021 | 81 (2 pgs) | Order Granting Motion For Extension Of The Exclusive Periods To File A Chapter 11 Plan And To Solicit Acceptances Thereto, And For Extension Of The Deadline For The Debtors To File A Plan (BNC-PDF) (Related Doc # 76 ) - IT IS HEREBY ORDERED That: 1. The Motion Is Granted; 2. The Debtors' Exclusive Period To File A Plan Is Extended From September 23, 2021 To November 22, 2021; 3. The Debtors' Exclusive Period To Solicit Acceptances To A Plan Is Extended From November 22, 2021 To January 24, 2022; 4. The Plan Deadline Is Extended To November 30, 2021 - Please See Order Further Ruling - Signed on 9/23/2021 (Deramus, Glenda) (Entered: 09/23/2021) |
| 09/25/2021 | 82 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)81 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 09/25/2021. (Admin.) (Entered: 09/25/2021) |
| 10/04/2021 | 83 (18 pgs) | Statement *Professional Fee Statement No. 1 - May/June 2021 - Winthrop Golubow Hollander, LLP* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 10/04/2021) |
| | | |

EXHIBIT 1, PAGE 29

| | | |
|---|---|---|
| 10/08/2021 | 84 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (SA). 341(a) Meeting Continued to 10/14/2021 at 12:30 PM at UST-SA1, TELEPHONIC MEETING. CONFERENCE LINE:1-866-919-0527, PARTICIPANT CODE:2240227. (Ng, Queenie) (Entered: 10/08/2021) |
| 10/13/2021 | 85 (5 pgs) | Stipulation By Michael Garrison, Chase Kaufman, Zach Powers and *SECOND STIPULATION RE: EXTENSION OF DEADLINES FOR CREDITORS TO (1) OBJECT TO DISCHARGE OR DISCHARGEABILITY OF DEBTS, AND (2) FILE PROOF OF CLAIMS* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 10/13/2021) |
| 10/13/2021 | 86 (2 pgs) | Order Approving Second Stipulation Re: Extension Of Deadlines For Creditors Chase Kaufman, Michael Garrison, And Zach Powers To (1) Object To Discharge or Dischargeability Of Debts, And (2) File Proof Of Claims (BNC-PDF) (Related Doc # 85 ) - IT IS HEREBY ORDERED THAT: 1. The Stipulation shall be and hereby is APPROVED; 2. The last day for Creditors to object to the Debtor's discharge or to the dischargeability of any debts shall be and hereby is extended to and including November 19, 2021; 3. The last day for Creditors to file Proofs of Claims Shall be and hereby is extended to and including November 19, 2021; 4. This Order is without prejudice to the Parties' agreement to additional extensions of the deadlines as provided herein, or further order of the Court extending such deadlines. Signed on 10/13/2021 (Deramus, Glenda) (Entered: 10/13/2021) |
| 10/15/2021 | 87 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)86 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/15/2021. (Admin.) (Entered: 10/15/2021) |
| 10/20/2021 | 88 (4 pgs) | Status report *Case Status Report* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Golubow, Richard) (Entered: 10/20/2021) |
| 10/20/2021 | 89 (6 pgs) | Notice of Hearing *Notice of Case Status Conference* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 10/20/2021) |
| 10/22/2021 | 90 (10 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 10/22/2021) |
| 10/27/2021 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Don Teruo Kojima) Status Hearing to be held on 01/05/2022 at 10:00 AM Ronald Reagan Federal Bldg 411 W Fourth St Crtrm 5B Santa Ana, CA 92701 for 1 , (Deramus, Glenda) (Entered: 10/27/2021) |
| 11/03/2021 | 91 (21 pgs) | Motion *for Order Requiring Production of Documents from Apollo Cultivation Management LLC, Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of Michael I Gottfried in Support* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 11/03/2021) |
| 11/03/2021 | 92 (20 pgs) | Motion for 2004 Examination *for Order Requiring Production of Documents from CK Development Associates LLC* Filed by Creditors |

EXHIBIT 1, PAGE 30

| | | |
|---|---|---|
| | | Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 11/03/2021) |
| 11/03/2021 | [93](#) (20 pgs) | Motion for 2004 Examination *for Order Requiring Production of Documents from Apollo Management LLC* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 11/03/2021) |
| 11/03/2021 | [94](#) (20 pgs) | Motion for 2004 Examination *for Order Requiring Production of Documents from Cameron Ranch Adelanto Partners LLC* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 11/03/2021) |
| 11/03/2021 | [95](#) (21 pgs) | Motion for 2004 Examination *for Order Requiring Production of Documents from Janet Luyet and Janet Luyet Accounting Services* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Zur, Roye) (Entered: 11/03/2021) |
| 11/05/2021 | [96](#) (2 pgs) | Order Granting Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Order Requiring Production of Documents From Apollo Cultivation Management LLC, Pursuant To Federal Rule Of Bankruptcy Procedure 2004 (BNC-PDF) (Related Doc # [91](#) ) - Please See Order For Further Ruling Signed on 11/5/2021 (Deramus, Glenda) (Entered: 11/05/2021) |
| 11/05/2021 | [97](#) (2 pgs) | Order Granting Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Order Requiring Production Of Documents From CK Development Associates LLC, Pursuant To Federal Rule Of Bankruptcy Procedure 2004 Examination (PDF-BNC) (Related Doc # [92](#) ) - Please See Order For Further Ruling Signed on 11/5/2021 (Deramus, Glenda) (Entered: 11/05/2021) |
| 11/05/2021 | [98](#) (2 pgs) | Order Granting Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Order Requiring Production Of Documents From Apollo Management LLC, Pursuant To Federal Rule Of Bankruptcy Procedure 2004 Examination (PDF-BNC) (Related Doc # [93](#) ) - Please See Order For Further Ruling Signed on 11/5/2021 (Deramus, Glenda) (Entered: 11/05/2021) |
| 11/05/2021 | [99](#) (2 pgs) | Order Granting Motion Of Creditor Chase Kaufman, Michael Garrison, And Zach Powers For Order Requiring Production Of Documents From Cameron Ranch Adelanto Partners LLC, Pursuant To Federal Rule Of Bankruptcy Procedure 2004 Examination (PDF-BNC) (Related Doc # [94](#) ) - Please See Order For Further Ruling Signed on 11/5/2021 (Deramus, Glenda) (Entered: 11/05/2021) |
| 11/05/2021 | [100](#) (2 pgs) | Order Granting Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Order Requiring Production Of Documents From Janet Luyet And Janet Luyet Accounting Services Pursuant To Federal Rule Of Bankruptcy Procedure 2004 Examination (PDF-BNC) (Related Doc # [95](#) ) - Please See Order For Further Ruling Signed on 11/5/2021 (Deramus, Glenda) (Entered: 11/05/2021) |
| 11/07/2021 | [101](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[96](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |

EXHIBIT 1, PAGE 31

| 11/07/2021 | [102](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)97 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/07/2021 | [103](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)98 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/07/2021 | [104](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)99 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/07/2021 | [105](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)100 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2021. (Admin.) (Entered: 11/07/2021) |
| 11/11/2021 | [106](#)<br>(5 pgs) | Stipulation By Michael Garrison, Chase Kaufman, Zach Powers and *STIPULATION RE: RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT LITIGATION* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 11/11/2021) |
| 11/15/2021 | [107](#)<br>(5 pgs) | Proof of service Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (RE: related document(s)106 Stipulation By Michael Garrison, Chase Kaufman, Zach Powers and *STIPULATION RE: RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH STATE COURT LITIGATION*). (Zur, Roye) (Entered: 11/15/2021) |
| 11/16/2021 | [108](#)<br>(2 pgs) | Order Approving Stipulation Re: Relief From The Automatic Stay To Proceed With State Court Litigation (BNC-PDF) (Related Doc # 106 ) - Please See Order For Further Ruling Signed on 11/16/2021 (Deramus, Glenda) (Entered: 11/16/2021) |
| 11/17/2021 | [109](#)<br>(5 pgs) | Stipulation By Michael Garrison, Chase Kaufman, Zach Powers and *Third Stipulation Re: Extension of Deadlines for Creditors Chase Kaufman, Michael Garrison, and Zach Powers to (1) Oppose Discharge or Dischargeability and (2) File Proof of Claims* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 11/17/2021) |
| 11/17/2021 | [110](#)<br>(2 pgs) | Order Approving Third Stipulation Re: Extension Of Deadlines For Creditors Chase Kaufman, Michael Garrison, And Zach Powers To (1) Oppose DIscharge or Dischargeability And (2) File Proof Of Claims (BNC-PDF) (Related Doc # 109 ) - IT IS HEREBY ORDERED THAT: 1. The Stipulation shall be and hereby is APPROVED; 2. The last day for Creditors to oppose discharge or dischargeability shall be further extended to and including January 5, 2022; 3. The last day for Creditors to file Proofs of Claims shall be further extended to and including January 5, 2022; and 4. This Stipulation is without prejudice to the Parties' agreement to additional extensions of the deadlines as provided herein, or further order of the Court extending such deadlines. Signed on 11/17/2021 (Deramus, Glenda) (Entered: 11/17/2021) |
| 11/18/2021 | [111](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 11/18/2021. (Admin.) (Entered: 11/18/2021) |

EXHIBIT 1, PAGE 32

| | | |
|---|---|---|
| 11/19/2021 | 112<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)110 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 11/19/2021. (Admin). (Entered: 11/19/2021) |
| 11/22/2021 | 113<br>(52 pgs) | Chapter 11 Plan of Reorganization *Debtor's Chapter 11 Plan of Reorganization* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 11/22/2021) |
| 11/22/2021 | 114<br>(136 pgs; 2 docs) | Disclosure Statement *Debtor's Disclosure Statement In Support of Debtors' Chapter 11 Plan of Reorganization* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Exhibit Exhibits 1-5)(Golubow, Richard) (Entered: 11/22/2021) |
| 11/22/2021 | 115<br>(6 pgs) | Notice of Hearing *Notice of Hearing on Approval of Debtors' Disclosure Statement in Support of Debtors' Chapter 11 Plan of Reorganization* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 11/22/2021) |
| 11/22/2021 | 116 | Hearing Set (RE: related document 114 Debtors' Disclosure Statement In Support Of Debtors' Chapter 11 Plan Of Reorganization) The Hearing date is set for 1/5/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Bolte, Nickie) (Entered: 11/23/2021) |
| 11/24/2021 | 117<br>(39 pgs) | Application to Employ Residential Agent Inc. as Real Estate Broker *Notice of Application and Application of Debtors and Debtors-in-Possession for Authority to Employ Residential Agent Inc. as Real Estate Broker; Memorandum of Points and Authorities; and Declarations of Don Kojima and John McMonigle in Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 11/24/2021) |
| 11/30/2021 | 118 | Hearing Held Re:15 Motion For Relief From The Automatic Stay - REAL PROPERTY - Grant On Continuing Terms Per Stipulation. Debtor's Counsel To Submit Order. (Deramus, Glenda) (Entered: 11/30/2021) |
| 12/01/2021 | 119<br>(10 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 12/01/2021) |
| 12/03/2021 | 120<br>(2 pgs) | Order Aprroving Stipulation RE Adequate Protection Payments on a Final Basis (BNC-PDF) (Related Doc # 15 ) Signed on 12/3/2021 (Mccall, Audrey) (Entered: 12/03/2021) |
| 12/05/2021 | 121<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)120 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) No. of Notices: 1. Notice Date 12/05/2021. (Admin.) (Entered: 12/05/2021) |
| 12/10/2021 | 122<br>(5 pgs) | Objection (related document(s): 114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *to Approval of Disclosure Statement in Support of Chapter 11 Plan* Filed by Creditor Wells Fargo Bank, N.A. (Wong, Jennifer) (Entered: 12/10/2021) |
| 12/15/2021 | doc<br>(4 pgs) | Supplemental Proof of Claim for CARES Forbearance Claim, Director's Form 4100S. (Claim # 1) . Filed by Creditor Wells Fargo Bank, N.A.. |

|  |  | (Wong, Jennifer) (Entered: 12/15/2021) |
|---|---|---|
| 12/16/2021 | [123](#)<br>(3 pgs) | Notice of Change of Address Filed by Creditor Wells Fargo Bank, N.A.. (Tamburo, John) (Entered: 12/16/2021) |
| 12/16/2021 | [124](#)<br>(43 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)117 Application to Employ Residential Agent Inc. as Real Estate Broker *Notice of Application and Application of Debtors and Debtors-in-Possession for Authority to Employ Residential Agent Inc. as Real Estate Broker; Memorandum of Points and Authorities;). (Golubow, Richard) (Entered: 12/16/2021)* |
| 12/17/2021 | [125](#)<br>(2 pgs) | Order Granting Application Of Debtors And Debtors-In-Possession For Authority To Employ Residential Agent Inc. As Real Estate Broker (BNC-PDF) (Related Doc # 117) Signed on 12/17/2021. (Deramus, Glenda) (Entered: 12/17/2021) |
| 12/19/2021 | [126](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)125 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 12/21/2021 | [127](#)<br>(8 pgs) | Objection (related document(s): 114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *to Debtors' Disclosure Statement in Support of Debtors' Chapter 11 Plan of Reorganization* Filed by Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM (Lee, Nancy) (Entered: 12/21/2021) |
| 12/22/2021 | [128](#)<br>(6 pgs) | Objection (related document(s): 114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *with proof of service* Filed by Creditor Katherine Meredith (Brown, Ronald) (Entered: 12/22/2021) |
| 12/22/2021 | [129](#)<br>(4 pgs) | Status report *Case Status Report* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Golubow, Richard) (Entered: 12/22/2021) |
| 12/27/2021 | [130](#)<br>(5 pgs) | Stipulation By Michael Garrison, Chase Kaufman, Zach Powers and *Don Teruo Kojima and Susan Lorraine Kojima re Extension of Deadlines for Creditors to (1) Oppose Discharge or Dischargeability and (2) File Proof of Claims* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 12/27/2021) |
| 12/27/2021 | [131](#)<br>(2 pgs) | Order Approving Fourth Stipulation Re: Extension Of Deadlines For Creditors Chase Kaufman, Michael Garrison, And Zach Powers To (1) Oppose Discharge Or Dischargeablity And (2) File Proofs Of Claims (BNC-PDF) (Related Doc # 130 ) - IT IS HEREBY ORDERED THAT: 1. The Stipulation shall be and hereby is APPROVED. 2. The last day for Creditors to oppose discharge or dischargeability shall be further extended to and including February 28, 2022; 3. The last day for Creditors to file Proofs of Claims shall be further extended to and including February 28, 2022; and 4. This Stipulation is without prejudice |

| | | |
|---|---|---|
| | | to the Parties' agreement to additional extensions of the deadline as provided herein, or further order of the Court extending such deadlines. Signed on 12/27/2021 (Deramus, Glenda) (Entered: 12/27/2021) |
| 12/29/2021 | [132](#) (9 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 11/30/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # [1](#) Exhibit Statements) (Golubow, Richard) (Entered: 12/29/2021) |
| 12/29/2021 | [133](#) (7 pgs) | Reply to (related document(s): [122](#) Objection filed by Creditor Wells Fargo Bank, N.A., [127](#) Objection filed by Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM, [128](#) Objection filed by Creditor Katherine Meredith *Debtor's Omnibus Reply to Objections Filed by (1) Wells Fargo Bank, (2) Bank of New York, and (3) Katherine Meredith to the Debtors' Disclosure Statement* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 12/29/2021) |
| 12/29/2021 | [134](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[131](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 12/29/2021. (Admin.) (Entered: 12/29/2021) |
| 01/03/2022 | [135](#) (9 pgs; 2 docs) | Objection to Confirmation of Plan Filed by Creditor Nissan Motor Acceptance Corporation (RE: related document(s)[113](#) Chapter 11 Plan of Reorganization *Debtor's Chapter 11 Plan of Reorganization* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima.). (Attachments: # [1](#) Exhibit)(Nagel, Austin) (Entered: 01/03/2022) |
| 01/03/2022 | [136](#) (4 pgs) | Motion *to Restrict Access to Previously Filed Document Under Bankruptcy Rule 9037* Filed by Creditor Nissan Motor Acceptance Corporation (Martinez, Kirsten). **WARNING**: See docket entry no: 139 for corrective action. **NO Action taken at this time**. Modified on 1/3/2022 (Daniels, Sally). Modified on 1/24/2022 (Corona, Heidi). (Entered: 01/03/2022) |
| 01/03/2022 | [137](#) (4 pgs; 2 docs) | Notice of lodgment Filed by Creditor Nissan Motor Acceptance Corporation (RE: related document(s)[136](#) Motion *to Restrict Access to Previously Filed Document Under Bankruptcy Rule 9037* Filed by Creditor Nissan Motor Acceptance Corporation). (Attachments: # [1](#) Proposed Order) (Martinez, Kirsten) (Entered: 01/03/2022) |
| 01/03/2022 | [138](#) (1 pg) | Order Granting Motion to Restrict Access to Previously Filed Document Under Bankruptcy Rule 9037 (BNC-PDF) (Related Doc # [136](#) ) Signed on 1/3/2022 (Mccall, Audrey) (Entered: 01/03/2022) |
| 01/03/2022 | 139 | Notice to Filer of Error and/or Deficient Document **Docket event was incorrectly selected for filings requiring no filing fee, however, the document filed indicates that a filing fee is due. The correct event code is "Redact (for Protective Order to Restrict Access Pers. ID (LBR Form F9037-1.1)" which is located under Bankruptcy Events > BK - Motions/Applications. THIS IS PROVIDED FOR FUTURE REFERENCE. THE FILER NEEDS TO PAY THE FILING FEE OF $26.00 DIRECTLY TO THE COURT BEFORE THE COURT CAN RESTRICT THE DOCUMENT.** (RE: related document(s)[136](#) Generic |

| | | |
|---|---|---|
| | | Motion filed by Creditor Nissan Motor Acceptance Corporation) (Daniels, Sally) (Entered: 01/03/2022) |
| 01/05/2022 | 140 (6 pgs) | Notice of Hearing *Notice of Continued Disclosure Statement Hearing and Case Status Conference* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) Warning: See docket entry no: 141 for corrective action. Modified on 1/5/2022 (Daniels, Sally). (Entered: 01/05/2022) |
| 01/05/2022 | 141 | Notice to Filer of Error and/or Deficient Document **Other - THE FILER IS INSTRUCTED TO FILE THE SUPPLEMENTAL NOTICE OF HEARING WITH THE PROPER ZOOM INFORMATION WHICH CAN BE LOCATED ON THE COURT'S WEBSITE AT WWW.CACB.USCOURTS.GOV UNDER SELF-CALENDARING FOR JUDGE ALBERT** (RE: related document(s)140 Notice of Hearing filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (Daniels, Sally) (Entered: 01/05/2022) |
| 01/05/2022 | 142 | Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Status hearing to be held on 1/26/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Mccall, Audrey) (Entered: 01/05/2022) |
| 01/05/2022 | 143 | Hearing Continued (RE: related document(s)114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Hearing to be held on 1/26/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. Debtor's counsel to give notice. The case judge is Theodor Albert (Mccall, Audrey) (Entered: 01/05/2022) |
| 01/05/2022 | 144 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)138 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 01/05/2022. (Admin.) (Entered: 01/05/2022) |
| 01/06/2022 | 145 (6 pgs) | Notice of Hearing *Supplemental Notice of Hearing to Be Held Remotely Using ZoomGov Audio and Video* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 01/06/2022) |
| 01/14/2022 | 146 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Richard. (Heston, Richard) (Entered: 01/14/2022) |
| 01/14/2022 | 147 (7 pgs) | Objection (related document(s): 114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Creditors' Objection to Approval of Debtors' Disclosure Statement in Support of Debtors' Chapter 11 Plan of Reorganization* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 01/14/2022) |
| 01/18/2022 | 148 (11 pgs) | Amending Schedules (D) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 01/18/2022) |

| 01/18/2022 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)( 8:21-bk-11352-TA) [misc,amdsch] ( 32.00) Filing Fee. Receipt number A53810208. Fee amount 32.00. (re: Doc# 148) (U.S. Treasury) (Entered: 01/18/2022) |
| 01/18/2022 | 149 (260 pgs) | Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 01/18/2022) |
| 01/18/2022 | | Receipt of Motion to Convert Case( 8:21-bk-11352-TA) [motion,mconv] ( 15.00) Filing Fee. Receipt number A53810273. Fee amount 15.00. (re: Doc# 149) (U.S. Treasury) (Entered: 01/18/2022) |
| 01/18/2022 | 150 (5 pgs) | Notice of Hearing *to be Held Remotely Using ZoomGov Audio and Video (Supplemental)* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (RE: related document(s)149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers). (Gottfried, Michael) (Entered: 01/18/2022) |
| 01/18/2022 | 151 | Hearing Set (RE: related document(s)149 Motion to Convert Case filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) The Hearing date is set for 2/9/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 01/19/2022) |
| 01/20/2022 | | Receipt of Overages - $26.00 by 20. Receipt Number 20244655. (admin) (Entered: 01/20/2022) |
| 01/24/2022 | 152 (21 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtors Notice Of Motion And Motion For Extension Of The Exclusive Period To Solicit Acceptances To Chapter 11 Plan; Memorandum Of Points And Authorities; Declaration Of Don Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 01/24/2022) |
| 01/25/2022 | 153 (18 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 12/31/2021 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 01/25/2022) |
| 01/25/2022 | 154 (6 pgs) | Reply to (related document(s): 133 Reply filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Debtors Supplement To Omnibus Reply To Objections Filed By (1) Wells Fargo Bank, (2) Bank Of New York, And (3) Katherine Meredith To The Debtors Disclosure Statement* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 01/25/2022) |
| 01/26/2022 | 155 | Hearing Rescheduled/Continued Status Conference (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Status hearing to be held on 2/16/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert - Continued to February 16, 2022 at 11:00 a.m. Conversion motion set for February 9, 2022 at 10:00 a.m. continued February 10, 2022 at 11:00 a.m. (Deramus, Glenda) - Correction Has Been Made Regarding The Motion To Convert Case Has |

|  |  |  |
|---|---|---|
|  |  | Been Continued To February 10, 2022 at 11:00 a.m. Modified on 1/26/2022 (Deramus, Glenda). (Entered: 01/26/2022) |
| 01/26/2022 | 156 | Hearing Rescheduled/Continued (RE: related document(s)149 Motion to Convert Case filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) The Hearing date is set for 2/10/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) - Correction Has Been Made Regarding The Hearing Date and Time Modified on 1/26/2022 (Deramus, Glenda). (Entered: 01/26/2022) |
| 01/26/2022 | 157 | Hearing Rescheduled/Continued Debtor's Disclosure Statement Re:114 In Support Of Debtor's Chapter 11 Plan Of Reorganization. The Hearing date is set for 2/16/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert - Continued to February 16, 2022 at 11:00 a.m. Debtor to give notice Conversion motion set for February 9, 2022 at 10:00 a.m., continued to February 10, 2022 at 11:00 a.m. (Deramus, Glenda) - Correction Has Been Made Regarding the Motion to Convert Date and Time Modified on 1/26/2022 (Deramus, Glenda). (Entered: 01/26/2022) |
| 01/26/2022 | 158 (5 pgs) | Opposition to (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *with proof of service* Filed by Creditor Katherine Meredith (Brown, Ronald) (Entered: 01/26/2022) |
| 01/26/2022 | 159 (37 pgs) | Opposition to (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Debtors Opposition To Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 01/26/2022) |
| 01/26/2022 | 160 (34 pgs) | Declaration re: *Declaration Of Don Kojima In Support Of Debtors Opposition To Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)159 Opposition). (Golubow, Richard) (Entered: 01/26/2022) |
| 01/26/2022 | 161 (7 pgs) | Declaration re: *Declaration Of Susan Kojima In Support Of Debtors Opposition To Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(B) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)159 Opposition). (Golubow, Richard) (Entered: 01/26/2022) |
| 01/26/2022 | 162 (33 pgs) | Declaration re: *Declaration Of Shawn Halan In Support Of Debtors Opposition To Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)159 Opposition). (Golubow, Richard) (Entered: 01/26/2022) |
| 01/26/2022 | 163 | Request for judicial notice *Request For Judicial Notice In Support Of* |

| | | |
|---|---|---|
| | (184 pgs; 2 docs) | *Debtors Opposition To Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)159 Opposition). (Attachments: # 1 Exhibit 1-6) (Golubow, Richard) (Entered: 01/26/2022) |
| 01/26/2022 | 164 (3 pgs) | Objection (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Evidentiary Objections To Declaration Of Michael I. Gottfried Re Motion Of Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 01/26/2022) |
| 01/27/2022 | 165 (32 pgs; 2 docs) | Opposition to (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) Filed by Interested Party Cameron Kojima (Attachments: # 1 Affidavit Declaration of Ross L. Hollenkamp, Esq.) (Hollenkamp, Ross) (Entered: 01/27/2022) |
| 01/31/2022 | 166 (8 pgs) | Notice of Hearing *Notice of Continued Disclosure Statement Hearing* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 01/31/2022) |
| 01/31/2022 | | Receipt of BK-Motions/Applicatiopns-Redact (Fee) (Motion) - $26.00 by 08. Receipt Number 80075896. (admin) (Entered: 01/31/2022) |
| 02/01/2022 | | Receipt of Returned Check Fee - $53.00 by 16. Receipt Number 80075898. (admin) (Entered: 02/01/2022) |
| 02/02/2022 | 167 (17 pgs) | Objection (related document(s): 160 Declaration filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Evidentiary Objections of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Declaration of Don Kojima [Docket No. 160]* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | 168 (6 pgs) | Objection (related document(s): 161 Declaration filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Evidentiary Objections of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Declaration of Susan Kojima [Docket No. 161]* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | 169 (9 pgs) | Objection (related document(s): 162 Declaration filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Evidentiary Objections of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Declaration of Shawn Halan [Docket No. 162]* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | 170 (7 pgs) | Reply to (related document(s): 164 Objection filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Responses to Debtors Evidentiary Objections to Declaration of Michael I. Gottfried Re Motion* |

| | | |
|---|---|---|
| | | *of Creditors Chase Kaufman, Michael Garrison, and Zach Powers for Entry of Order Pursuant to 11 U.S.C. § 1112(b) to Converting [Sic] Case to a Chapter 7 Liquidation [Docket No. 164]* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | [171](#) <br> (146 pgs; 7 docs) | Reply to (related document(s): [159](#) Opposition filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Reply of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Debtors Opposition to Motion for Entry of Order Pursuant to 11 U.S.C. § 1112(b) to Converting Case To a Chapter 7 Liquidation; Declarations of Cameron Meredith and Dimple Mehra, and Supplemental Declaration of Michael I. Gottfried In Support Thereof* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Attachments: # [1](#) Exhibit H # [2](#) Exhibit I # [3](#) Exhibit J # [4](#) Exhibit EXHIBIT K # [5](#) Exhibit EXHIBIT L # [6](#) Exhibit EXHIBIT M) (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | [172](#) <br> (8 pgs) | Reply to (related document(s): [165](#) Opposition filed by Interested Party Cameron Kojima) *Reply of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Party-in-Interest Cameron Kojimas Opposition to Motion for Entry of Order Pursuant to 11 U.S.C. § 1112(b) to Converting Case to a Chapter 7 Liquidation* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/02/2022 | [173](#) <br> (7 pgs) | Reply to (related document(s): [158](#) Opposition filed by Creditor Katherine Meredith) *Reply of Creditors Chase Kaufman, Michael Garrison, and Zach Powers to Katherine Meredith's Opposition to Motion for Entry of Order Pursuant to 11 U.S.C. § 1112(b) to Converting Case to a Chapter 7 Liquidation* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/02/2022) |
| 02/09/2022 | 174 | Hearing Held (Bk Motion) (RE: related document(s) [149](#) Motion to Convert Case) - Continued To 2-10-22 at 11:00 A.M. Per Status Conference Hearing Held On 1-26-22 (Deramus, Glenda) Modified on 2/9/2022 (Deramus, Glenda). (Entered: 02/09/2022) |
| 02/09/2022 | 175 | Hearing Rescheduled/Continued (RE: related document(s)[149](#) Motion to Convert Case filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) The Hearing date is set for 2/10/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert - Per Status Conference Hearing Held On 1-26-22 (Deramus, Glenda) (Entered: 02/09/2022) |
| 02/10/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [149](#) MOTION TO CONVERT CASE filed by Zach Powers) Hearing to be held on 05/25/2022 at 11:00 AM Ronald Reagan Federal Bldg 411 W Fourth St Crtrm 5B Santa Ana, CA 92701 for [149](#) , (Deramus, Glenda) (Entered: 02/10/2022) |
| 02/10/2022 | [176](#) <br> (5 pgs) | Notice *of Continued Hearing on Creditors' Motion for Entry of Order Pursuant to 11 U.S.C. § 1112(b)* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (RE: related document(s)[149](#) Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers). (Gottfried, Michael) (Entered: 02/10/2022) |

| Date | Doc | Description |
|---|---|---|
| 02/14/2022 | **177**<br>(25 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)**152** Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtors Notice Of Motion And Motion For Extension Of The Exclusive Period To Solicit Acceptances To Chapter 11 Plan; Memorandum Of Points And Authorities; Decla*). (Golubow, Richard) (Entered: 02/14/2022) |
| 02/15/2022 | **178**<br>(4 pgs) | Supplemental *Debtors Further Supplement To Omnibus Reply To Objections Filed By (1) Wells Fargo Bank, (2) Bank Of New York, and (3) Katherine Meredith To The Debtors Disclosure Statement* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 02/15/2022) |
| 02/15/2022 | **179**<br>(2 pgs) | Order Granting Motion For Extension Of The Exclusive Period To Solicit Acceptances to Chapter 11 Plan (BNC-PDF) (Related Doc # **152**) - IT IS HEREBY ORDERED that: 1. The Motion is granted; 2. The Debtors' exclusive period to solicit acceptances to a plan is extended from January 24, 2022 to March 31, 2022; 3. This Order is entered without prejudice to any right that the Debtors may have to seek further extensions of the exclusivity period; and 4. No further notice or a hearing shall be necessary to effectuate the foregoing. Signed on 2/15/2022 (Deramus, Glenda) (Entered: 02/15/2022) |
| 02/15/2022 | **180**<br>(14 pgs; 2 docs) | Motion *to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (Attachments: # **1** Exhibit) (Wong, Jennifer) (Entered: 02/15/2022) |
| 02/15/2022 | **181**<br>(19 pgs; 2 docs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Creditor Wells Fargo Bank, N.A. (RE: related document(s)**180** Motion *to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (Attachments: # 1 Exhibit)). (Attachments: # **1** Exhibit) (Wong, Jennifer) (Entered: 02/15/2022) |
| 02/16/2022 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) **1** VOLUNTARY PETITION (CHAPTER 11) filed by Don Teruo Kojima) Status Hearing to be held on 03/23/2022 at 10:00 AM Ronald Reagan Federal Bldg 411 W Fourth St Crtrm 5B Santa Ana, CA 92701 for **1**, (Deramus, Glenda) (Entered: 02/16/2022) |
| 02/16/2022 | 182 | Hearing Rescheduled/Continued Re:**114** Debtor's Disclosure Statement In Support Of Debtors' Chapter 11 Plan Of Reorganization; The Hearing date is set for 3/23/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 02/16/2022) |
| 02/17/2022 | **183**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)**179** Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 02/23/2022 | **184**<br>(20 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # **1** Exhibit) (Golubow, Richard) (Entered: 02/23/2022) |

| 02/23/2022 | 185<br>(9 pgs) | Opposition to (related document(s): 180 Motion *to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* filed by Creditor Wells Fargo Bank, N.A.) *Creditors' Opposition to Wells Fargo N.A.'s Motion to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 02/23/2022) |
| 02/28/2022 | 186<br>(25 pgs; 3 docs) | Adversary case 8:22-ap-01026. Complaint by Chase Kaufman, Michael Garrison, Zach Powers against Don Teruo Kojima, Susan Lorraine Kojima. Fee Amount $350 (Attachments: # 1 Adversary Proceeding Cover Sheet # 2 Summons and Notice of Status Conference in Adversary Proceeding) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Gottfried, Michael) (Entered: 02/28/2022) |
| 03/02/2022 | 187<br>(5 pgs) | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 30 days. Certificate of Service Filed. Filed by Creditor BANK OF AMERICA, N.A.. (Wolff, Katie) (Entered: 03/02/2022) |
| 03/04/2022 | 188<br>(5 pgs) | Notice of Hearing *on Motion to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (RE: related document(s)180 Motion *to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (Attachments: # 1 Exhibit)). (Wong, Jennifer) (Entered: 03/04/2022) |
| 03/04/2022 | 189 | Hearing Set (RE: related document(s)180 Motion To Approve Stipulation For Plan Treatment On First Lien Secured filed by Creditor Wells Fargo Bank, N.A.) The Hearing date is set for 3/23/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 03/04/2022) |
| 03/14/2022 | 190<br>(8 pgs) | Notice of Hearing *Notice of Continued Disclosure Statement Hearing and Status Conference* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 03/14/2022) |
| 03/21/2022 | 191<br>(5 pgs) | Reply to (related document(s): 133 Reply filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Debtor's Further Supplement to Omnibus Reply to Objections Filed by (1) Wells Fargo Bank, (2) Bank of New York, and (3) Katherine Meredith to the Debtors' Disclosure Statement* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 03/21/2022) |
| 03/23/2022 | 192<br>(25 pgs) | Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) AND 6006(d); and (3) Granting Related Relief; Memorandum Of Points And Authorities In Support.* Fee Amount $188, Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 03/23/2022) |

EXHIBIT 1, PAGE 42

| | | |
|---|---|---|
| 03/23/2022 | | Receipt of Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee( 8:21-bk-11352-TA) [motion,msell] ( 188.00) Filing Fee. Receipt number A54067653. Fee amount 188.00. (re: Doc# 192) (U.S. Treasury) (Entered: 03/23/2022) |
| 03/23/2022 | 193 (7 pgs) | Notice of sale of estate property (LBR 6004-2) 7 Shoreridge, Newport Coast, California 92657 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 03/23/2022) |
| 03/23/2022 | 194 (71 pgs) | Declaration re: *Declaration Of Don Kojima In Support Of Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) AND 6006(d); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Wa,* 193 Notice of sale of estate property (LBR 6004-2)). (Golubow, Richard) (Entered: 03/23/2022) |
| 03/23/2022 | 195 (11 pgs) | Declaration re: *Declaration Of Shawn Halan In Support Of Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Wa,* 193 Notice of sale of estate property (LBR 6004-2)). (Golubow, Richard) (Entered: 03/23/2022) |
| 03/23/2022 | 196 (8 pgs) | Notice of Hearing *Notice Of Hearing On Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(H) AND 6006(D); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) AND 6006(d); and (3) Granting Related Relief; Memorandum Of Points And Authorities In Support.* Fee Amount $188, Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 03/23/2022) |
| 03/23/2022 | 197 | Hearing Set (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) The Hearing date is set for 4/13/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 03/23/2022) |
| 03/23/2022 | 198 | Hearing Rescheduled/Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor |

| | | |
|---|---|---|
| | | Susan Lorraine Kojima) The Hearing date is set for 5/25/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 03/23/2022) |
| 03/23/2022 | 199 | Hearing Held (RE: related document(s)180 Motion To Approve Stipulation For Plan Treatment On First Lien Secured By Real Property Located at 7 Shoreridge, Newport Beach, CA 92657 filed by Creditor Wells Fargo Bank, N.A.) Approved. Movant To Submit Order. (Deramus, Glenda) (Entered: 03/23/2022) |
| 03/23/2022 | 200 | Hearing Rescheduled/Continued Re:114 Debtor's Disclosure Statement In Support Of Debtor's Chapter 11 Plan Of Reorganization; The Hearing date is set for 5/25/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Deramus, Glenda) (Entered: 03/23/2022) |
| 03/24/2022 | 201 (5 pgs; 2 docs) | Notice of lodgment *of Order in Bankruptcy Case re: Motion to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (RE: related document(s)180 Motion *to Approve Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 7 Shoreridge, Newport Beach, CA 92657* Filed by Creditor Wells Fargo Bank, N.A. (Attachments: # 1 Exhibit). (Attachments: # 1 Order) (Wong, Jennifer) (Entered: 03/24/2022) |
| 03/24/2022 | 202 (16 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 02/28/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 03/24/2022) |
| 03/28/2022 | 203 (3 pgs) | Non-Opposition *to Debtors' Motion for Order Approving the Sale of Real Property of the Estate Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §363 192* Filed by Creditor Wells Fargo Bank, N.A.. (Wong, Jennifer) Warning: See docket entry no: 204 for corrective action. Modified on 3/28/2022 (Daniels, Sally). (Entered: 03/28/2022) |
| 03/28/2022 | 204 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Incorrect hearing time of 10:00 PM reflected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)203 Non-Opposition filed by Creditor Wells Fargo Bank, N.A.) (Daniels, Sally) (Entered: 03/28/2022) |
| 03/28/2022 | 205 (3 pgs) | Non-Opposition *(Amended) to Debtor's Motion for Order Approving The Sale of Real Property of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §363 192* Filed by Creditor Wells Fargo Bank, N.A.. (Wong, Jennifer) (Entered: 03/28/2022) |
| 03/29/2022 | 206 (7 pgs) | Non-Opposition *to Debtors' Motion for Order Approving the Sale of Real Property [Dkt. 192]* Filed by Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM. (Lee, Nancy) (Entered: 03/29/2022) |
| 03/30/2022 | 207 (15 pgs) | Opposition to (related document(s): 192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For* |

| | | |
|---|---|---|
| | | *Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Wa* filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) **Creditors' Limited Opposition to Debtors' Motion For Order: (1)** *Approving the Sale of Real Property of the Estate Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363; (2) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (3) Granting Related Relief Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (Gottfried, Michael) (Entered: 03/30/2022)* |
| 03/31/2022 | [208](#) (4 pgs) | Response to (related document(s): [192](#) Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Wa* filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) with proof of service Filed by Creditor Katherine Meredith (Brown, Ronald) (Entered: 03/31/2022)* |
| 03/31/2022 | [209](#) (21 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtor's Notice of Motion and Motion for Further Extension of the Exclusive Period to Solicit Acceptances to Chapter 11 Plan; Memorandum of Points and Authorities; Declaration of Don Kojima in Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 03/31/2022) |
| 03/31/2022 | [210](#) (17 pgs) | Answer to Complaint Filed by Don Teruo Kojima, Susan Lorraine Kojima. (Hollenkamp, Ross) Warning: See docket entry no: 211 for corrective action. Modified on 4/1/2022 (Daniels, Sally). (Entered: 03/31/2022) |
| 04/01/2022 | 211 | Notice to Filer of Error and/or Deficient Document **Document was filed in the incorrect case. The Answer needs to be filed in the adversary case THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT IN THE CORRECT CASE IMMEDIATELY.** (RE: related document(s)[210](#) Answer to Complaint filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (Daniels, Sally) (Entered: 04/01/2022) |
| 04/04/2022 | [212](#) (2 pgs) | Order Granting Motion To Approve Stipulation For Plan Treatment On First Lien Secured By Real Property Located At 7 Shoreridge, Newport Beach, CA 92657 (BNC-PDF) (Related Doc # [180](#) ) - IT IS HEREBY ORDERED that the Motion is GRANTED and the Stipulation attached as Exhibit "1" to the Motion is APPROVED - Please See Order For Further Ruling Signed on 4/4/2022 (Deramus, Glenda) (Entered: 04/04/2022) |
| 04/06/2022 | [213](#) (30 pgs) | Reply to (related document(s): [207](#) Opposition filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Debtors Reply To Opposition To Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); AND (3) Granting Related Relief; Supplemental Declaration Of Shawn Halan In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 04/06/2022) |
| 04/06/2022 | [214](#) (6 pgs) | Declaration re: *Declaration Of Donald T. Fife In Support Of Debtors Reply To Opposition To Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And* |

EXHIBIT 1, PAGE 45

| | | |
|---|---|---|
| | | *Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) AND 6006(d); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)213 Reply). (Golubow, Richard) (Entered: 04/06/2022) |
| 04/06/2022 | 215 (46 pgs) | Request for judicial notice *Request For Judicial Notice In Support Of Debtors Reply To Opposition To Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) waiving the 14-day stay periods set forth in bankruptcy rules 6004(h) and 6006(d); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)213 Reply). (Golubow, Richard) (Entered: 04/06/2022) |
| 04/06/2022 | 216 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)212 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/06/2022. (Admin.) (Entered: 04/06/2022) |
| 04/12/2022 | 217 (64 pgs) | Application to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Counsel; Memorandum Of Points And Authorities; And Declarations Of Ross L. Hollenkamp, Esq. and Don Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 04/12/2022) |
| 04/12/2022 | 218 | Hearing Set (RE: related document(s)217 Application For Authority To Employ The Law Office Of Ross L Hollenkamp As Special Litigation Counsel filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) The Hearing date is set for 5/4/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (Daniels, Sally) (Entered: 04/12/2022) |
| 04/13/2022 | 219 (17 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); and (3) Granting Related Relief* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Debtors Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 U.S.C. § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) AND 6006(d); and (3) Granting Related Relief; Memorandum Of Points And Authorities In Support.* Fee Amount $188, Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima). (Golubow, Richard) (Entered: 04/13/2022) |
| 04/13/2022 | 220 (14 pgs) | Order Granting Debtors' Motion For Order: (1) Approving The Sale Of Real Property Of The Estate Free And Clear Of Liens, Claims, And Interests Pursuant To 11 USC § 363; (2) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rues 6004(h) And 6006(d); And (3) Granting Related Relief (BNC-PDF) (Related Doc # 192 ) - Please See Order Signed on 4/13/2022 (Deramus, Glenda) (Entered: 04/13/2022) |
| 04/13/2022 | 221 | Request for a Certified Copy Fee Amount $11 (2). (RE: related document(s)220 Order on Motion To Sell (BNC-PDF)) (Law, Tamika) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/13/2022) |
| 04/13/2022 | | 222 | Hearing Held (RE: related document(s)192 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) - Motion is granted. Movant to submit order. (Deramus, Glenda) (Entered: 04/13/2022) |
| 04/13/2022 | | | Receipt of Certification Fee - $22.00 by 08. Receipt Number 80076025. (admin) (Entered: 04/13/2022) |
| 04/13/2022 | | | Receipt of Photocopies Fee - $14.00 by 08. Receipt Number 80076025. (admin) (Entered: 04/13/2022) |
| 04/15/2022 | | 223 (16 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)220 Order on Motion To Sell (BNC-PDF)) No. of Notices: 1. Notice Date 04/15/2022. (Admin.) (Entered: 04/15/2022) |
| 04/19/2022 | | 224 (25 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration That No Party Requested a Hearing on Motion* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)209 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Debtor's Notice of Motion and Motion for Further Extension of the Exclusive Period to Solicit Acceptances to Chapter 11 Plan; Memorandum of Points and Auth).* (Golubow, Richard) (Entered: 04/19/2022) |
| 04/20/2022 | | 225 (2 pgs) | Order Granting Debtors' Motion For Further Extension Of The Exclusive Period To Solicit Acceptances To Chapter 11 Plan (BNC-PDF) (Related Doc # 209 ) - IT IS HEREBY ORDERED that: 1. The Motion is granted; 2. The Debtors' exclusive period to solicit acceptances to a plan is extended from March 31, 2022 to June 30, 2022; 3. This Order is entered without prejudice to any right that the Debtors may have to seek further extension of the exclusivity period; and 4. No further notice or a hearing shall be necessary to effectuate the foregoing. Signed on 4/20/2022 (Deramus, Glenda) (Entered: 04/20/2022) |
| 04/20/2022 | | 226 (50 pgs) | Opposition to (related document(s): 217 Application to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Cou* filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) *Creditors' Opposition to Debtors' Application for Authority to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel; Declaration Of Michael I. Gottfried in Support Thereof Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers* (Gottfried, Michael) (Entered: 04/20/2022) |
| 04/21/2022 | | 227 (22 pgs) | Application to Employ Hahn Fife & Company, LLP as Accountants *to Debtor-in-Possession, Plus Exhibits and Proof of Service* Filed by Accountant Hahn Fife & Company. (Fife, Donald) (Entered: 04/21/2022) |
| 04/21/2022 | | 228 (8 pgs) | Notice of motion/application *to Employ Hahn Fife & Co., LLP to Debtor-in-Possession* Filed by Accountant Hahn Fife & Company (RE: related document(s)227 Application to Employ Hahn Fife & Company, LLP as Accountants *to Debtor-in-Possession, Plus Exhibits and Proof of Service* |

| | | Filed by Accountant Hahn Fife & Company.). (Fife, Donald) (Entered: 04/21/2022) |
|---|---|---|
| 04/22/2022 | 229 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)225 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 1. Notice Date 04/22/2022. (Admin.) (Entered: 04/22/2022) |
| 04/27/2022 | 230 (21 pgs) | Reply to (related document(s): 226 Opposition filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Debtors' Reply to Plaintiffs' Opposition to Application of Debtors and Debtors-in-Possession for Authority to Employ The Law Office of Ross L. Hollenkamp as Special Litigation Counsel; Declaration of Ross L. Hollenkamp, Esq. in Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 04/27/2022) |
| 04/29/2022 | 231 (16 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Exhibit) (Golubow, Richard) (Entered: 04/29/2022) |
| 05/04/2022 | 232 | Hearing Held (RE: related document(s)217 Application to Employ filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Application is approved. Movant to submit order. (GD) (Entered: 05/04/2022) |
| 05/05/2022 | 233 (1 pg) | Transcript Order Form, regarding Hearing Date 05/04/2022 Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (RE: related document(s)217 Application to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Cou*). (Gottfried, Michael) (Entered: 05/05/2022) |
| 05/05/2022 | 234 (5 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Notice Of Application And Application Of Debtors And Debtors-in-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Counsel; Memorandum Of Points And Authorities; And Declarations Of Ross L. Hollenkamp, Esq. And Don Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)217 Application to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Counsel; Memorandum Of Points And Authorities; And Declarations Of Ross L. Hollenkamp, Esq. and Don Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima). (Golubow, Richard) (Entered: 05/05/2022) |
| 05/06/2022 | 235 (14 pgs) | Supplemental *Creditors' Objection to Debtors' Proposed Order on Application for Authority to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel; Declaration of Michael I. Gottfried in Support Thereof* (RE: related document(s) 234) Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers. (Gottfried, Michael) (Entered: 05/06/2022) |
| 05/06/2022 | 236 (9 pgs) | Notice of lodgment *of Order in Bankruptcy Case re: Application of Debtors and Debtors-In-Possession for Authority to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel* Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers (RE: related |

| | | |
|---|---|---|
| | | document(s)217 Application to Employ The Law Office Of Ross L. Hollenkamp as Special Litigation Counsel *Notice Of Application And Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Counsel; Memorandum Of Points And Authorities; And Declarations Of Ross L. Hollenkamp, Esq. and Don Kojima In Support Thereof* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima). (Gottfried, Michael) (Entered: 05/06/2022) |
| 05/09/2022 | 237 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) *Peter Hubbard* Filed by Heston, Richard. (Heston, Richard) Warning: See docket entry no: 238 for corrective action. Modified on 5/9/2022 (SD8). (Entered: 05/09/2022) |
| 05/09/2022 | 238 | Notice to Filer of Error and/or Deficient Document **Document filed without electronic /s/ signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)237 Request for Removal from Courtesy Notice of Electronic Filing (NEF) filed by Creditor Peter Hubbard) (SD8) (Entered: 05/09/2022) |
| 05/09/2022 | 239 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-TA-14. RE Hearing Date: 05/04/22, [TRANSCRIPTION SERVICE PROVIDER: Briggs Reporting Co, Inc, Telephone number (310) 410-4151.] (RE: related document(s)233 Transcript Order Form (Public Request) filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) (SD8) (Entered: 05/09/2022) |
| 05/09/2022 | 240 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) *Peter Hubbard* Filed by Heston, Richard. (Heston, Richard) (Entered: 05/09/2022) |
| 05/10/2022 | 241 (9 pgs) | Objection (related document(s): 236 Notice of Lodgment filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Debtors Objection To Plaintiffs Alternative Form Of Order, And Reply To Plaintiffs Objection To Debtors Form Of Order Re Application Of Debtors And Debtors-In-Possession For Authority To Employ The Law Office Of Ross L. Hollenkamp As Special Litigation Counsel; Declaration Of Peter W. Lianides* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Lianides, Peter) (Entered: 05/10/2022) |
| 05/10/2022 | 242 (4 pgs) | Order Granting Application of Debtors and Debtors-in-Possession for Authority to Employ the Law Office of Ross L. Hollenkamp as Special Litigation Counsel (BNC-PDF) (Related Doc # 217) Signed on 5/10/2022. (AM) (Entered: 05/10/2022) |
| 05/11/2022 | 243 (5 pgs) | Notice of Change of Address *Don & Susan Kojima; Kojima Development Company; Susan Kojima; Don Teruo Kojima; Susan Lorraine Kojima* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 05/11/2022) |
| 05/11/2022 | 244 (15 pgs) | Supplemental *Creditors' Supplement in Support of Motion for Entry of Order Pursuant to 11 U.S.C. § 1112(b) to Converting Case to a Chapter 7 Liquidation; Declaration of Michael I. Gottfried in Support* (RE: Related to Docket No. 149) Filed by Creditors Michael Garrison, Chase Kaufman, Zach Powers. (Gottfried, Michael) (Entered: 05/11/2022) |

| Date | Doc | Description |
|---|---|---|
| 05/12/2022 | [245](#)<br>(20 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Exhibit) (Golubow, Richard) (Entered: 05/12/2022) |
| 05/12/2022 | [246](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)242 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/12/2022. (Admin.) (Entered: 05/12/2022) |
| 05/13/2022 | [247](#)<br>(26 pgs) | Declaration re: *That No Party Requested a Hearing on Motion LBR 9013-1(o)(3(* Filed by Accountant Hahn Fife & Company (RE: related document(s)227 Application to Employ Hahn Fife & Company, LLP as Accountants *to Debtor-in-Possession, Plus Exhibits and Proof of Service* Filed by Accountant Hahn Fife & Company.). (Fife, Donald) (Entered: 05/13/2022) |
| 05/16/2022 | [248](#)<br>(2 pgs) | Order Granting Application to Employ Hahn Fife & Co LLP as Accountant (BNC-PDF) (Related Doc # 227) Signed on 5/16/2022. (AM) (Entered: 05/16/2022) |
| 05/18/2022 | [249](#)<br>(11 pgs) | Status report *United States Trustee's Comments Re: Case Status; Declaration of Michele Steele; along with Proof of Service* Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s) 198 Hearing Rescheduled/Continued (Other) (BK Case - BNC Option)). (Ng, Queenie) (Entered: 05/18/2022) |
| 05/18/2022 | [250](#)<br>(16 pgs) | Opposition to (related document(s): [244](#) Supplemental filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *Debtors Opposition To Plaintiffs Supplement Re Motion For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 05/18/2022) |
| 05/18/2022 | [251](#)<br>(39 pgs) | Request for judicial notice *Request For Judicial Notice In Support Of Debtors Opposition To Plaintiffs Supplement Re Motion For Entry Of Order Pursuant To 11 U.S.C. § 1112(b) To Converting Case To A Chapter 7 Liquidation* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (RE: related document(s)250 Opposition). (Golubow, Richard) (Entered: 05/18/2022) |
| 05/18/2022 | [252](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)248 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/18/2022. (Admin.) (Entered: 05/18/2022) |
| 05/23/2022 | [253](#)<br>(6 pgs) | Reply to (related document(s): [249](#) Status report filed by U.S. Trustee United States Trustee (SA)) *Debtor's Response to United States Trustee's Comments Re: Case Status* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 05/23/2022) |
| 05/23/2022 | [254](#)<br>(3 pgs) | Response to (related document(s): [149](#) Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *[Joinder to Supplement in Support of Motion for Entry of Order Pursuant to 11 U.S.C. Section 1112(b) Converting Case to a Chapter 7 Liquidation]* Filed by Creditor Cory Meredith (O'Dea, Ryan) Warning: See docket entry no: 255 for corrective action. Modified on 5/23/2022 (SD8). (Entered: 05/23/2022) |
| 05/23/2022 | 255 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing** |

| | | date/time/location was selected. Incorrect hearing time reflected. This hearing is set for 5/25/2022 at 11:00 am **THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)254 Response filed by Creditor Cory Meredith) (SD8) (Entered: 05/23/2022) |
|---|---|---|
| 05/24/2022 | 256 (3 pgs) | Response to (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *[Revised Joinder in Support of Motion for Entry of Order Pursuant to 11 U.S.C. Section 1112(b) Converting Case to a Chapter 7 Liquidation]* Filed by Creditor Cory Meredith (O'Dea, Ryan) (Entered: 05/24/2022) |
| 05/24/2022 | 257 (4 pgs) | Response to (related document(s): 149 Motion to Convert Case From Chapter 11 to 7. Fee Amount $15 filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) *with proof of service* Filed by Creditor Katherine Meredith (Brown, Ronald) (Entered: 05/24/2022) |
| 05/25/2022 | 258 | Hearing Rescheduled/Continued Status Conference (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) Status hearing to be held on 7/13/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (GD) (Entered: 05/25/2022) |
| 05/25/2022 | 259 | Hearing Rescheduled/Continued (RE: related document(s)149 Motion to Convert Case filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers) The Hearing date is set for 7/13/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (GD) (Entered: 05/25/2022) |
| 05/25/2022 | 260 | Hearing Rescheduled/Continued Re:114 Debtor's Disclosure Statement In Support Of Debtors' Chapter 11 Plan f Reorganization The Hearing date is set for 7/13/2022 at 11:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (GD) (Entered: 05/25/2022) |
| 06/22/2022 | 261 (6 pgs) | Motion to Convert Case From Chapter 11 to 7. *Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) OR 1112(a)* Fee Amount $15 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima (Golubow, Richard) (Entered: 06/22/2022) |
| 06/22/2022 | | Receipt of Motion to Convert Case( 8:21-bk-11352-TA) [motion,mconv] ( 15.00) Filing Fee. Receipt number A54360687. Fee amount 15.00. (re: Doc# 261) (U.S. Treasury) (Entered: 06/22/2022) |
| 06/24/2022 | 262 (19 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Exhibit # 2 Exhibit) (Golubow, Richard) (Entered: 06/24/2022) |
| 06/27/2022 | 263 (2 pgs) | Order Converting Case to Chapter 7 (BNC-PDF). Trustee (BNC-PDF) Signed on 6/27/2022 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, Set Case Commencement Deficiency Deadlines (ccdn), Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), 84 |

| | | |
|---|---|---|
| | | Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF) filed by U.S. Trustee United States Trustee (SA), 86 Stipulation and ORDER thereon (BNC-PDF), 89 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, Hearing Rescheduled/Continued (Other) (BK Case - BNC Option), 114 Disclosure Statement filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 115 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 116 Hearing Set (Motion) (BK Case - BNC Option), Update Proof of Claim Deadline, 140 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 145 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 149 Motion to Convert Case filed by Creditor Chase Kaufman, Creditor Michael Garrison, Creditor Zach Powers, 157 Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), 166 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 182 Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), 190 Notice of Hearing (BK Case) filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima, 200 Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), 260 Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option)). (AM) (Entered: 06/27/2022) |
| 06/28/2022 | 264 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 8/2/2022 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. Cert. of Financial Management due by 10/3/2022. Cert. of Financial Management - Joint Debtor due by 10/3/2022. Last day to oppose discharge or dischargeability is 10/3/2022. (GD) (Entered: 06/28/2022) |
| 06/29/2022 | 265 (1 pg) | Notice of appointment and acceptance of trustee Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 06/29/2022) |
| 06/29/2022 | 266 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)263 Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | 267 (8 pgs) | BNC Certificate of Notice (RE: related document(s)264 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 49. Notice Date 06/30/2022. (Admin.) (Entered: 06/30/2022) |
| 07/13/2022 | 268 | Hearing Held Re:149 Creditors Chase Kaufman, Michael Garrison, And Zach Powers For Entry Of Order Pursuant To 11 USC § 1112(b) To Converting Case To A Chapter 7 Liquidation - Off Calendar - Case Converted To Chapter 7 On 6-27-22 See Order #263 (GD) (Entered: 07/13/2022) |
| 07/13/2022 | 269 | Hearing Held Re:1 Status Conference Re: Chapter 11 Voluntary Petition Individual - Off Calendar - Case Converted To Chapter 7 On 6-27-22 See Order #263 (GD) (Entered: 07/13/2022) |
| 07/13/2022 | 270 | Hearing Held Re:114 Debtors' Disclosure Statement In Support Of Debtors' Chapter 11 Plan Of Reorganization - Off Calendar - Case Converted To Chapter 7 On 6-27-22 - See Order #263 (GD) (Entered: 07/13/2022) |
| 07/15/2022 | 271 (12 pgs) | Application to Employ Hahn Fife & Company LLP as Accountant for Trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR) |

| | | |
|---|---|---|
| | | (Marshack (TR), Richard) (Entered: 07/15/2022) |
| 07/15/2022 | [272](#) (6 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[271](#) Application to Employ Hahn Fife & Company LLP as Accountant for Trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 07/15/2022) |
| 07/15/2022 | [273](#) (3 pgs) | Notice of Change of Address *and Removal from Case and Firm- Ryan A. Baggs* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) Warning: See docket entry 274 for correction. Modified on 7/18/2022 (TL). (Entered: 07/15/2022) |
| 07/18/2022 | 274 | Notice to Filer of Error and/or Deficient Document **Other - Electronic signature does not correspond to the change of address for attorney listed on pdf.** (RE: related document(s)[273](#) Notice of Change of Address filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima) (TL) (Entered: 07/18/2022) |
| 07/27/2022 | [275](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 07/27/2022) |
| 07/27/2022 | [276](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 07/27/2022) |
| 07/28/2022 | [277](#) (20 pgs) | Application to Employ Marshack Hays LLP as General Counsel *; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/28/2022) |
| 07/28/2022 | [278](#) (11 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[277](#) Application to Employ Marshack Hays LLP as General Counsel *; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/28/2022) |
| 07/29/2022 | [279](#) (4 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) *Declaration By Debtor(s) as to Whether Income Was Received From an Employer Within 60 Days of the Petition Date* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 07/29/2022) |
| 07/29/2022 | [280](#) (5 pgs) | Final report of post-petition debts and account (rule 1019 - No additional debts *Schedule of Unpaid Debts Incurred After the Filing of the Petition and Before Conversion of the Ch. 11 Case* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 07/29/2022) |
| 07/31/2022 | [281](#) (7 pgs) | Final report of post-petition debts and account (rule 1019 - No additional debts *Final Report And Account Of Debtor Upon Conversion Of Chapter 11 Case To Chapter 7 Case Pursuant To Bankruptcy Rule 1019(5)* Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Golubow, Richard) (Entered: 07/31/2022) |
| 08/03/2022 | 282 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 |

EXHIBIT 1, PAGE 53

|  |  |  |
|---|---|---|
|  |  | Filings) 341(a) Meeting Continued to be held on 9/6/2022 at 11:32 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 08/03/2022) |
| 08/04/2022 | 283 (24 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)271 Application to Employ Hahn Fife & Company LLP as Accountant for Trustee *with Proof of Service*). (Marshack (TR), Richard) (Entered: 08/04/2022) |
| 08/09/2022 | 284 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Richard A Marshack (TR). Proofs of Claims due by 11/14/2022. (Marshack (TR), Richard) (Entered: 08/09/2022) |
| 08/10/2022 | 285 (1 pg) | Order Granting Chapter 7 Trustee Application to Employ Hahn Fife & Company LLP As Accountant (BNC-PDF) (Related Doc # 271) Signed on 8/10/2022. (GD) (Entered: 08/10/2022) |
| 08/11/2022 | 286 (7 pgs) | BNC Certificate of Notice (RE: related document(s)284 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Richard A Marshack (TR)) No. of Notices: 53. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/12/2022 | 287 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)285 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/12/2022. (Admin.) (Entered: 08/12/2022) |
| 08/15/2022 | 288 (33 pgs) | Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Estate's Interest in Two Vehicles; Declarations in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard) (Entered: 08/15/2022) |
| 08/15/2022 | 289 (6 pgs) | Application *for Order Setting Hearing on Shortened Notice [DK 288]; Declaration in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard) (Entered: 08/15/2022) |
| 08/16/2022 | 290 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice. A hearing on the motion will take place on: August 19, 2022 at 10:00 a.m., Courtroom 5B-Virtual (See Order for Further Rulings) (BNC-PDF) (Related Doc # 289 ) Signed on 8/16/2022 (AM) (Entered: 08/16/2022) |
| 08/16/2022 | 291 | Hearing Set (RE: related document(s)288 Motion to Sale of Property of the Estate under Section 363(b) - No Fee filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 8/19/2022 at 10:00 AM at Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Theodor Albert (AM) (Entered: 08/16/2022) |
| 08/16/2022 | 292 (7 pgs) | Notice of Hearing *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)288 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Estate's Interest in Two Vehicles; Declarations in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 08/16/2022) |
| 08/16/2022 | 293 (4 pgs) | Notice of sale of estate property (LBR 6004-2) 2015 Audi R8 and 2015 Porsche 911 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 08/16/2022) |

EXHIBIT 1, PAGE 54

| Date | Doc | Description |
|---|---|---|
| 08/17/2022 | 294<br>(5 pgs) | Declaration re: *Telephonic and E-Mail Service of Motion and Notice; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)288 Motion For Sale of Property of the Estate under Section 363(b) - No Fee *Estate's Interest in Two Vehicles; Declarations in Support; with Proof of Service*). (Marshack (TR), Richard) (Entered: 08/17/2022) |
| 08/18/2022 | 295<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)290 Order on Generic Application (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2022. (Admin.) (Entered: 08/18/2022) |
| 08/19/2022 | 296<br>(2 pgs) | Order Granting Trustee's Motion To Sell Two Vehicles Outside The Ordinary Course - (BNC-PDF) (Related Doc # 288 ) Signed on 8/19/2022 (AM) (Entered: 08/19/2022) |
| 08/19/2022 | 299 | Hearing Held - Motion is Granted. Overbid is Approved. Movant to submit an order. (RE: related document(s)288 Motion to Sale of Property of the Estate under Section 363(b) - No Fee filed by Trustee Richard A Marshack (TR)) (AM) (Entered: 08/22/2022) |
| 08/21/2022 | 297<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)296 Order on Motion for Sale of Property under Section 363(b) (BNC-PDF)) No. of Notices: 1. Notice Date 08/21/2022. (Admin.) (Entered: 08/21/2022) |
| 08/22/2022 | 298<br>(22 pgs; 2 docs) | Monthly Operating Report. Operating Report Number: #13. For the Month Ending 06/27/2022 Filed by Debtor Don Teruo Kojima, Joint Debtor Susan Lorraine Kojima. (Attachments: # 1 Exhibit) (Golubow, Richard) (Entered: 08/22/2022) |
| 09/02/2022 | 300<br>(3 pgs) | Statement *of Property Sold - 2015 Audi and 2015 Porsche; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/02/2022) |
| 09/07/2022 | 301 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/27/2022 at 11:02 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 09/07/2022) |
| 09/12/2022 | 302<br>(36 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s)277 Application to Employ Marshack Hays LLP as General Counsel *; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service*). (Hays, D) (Entered: 09/12/2022) |
| 09/15/2022 | 303<br>(7 pgs) | Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business *2002 Hummer; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/15/2022) |
| 09/15/2022 | 304<br>(4 pgs) | Notice of sale of estate property (LBR 6004-2) 2002 Hummer Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/15/2022) |

EXHIBIT 1, PAGE 55

| | | |
|---|---|---|
| 09/15/2022 | **305** (2 pgs) | Order Granting Application By Chapter 7 Trustee To Employ Marshack Hays LLP As General Counsel (BNC-PDF) (Related Doc # 277) Signed on 9/15/2022. (GD) (Entered: 09/15/2022) |
| 09/17/2022 | **306** (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)305 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 09/17/2022. (Admin.) (Entered: 09/17/2022) |
| 09/29/2022 | 307 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/11/2022 at 12:32 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 09/29/2022) |
| 09/30/2022 | **308** (4 pgs) | Stipulation By Richard A Marshack (TR) and *Debtors to Extend Deadline to File Complaint Objecting to Discharge Under 11 U.S.C. § 727, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Masud, Laila) (Entered: 09/30/2022) |
| 09/30/2022 | **309** (2 pgs) | Order Approving Stipulation To Extend Deadline To File Complaint Objecting To Discharge Under 11 USC § 727 (BNC-PDF) (Related Doc # 308 ) - IT IS ORDERED that: 1. The Stipulation is approved in its entirety; 2. The Deadline for the Trustee to file a complaint to revoke/deny the Debtors a discharge under 11 USC § 727 shall be extended from October 3, 2022, to and including November 3, 2022. - See Order For Further Ruling Signed on 9/30/2022 (GD) (Entered: 09/30/2022) |
| 10/02/2022 | **310** (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)309 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/02/2022. (Admin.) (Entered: 10/02/2022) |
| 10/03/2022 | **311** (3 pgs) | Statement *of Property Sold; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 10/03/2022) |
| 10/12/2022 | 312 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/25/2022 at 01:02 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 10/12/2022) |
| 10/27/2022 | 313 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/29/2022 at 11:02 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 10/27/2022) |
| 11/02/2022 | **314** (5 pgs) | Stipulation By Richard A Marshack (TR) and *Debtors to Extend Deadline to File Complaint Objecting to Discharge Under 11 U.S.C. Section 727; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Masud, Laila) (Entered: 11/02/2022) |
| 11/02/2022 | **315** (2 pgs) | Order Approving Stipulation To Extend Deadline To File Complaint Objecting To Discharge Under 11 USC § 727 (BNC-PDF) (Related Doc # 314 ) - IT IS ORDERED that: 1. The Stipulation is approved in its entirety; 2. The Deadline for the Trustee to file a complaint to revoke/deny the Debtors a discharge under 11 USC § 727 shall be extended from November 3, 2022, to including December 16, 2022. Signed on 11/2/2022 (GD) (Entered: 11/02/2022) |

EXHIBIT 1, PAGE 56

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| 11/04/2022 | 316<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)315 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 11/04/2022. (Admin.) (Entered: 11/04/2022) |
| --- | --- | --- |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 11/29/2022 17:10:42 | | |
| **PACER Login:** | atty322146 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11352-TA Fil or Ent: filed From: 8/31/2000 To: 11/29/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 1, PAGE 57

**EXHIBIT 2**

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Don Teruo Kojima** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Susan Lorraine Kojima** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **8:21-bk-11352-TA**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

1.1

| | | |
|---|---|---|
| **7 Shoreridge** | | |
| Street address, if available, or other description | | |

| | | |
|---|---|---|
| **Newport Coast** | **CA** | **92657-0000** |
| City | State | ZIP Code |

| |
|---|
| **Orange** |
| County |

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$12,000,000.00** | **$12,000,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☑ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here................................................=>    **$12,000,000.00**

**Part 2:**    **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

EXHIBIT 2, PAGE 58

Case 8:21-bk-11352-TA    Doc 301    Filed 06/16/21    Entered 06/16/21 13:59:25    Desc
CORRECT Doc New   SSR   Page 12 of 63

| Debtor 1 | **Don Teruo Kojima** | | Case number *(if known)* | **8:21-bk-11352-TA** |
| Debtor 2 | **Susan Lorraine Kojima** | | | |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **AMC** |
|---|---|---|

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| 3.1 | Make: | **AMC** |
|---|---|---|
| | Model: | **Hummer** |
| | Year: | **2002** |
| | Approximate mileage: | **53752** |
| | Other information: | |
| | **Inoperable for several years** | |

Current value of the entire property? **$30,000.00**
Current value of the portion you own? **$30,000.00**

| 3.2 | Make: | **Audi** |
|---|---|---|
| | Model: | **R8** |
| | Year: | **2015** |
| | Approximate mileage: | **5415** |
| | Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ **Check if this is community property**
(see instructions)

Current value of the entire property? **$80,000.00**
Current value of the portion you own? **$80,000.00**

| 3.3 | Make: | **Porsche** |
|---|---|---|
| | Model: | **911** |
| | Year: | **2015** |
| | Approximate mileage: | **11051** |
| | Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ **Check if this is community property**
(see instructions)

Current value of the entire property? **$80,000.00**
Current value of the portion you own? **$80,000.00**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=>**   **$190,000.00**

| **Part 3:** | **Describe Your Personal and  Household Items** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

**Major appliances; Furniture; China/Crystal; Kitchenware**   **$11,000.00**

EXHIBIT 2, PAGE 59

Case 8:21-bk-11352-TA    Doc 301    Filed 06/16/21    Entered 06/16/21 13:59:25    Desc
CORRECTED w/o SSN    Page 135 of 63

| Debtor 1 | Don Teruo Kojima | | |
|---|---|---|---|
| Debtor 2 | Susan Lorraine Kojima | Case number *(if known)* | 8:21-bk-11352-TA |

**7.  Electronics**
> *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
■ Yes. Describe.....

| Televisions; Sound System | $5,000.00 |
|---|---|

**8.  Collectibles of value**
> *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
■ Yes.  Describe.....

| Antiques; Pantings/Prints; Designer Luggage | $5,000.00 |
|---|---|

**9.  Equipment for sports and hobbies**
> *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
■ Yes.  Describe.....

| Pool table; Golf Clubs; Exercise Equipment; Musical Equipment | $7,500.00 |
|---|---|

**10.  Firearms**
> *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes.  Describe.....

**11.  Clothes**
> *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes.  Describe.....

| Everyday clothes; Shoes; Fur Coat; Accessories (Purses) | $5,000.00 |
|---|---|

**12.  Jewelry**
> *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes.  Describe.....

| Watches; Earrings; Costume Jewelry; Rings; Bracelets | $20,000.00 |
|---|---|

**13.  Non-farm animals**
> *Examples:* Dogs, cats, birds, horses

☐ No
■ Yes.  Describe.....

| Box Turtle | $0.00 |
|---|---|

**14.  Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes.  Give specific information.....

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 8:21-bk-11352-TA    Doc 391    Filed 06/16/21    Entered 06/16/21 13:59:25    Desc
CREDITOR Main SSN Page 1 of 63

| Debtor 1 | Don Teruo Kojima | | |
|---|---|---|---|
| Debtor 2 | Susan Lorraine Kojima | Case number *(if known)* | 8:21-bk-11352-TA |

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here** ..............................................................................

<div align="right">$53,500.00</div>

---

**Part 4:  Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16.  Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
☑ Yes.................................................................................

<div align="right">Cash      $1,200.00</div>

---

**17.  Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
institutions. If you have multiple accounts with the same institution, list each.
☐ No
☑ Yes........................
Institution name:

| | | Wells Fargo - $5,194.95 | |
|---|---|---|---|
| 17.1. | **Checking** | **Chase Bank - $2,605.66** | $7,800.61 |

---

**18.  Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
☑ No
☐ Yes..................
Institution or issuer name:

**19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
joint venture**
☐ No
☑ Yes.  Give specific information about them...................
Name of entity:      % of ownership:

| | | |
|---|---|---|
| **Kojima Development Company, LLC** | **66.6 %** | **Unknown** |

---

**20.  Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
☑ No
☐ Yes. Give specific information about them
Issuer name:

**21.  Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☑ No
☐ Yes. List each account separately.
Type of account:      Institution name:

**22.  Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
☑ No
☐ Yes. .....................
Institution name or individual:

**23.  Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
☑ No
☐ Yes.............
Issuer name and description.

---

EXHIBIT 2, PAGE 61

| | |
|---|---|
| Debtor 1 | **Don Teruo Kojima** |
| Debtor 2 | **Susan Lorraine Kojima** |

Case number *(if known)*    **8:21-bk-11352-TA**

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............      Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☐ No
■ Yes. Give specific information about them...

| | |
|---|---|
| **California Department of Real Estate Broker License** | **$1,000.00** |

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
☐ No
■ Yes.  Give specific information..

| | |
|---|---|
| **Social Security received each month - Don Kojima - $1259.50 per month = $15,114 per year**  **Exemption intended to cover all present and future benefits** | **$1,259.50** |
| **Social Security received each month - Susan Kojima - $1,276.50 per month = $15,318 per year**  **Exemption intended to cover all present and future benefits** | **$1,276.50** |
| **Unpaid loan made to Kojima Development Company, LLC** | **$4,500,000.00** |
| **Management Fee from Kojima Development Company, LLC** | **$300,000.00** |

EXHIBIT 2, PAGE 62

Case 8:21-bk-11352-TA    Doc 301    Filed 06/16/21    Entered 06/16/22 11:35:25    Desc
CORRECT TO Main SSR    Page 1 of 63

| Debtor 1 | Don Teruo Kojima | | |
|---|---|---|---|
| Debtor 2 | Susan Lorraine Kojima | Case number *(if known)* | **8:21-bk-11352-TA** |

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

| | Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|---|

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................**

| | $4,812,536.61 |
|---|---|

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest In That You Did Not List Above |
|---|---|

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here ....................................**

| | $0.00 |
|---|---|

EXHIBIT 2, PAGE 63

Case 8:21-bk-11352-TA    Doc 301    Filed 06/16/21    Entered 06/16/22 13:59:25    Desc
CORRECT ROE w/o SSR    Page 47 of 63

Debtor 1    **Don Teruo Kojima**

Debtor 2    **Susan Lorraine Kojima**

Case number *(if known)*    **8:21-bk-11352-TA**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................... | | **$12,000,000.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$190,000.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$53,500.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$4,812,536.61** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** + | **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$5,056,036.61**   Copy personal property total | **$5,056,036.61** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | **$17,056,036.61** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

EXHIBIT 2, PAGE 64

**EXHIBIT 3**

1 | ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
2 | *mgottfried@elkinskalt.com*
ROYE ZUR, State Bar No. 273875
3 | *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
4 | Los Angeles, California  90064
Telephone: 310.746.4400
5 | Facsimile: 310.746.4499

6 | Attorneys for Creditors Chase Kaufman, Michael
Garrison, and Zach Powers

7

FILED & ENTERED

NOV 16 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10

11 | In re                                    | Case No. 8:21-bk-11352-TA

12 | DON TERUO KOJIMA and SUSAN                | Chapter 11
   | LORRAINE KOJIMA,
13 |                                          | **ORDER APPROVING STIPULATION**
   |          Debtors.                        | **RE: RELIEF FROM THE AUTOMATIC**
14 |                                          | **STAY TO PROCEED WITH STATE**
   |                                          | **COURT LITIGATION**
15
   |                                          | **[Relates to Docket No. 106]**
16
   |                                          | Hon. Theodor Albert
17

18

19

20

21

22

23

24

25

26

27

28

4374318.1

ORDER APPROVING STIPULATION RE: RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH
STATE COURT LITIGATION

EXHIBIT 3, PAGE 65

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    The Court having reviewed the *Stipulation Re: Relief From the Automatic Stay to Proceed*

2    *with State Court Litigation* (the "Stipulation") [Docket No. 106] entered into by creditors Chase

3    Kaufman, Michael Garrison, and Zach Powers (collectively, "Creditors") on one hand, and Don

4    Teruo Kojima and Susan Lorraine Kojima ("Debtors"), on the other hand; and good cause

5    appearing therefor,

6    **IT IS HEREBY ORDERED THAT:**

7    1.    The Stipulation shall be and hereby is APPROVED.

8    2.    Thirty days after the date of entry of this Order, the automatic stay shall be

9    modified to permit the action entitled *Garrison, et al. v. Kojima, et al.*, Case No. CIVDS2001906,

10    pending in the San Bernardino County Superior Court, to proceed to final judgement, including all

11    appeals.

12    3.    No action may be taken to enforce any final judgment against Debtors absent

13    further order of the Court.

14    ###

15

16

17

18

19

20

21

22

23    Date: November 16, 2021

24    Theodor C. Albert
United States Bankruptcy Judge

25

26

27

28

4374318.1    2

ORDER APPROVING STIPULATION RE: RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH
STATE COURT LITIGATION

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California  90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

EXHIBIT 3, PAGE 66

**EXHIBIT 4**

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
MICHAEL I. GOTTFRIED, State Bar No. 146689
  mgottfried@elkinskalt.com
ROYE ZUR, State Bar No. 273875
  rzur@elkinskalt.com
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiffs Chase Kaufman, Michael
Garrison, and Zach Powers

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11352-TA |
| DON TERUO KOJIMA and SUSAN LORRAINE KOJIMA | Chapter 11 |
| Debtors. | Adv. No.: |
| | **COMPLAINT FOR:** |
| CHASE KAUFMAN, MICHAEL GARRISON, and ZACH POWERS | **(1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523; AND** |
| Plaintiffs, | |
| v. | **(2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727** |
| DON TERUO KOJIMA and SUSAN LORRAINE KOJIMA | The Hon. Theodor C. Albert |
| Defendants. | |

Plaintiffs Chase Kaufman, Michael Garrison, and Zach Powers ("Creditors" or "Plaintiffs")

allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding (this "Action") pursuant

to 28 U.S.C. §§ 157 and 1334.  This Action is a core proceeding pursuant to the provisions of 28

U.S.C. § 157(b)(2)(A), (J) and (O), and this Court has jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. § 1334.  This Action arises in a case under Chapter 11 of title 11 of the

4374931.1

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 67

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

United States Code entitled, *In re Don Teruo Kojima and Susan Lorraine Kojima*, which has been assigned case number 8:21-bk-11352-TA and is pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Bankruptcy Case") for Don Teruo Kojima and Susan Lorraine Kojima, as debtors (the "Debtors"). Plaintiffs consent to the entry in this Action of final orders or judgment by the Bankruptcy Court.

## THE PARTIES

2.     Creditors are individuals residing in County of Los Angeles, California. Creditors are plaintiffs in a litigation pending in the Superior Court of the State of California for the County of San Bernardino against the Debtors and their son, Cameron Kojima.

3.     The Defendants are the Debtors in the above-captioned Bankruptcy Case, and are individuals who, at all relevant times, have resided in the County of Orange, California.

## GENERAL ALLEGATIONS

### Debtors Fraudulently Induce Creditors to Invest in the Adelanto Project

4.     In early 2016, the Debtors' son, Cameron Kojima ("Cameron"), arranged for a series of meetings between Creditors and Debtors, for the purpose of soliciting and discussing Creditors' potential investment into and participation in the development of real property in Adelanto, California, and business relationships associated therewith (the "Adelanto Project").

5.     On or about February 9, 2016, Cameron Kojima arranged a meeting with Creditor Chase Kaufman to solicit Kaufman's investment into the Adelanto Project. Cameron Kojima then followed up with additional solicitation efforts in a meeting with Kaufman on or about February 16, 2016.

6.     Following the February 2016 meetings wherein Cameron Kojima solicited Kaufman to invest in the Adelanto Project, later in early 2016, Cameron Kojima arranged for meetings between Kaufman and the Debtors, for the Debtors to elaborate, expand, and detail the terms, strategy, and framework of the investment into the Adelanto Project.

7.     The meetings between Kaufman and Debtors took place at the Debtors' residence at 7 Shoreridge, Newport Beach, CA 92657 (the "Residence") in or about February and March, 2016. At those meetings at the Residence, Debtors made several representations of material fact

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

2

EXHIBIT 4, PAGE 68

1  pertaining to Debtors, the Adelanto Project, the investment opportunity for Kaufman and others,

2  and for a partnership to be created among Debtors, Creditors, and Cameron Kojima. At the

3  meetings at the Residence Debtor Don Kojima, in the presence of and with the assistance of

4  Debtor Susan Kojima, represented that Debtors and Creditors would be partners in the Adelanto

5  Project. Debtors' primary solicitation was designed to induce Creditor Kaufman to deposit

6  $250,000 into an entity formed by Debtors for the purpose of serving as the investment vehicle for

7  the Adelanto Project.

8      8.      Separately, and simultaneously, in or about the first half of 2016, the Debtors

9  solicited Creditor Michael Garrison ("Garrison") and Creditor Zachary Powers ("Powers") to

10  invest in the Adelanto Project, similarly meeting with Garrison and Powers at the Residence,

11  making statements and representations to Garrison and Powers concerning the Debtors' financial

12  affairs and concerning the Debtors' investment in and contribution to the Adelanto Project.

13      9.      At the meetings with Debtors and Cameron at the Residence, the Debtors made

14  representations of material fact, which representations were false and which falsity was known to

15  Debtors at the time that the representations were made, and which misrepresentations were made

16  with the goal of inducing Creditors to invest money into the Adelanto Project, and which

17  misrepresentations Creditors in fact relied upon in agreeing to invest in the Adelanto Project

18  (hereinafter the "Fraudulent Inducement Statements").

19      10.      At the meetings at the Residence, Debtors induced Creditors to invest collectively

20  more than $1,000,000 with Debtors and their son Cameron Kojima, as described more fully

21  below. Debtors used the Residence as part of their device and scheme to lure unsuspecting

22  investors to believing Debtors' misrepresentations as to Debtors' financial wherewithal and as to

23  Debtors' investments into the Adelanto Project. Debtors affirmatively misrepresented the nature

24  and extent of their financial affairs to induce Creditors to invest funds into the Adelanto Project.

25  Creditors relied upon Debtors' representations as to (1) their financial condition; and (2) their

26  investment into the Adelanto Project, in agreeing to invest in the Adelanto Project.

27      11.      The Fraudulent Inducement Statements included, *inter alia*: (1) that Debtors had

28  already invested millions of dollars of their own into the Adelanto Project, which investments

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

3

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

1  would remain in the Adelanto Project for the duration of Creditors' investment into the Adelanto

2  Project; (2) that if Creditors invested money into the Adelanto Project, Creditors would be co-

3  owners of the assets and business of the Adelanto Project alongside Debtors, in equal

4  proportionate shares based upon the capital contributions of the owners into the Adelanto Project;

5  (3) that if Creditors invested sums of between $250,000 - $550,000, Creditors would be minority

6  shareholders based upon an equal percentage interest relative to the capital contributions of the

7  owners of the Adelanto Project, who were primarily the Debtors; (4) that if Creditors invested in

8  the Adelanto Project, Creditors would be actively involved in the management, operation, and

9  control of the operations and investments of the Adelanto Project as co-owners of the entirety of

10  the Adelanto Project.

11      12.    Based upon and in reasonable reliance upon the Fraudulent Inducement Statements,

12  Creditors invested more than $450,000 with Debtors, depositing the sums into entities as directed

13  by Debtors, which entities were created by Debtors, purportedly for the purposes of the Adelanto

14  Project. In true fact, the entities into which Creditors deposited the sums in excess of $450,000

15  were nothing but empty shell companies without any business activity, not used for the Adelanto

16  Project or for the purposes described to Creditors, which entities Debtors used solely as

17  instrumentalities and conduits for Debtors' theft, misappropriation, and embezzlement of the

18  entirety of Creditors' investment, unbeknownst to Creditors.

19      13.    Unbeknownst to Creditors, the true facts, at the time that the Debtors made the

20  Fraudulent Inducement Statements, were that (1) Debtors had not invested "millions" into the

21  Adelanto Project; (2) Debtors had no intention to keep any meaningful percentage of funds or

22  interest in the Adelanto Project, and indeed Debtors withdrew 80% of Debtors' capital

23  contributions and/or investments into the Adelanto Project within less than 30 days of Creditors'

24  deposit of funds into the Adelanto Project; (3) Debtors created a complex web of shell entities and

25  companies designed to distance and cut off Creditors from any ownership of the Adelanto Project

26  and/or any of its assets, while intentionally masking Debtors' lack of capital contributions to the

27  Adelanto Project as well as Debtors' ownership of entities that Debtors caused to own all the

28  valuable assets of the Adelanto Project (all of which were created at or about the time of

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

4

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   Creditors' investment into the Adelanto Project); (4) Debtors deprived Creditors of any actual

2   ownership interest in the Adelanto Project or its assets, while embezzling and wrongfully

3   transferring Creditors' investments to entities owned by Debtors; and (5) Debtors denied

4   Creditors' ownership of the approximately 47 acres of real property in Adelanto, California that

5   was acquired for and as part of the Adelanto Project, using primarily if not exclusively Creditors'

6   funds.

7   14.   Subsequent to the initial investment of Creditors, Debtors made additional

8   representations of material fact, which representations were false and which falsity was known to

9   Debtors at the time that the representations were made, and which misrepresentations were made

10  with the goal of inducing Creditors to (i) invest additional sums into the Adelanto Project; (ii)

11  devote significant time and labor to the Adelanto Project; (iii) incur significant expenses and out-

12  of-pocket costs for the development, furtherance, and improvement of the Adelanto Project

13  including specifically the approximately 47 acres of unimproved real property acquired for the

14  Adelanto Project; and (iv) refrain from taking steps to protect their interests (hereinafter the "Post-

15  Investment Misrepresentations").

16  15.   The Post-Investment Misrepresentations included, *inter alia*: (1) that there was a

17  requirement that the land that was to be acquired for the Adelanto Project must be initially titled in

18  a "holding company" other than the entity that would own, operate, and manage the Adelanto

19  Project; (2) that immediately post-closing, Creditors and the other co-owners of the Adelanto

20  Project would be equal proportionate-share owners of the "holding company" in which title to the

21  acquired land was vested; (3) that title to the 47 acres of land acquired as part of the Adelanto

22  Project had to be, *and was in fact*, transferred to Mitsui Adelanto Partners, LLC; (4) that the

23  entities in which Creditors invested would each own at least two valuable manufacturing and

24  distribution licenses; and (5) other statements concerning the capitalization, ownership, control,

25  and operation of the Adelanto Project and the land acquired for the Adelanto Project.

26  16.   Based upon and in reasonable reliance upon the Post-Investment

27  Misrepresentations, which misrepresentations Creditors in fact relied upon, (i) Creditors invested

28  additional sums of more than $750,000 into the Adelanto Project; (ii) Creditors devoted significant

4374931.1

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    time and labor to the Adelanto Project, and Creditors further brought contracts and business

2    relationships to Debtors and to the Adelanto Project; (iii) Creditors incurred significant expenses

3    and out of-pocket costs for the development, furtherance, and improvement of the Adelanto

4    Project including specifically improvements and added utilities and structures on the

5    approximately 47 acres of unimproved real property acquired for the Adelanto Project; and (iv)

6    Creditors refrained from taking steps to protect their interests in the Adelanto Project and/or to

7    confirm their ownership interest in the Adelanto Project.

8       17.    Unbeknownst to Creditors, the true facts, at the time that the Debtors made the

9    Post-Investment Misrepresentations, were that (1) there was no requirement that the land acquired

10   for the Adelanto Project be titled in a "holding company" other than the entity that would own,

11   operate, and manage the Adelanto Project; (2) Creditors and the owners of the Adelanto Project

12   were not made equal proportionate-share owners of the "holding company" in which title to the

13   acquired land was vested; (3) title to the 47 acres of land acquired as part of the Adelanto Project

14   (acquired using primarily, if not exclusively, Creditors' investment) was not transferred to Mitsui

15   Adelanto Partners, LLC; (4) the entities into which Creditors deposited their investment funds

16   were not the entities that ultimately would own the valuable licenses; and (5) Debtors usurped,

17   misappropriated, and embezzled the additional funds invested by Creditors for Debtors' own

18   personal gain and benefit, not in accordance with the representations made to Creditors.

19                    **Debtors' Embezzlement of Creditors' Funds**

20      18.    In 2016 Creditors invested more than $1,200,000 as requested and directed by

21   Debtors, for the Adelanto Project. Creditors' investments were primarily made into entities created

22   by Debtors, purportedly for the benefit of Creditors and as part of the Adelanto Project: Dionysus

23   Cultivation Partners, I, LLC ("Dio I") and Dionysus Cultivation Partners III, LLC ("Dio III").

24      19.    Debtors and their son, Cameron, created, controlled, managed, operated, and

25   directed Dio I and Dio III.  After Creditors deposited their investments, Debtors and Cameron

26   specifically excluded Creditors from access to the bookkeeping, record-keeping, accounting, and

27   written corporate minutes of Dio I and Dio III, while engaging and meeting with Creditors

28   routinely, at times up to three (3) times per week, to discuss the operations, management,

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 72

1    direction, and development of the Adelanto Project, at all relevant times treating Creditors as

2    owners in the Adelanto Project and all of its assets.

3        20.    Debtor Susan Kojima acted as the bookkeeper of Dio I and Dio III. Debtor Susan

4    Kojima and Cameron were the sole signatories on the bank accounts of Dio I and Dio III. Debtors

5    installed the sister of Debtor Susan Kojima, Janet Luyet, as the accountant for Dio I and Dio III.

6    Creditors reposed trust and confidence upon Susan Kojima's and Cameron Kojima, including

7    without limitation by entrusting Susan and Cameron to sole access to and authority over the bank

8    accounts of Dio I and Dio III.

9        21.    By virtue of the foregoing relationships of reposed trust and confidence (which

10   reposed trust and confidence Debtors and Cameron knowingly and voluntarily assumed onto

11   themselves, including in representations by Susan and Cameron to financial institutions including

12   without limitation Wells Fargo Bank, holding themselves out as "key executive[s] with control of

13   the Entity"), and owing to the managerial positions of Debtors and their affiliates, together with

14   Debtors' intentional and deliberate failure to share with Creditors any of the information

15   concerning the accounting, bookkeeping, and recordkeeping in connection with Dio I and Dio III;

16   and in withholding written corporate minutes from Creditors, Debtors owed Creditors a fiduciary

17   duty, including without limitation in connection with (1) handling of Creditors' investments; (2)

18   management of the books, accounts, records, and accounting of the entities into which Debtors

19   directed Creditors to invest, including Dio I and Dio III; and (3) management and operation of Dio

20   I and Dio III.

21       22.    Debtors and Cameron, working together on a common scheme and plan, conspired

22   to and did in fact breach their fiduciary duties to Creditors in at least the following ways: (1)

23   transferring Creditors' investments (in sums of more than $500,000) out of Dio I and Dio III for

24   no consideration and without any benefit to Dio I and Dio III, for the Debtors' own benefit; (2)

25   misusing, misappropriating, and embezzling Creditors' investments into Dio I and Dio III for their

26   own personal profit and gain, including without limitation by unilaterally transferring money out

27   of Dio I and Dio III without any justification or business purpose therefore, to Debtors' company

28   Kojima Development Company, LLC ("KDC"), to the Debtors directly, and to other entities

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

7

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

owned by Debtors and Cameron (but often masking and hiding said transactions from Creditors, including by transferring funds through intermediary entities in attempt to conceal the transfer of funds to Debtors or their entities); (3) excluding Creditors from the revenues and profits generated by the Adelanto project; (4) misappropriating, transferring, misusing, and embezzling the proceeds of the efforts and labor devoted by Creditors into the Adelanto Project, by, for example, secretly and without Creditors' knowledge causing the valuable licenses generated by Creditors' efforts and paid for by Creditor Kaufman, to be issued to entities in which Creditors shared no ownership or participation (unbeknownst to Creditors); (5) misappropriating the contracts and key business relationships of Creditors, which Creditors devoted to the Adelanto Project under the belief, formed based upon the Debtors' statements including without limitation the Fraudulent Inducement Statements and the Post-Investment Misrepresentations, that Creditors are equity owners of the Adelanto Project and its assets, land, licenses, and resources; and (6) engaging in a series of self-dealing transactions whereby the money, time, resources, relationships, assets, and investments of Creditors were misappropriated and converted by Debtors and Cameron for their own use and benefit, to Creditors' detriment.

23.    Creditors are informed and believe and thereon allege that Debtors engaged in the conduct as alleged hereinabove knowingly, intentionally, deliberately, and maliciously to embezzle Creditors' investments and money, to breach their fiduciary obligations and duties to Creditors, to defraud Creditors, and to embezzle Creditors' assets and investments by abusing the trust and confidence reposed in Debtors by Creditors.

24.    Creditors are informed and believe and thereon allege that Debtors engaged in the conduct as alleged hereinabove knowingly, intentionally, deliberately, and maliciously, as part of a preplanned scheme and plan to take the property of Creditors and to injure Creditors and their investments into the Adelanto Project.

25.    Creditors are further informed and thereon allege that at a minimum, even if the Court finds that Debtors' conduct as hereinabove alleged does not rise to the level of malicious, willful, and/or fraudulent conduct, and even if the Court finds that the conduct as hereinabove alleged is not embezzlement, the Debtors nonetheless defalcated Creditors' assets and investments

4374931.1
8
COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 74

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    while acting in a fiduciary capacity, including specifically as fiduciaries of Creditors' investments

2    into the Adelanto Project.

3        26.    Based on the foregoing allegations (and others), on January 22, 2020, Creditors

4    commenced an action against the Debtors and Cameron in San Bernardino County Superior Court,

5    which action is entitled *Garrison, et al. v. Kojima, et al.*, Case No. CIVDS2001906.

**Debtors' Bankruptcy Filing; Debtors Submit False and Misleading**

**Schedules and Statement of Financial Affairs**

8        27.    On May 26, 2021, the Debtors filed a voluntary petition for relief under Chapter 11

9    of the Bankruptcy Code, thereby commencing this Bankruptcy Case.  The Debtors' purported

10   purpose for filing this Bankruptcy Case was to avoid a scheduled foreclosure of the Residence.

11       28.    On or about June 16, 2021, the Debtors filed their Schedules and Statement of

12   Financial Affairs [Docket No. 30].  As provided more fully herein, the Schedules and Statement of

13   Financial Affairs: (i) fail to disclose the Debtors' connections with multiple business entities that

14   were owned and/or controlled by the Debtors prior to the filing of the bankruptcy case; (iii) mis-

15   characterize the Debtors' initial capital contribution to Debtors' entity, Kojima Development

16   Corporation ("KDC"), as a loan in the amount of $4,500,000; and (iii) vastly inflate the Debtors'

17   purported Income in Schedule I of the Schedules.

18       29.    Debtors failed to disclose their ownership and/or other connections with multiple

19   business entities as required by question 27 of the Statement of Financial Affairs.  In response to

20   this question, Debtors falsely state that Mrs. Kojima's only connection to a business is as a

21   member of KDC.  That response is contradicted by, *inter alia*, the Debtors' testimony at the 341(a)

22   meetings regarding the Debtors' ownership and divestment of multiple business entities involved

23   in the cannabis business (the "Adelanto Entities").[1]

24       30.    Debtors' failure to disclose their business connections, ownership and/or other

26   ──────────────
     [1] The Adelanto Entities consist of: Apollo Cultivation Management, LLC ("ACM"), Cameron Ranch Adelanto
     Partners, LLC ("CRAP"), DIO I, II, and III, Mitsui Adelanto Partners ("Mitsui"), and Apollo Management ("AM").
27   At this time, the only entities with any remaining value are: (a) ACM, which holds two cannabis licenses (for
     manufacturing and distribution) and operates a cannabis business and is the sole operating business entity; (b) CRAP,
28   which owns 47 acres of real property in Adelanto, California; and (c) AM, which as the purported property manager
     of CRAP's real property, and which may hold leases or contracts involving said property.

4374931.1

9

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 75

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

connections with the Adelanto Entities on their Schedules and Statement of Financial Affairs also

is contradicted by Mrs. Kojima's filings with the California Secretary of State which provide that:

(a) Mrs. Kojima was a member of CRAP as of February 26, 2020; (b) Mrs. Kojima was a partner

of ACM as of April 25, 2020; (c) Mrs. Kojima was a manager of Apollo Management as of

February 18, 2021; and (d) Mrs. Kojima was a member of CK Development as of February 26,

2020.

31.    Debtors' failure to disclose their business connections, ownership, and/or other

interests in the Adelanto Entities on their Schedules and Statement of Financial Affairs also is

contradicted by the fact that Mrs. Kojima signed virtually all checks on behalf of ACM (including

a post-petition check of ACM), and that Mrs. Kojima signed a Ground Lease between CRAP and

ACM, dated as of October 11, 2016, as Manager of ACM.

32.    Debtors' failure to disclose their business connections, ownership, and/or other

interests in the Adelanto Entities on their Schedules and Statement of Financial Affairs is a willful

attempt to shield themselves from their connection with the cannabis industry and their transfer of

valuable estate assets to their son, Cameron Kojima.

33.    The Debtors also grossly inflate their income on Schedule I, which they state is

$64,739 consisting primarily of a "management fee" from KDC in the amount of $25,000 per

month, and monthly interest of $37,500 from an unsubstantiated loan to KDC. There are,

however, two fundamental issues with respect to the reported income on the Schedules: (1) KDC

does not have the funds or the ability to pay the Debtors $62,500 per month and it has rarely, if

ever, done so; and (2) the Debtors' purported "loan" to KDC is not a loan at all, but instead, is a

capital contribution. As the Debtors testified at their 341(a) meeting, the Debtors simply withdraw

funds from KDC as they deem necessary, with no regard for KDC's separate corporate identity –

the purported bases for doing so are a sham.

34.    On or about June 29, 2021, the Debtors filed their *Periodic Report Regarding*

*Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial*

*or Controlling Interest* (the "Kojima Development Report") [Docket No. 38].

35.    The Kojima Development Report – which largely pertains to the Debtors' wholly-

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

10

EXHIBIT 4, PAGE 76

1  owned entity, KDC – provides information that is inconsistent with the Schedules, and with the

2  Debtors' testimony at the 341(a) meetings.

3       36.     The Kojima Development Report includes a December 31, 2019 Balance Sheet of

4  KDC in which the Debtors' purported loan to KDC is listed as a capital contribution. Indeed, the

5  KDC Balance Sheet reflects that KDC had total liabilities of only $324,838, and does not reflect

6  any loan made by the Debtors to KDC.

7  <u>**Debtors Undisclosed Divestment of the Adelanto Entities**</u>

8       37.     On June 30, 2021, the Office of the United States Trustee (the "U.S. Trustee") held

9  the initial 341(a) meeting of creditors at which counsel for the U.S. Trustee questioned the Debtors

10  for over three hours regarding, among other things, the Debtors' purported divestment of their

11  ownership interest in the Adelanto Entities, including ACM and CRAP.  The U.S. Trustee

12  continued the 341(a) meeting to August 25, 2021, at which time the U.S. Trustee continued to

13  question the Debtors about the purported divestment of the Adelanto Entities.

14       38.     The Debtors' testimony at the 341(a) meetings regarding their purported

15  divestments of the Adelanto Entities for so-called "estate planning purposes" was inconsistent

16  with the Kojima Development Report, as well as the tax returns for the Adelanto Entities, as well

17  as a Membership Purchase Agreement dated April 30, 2020, each of which tells a different story.

18       39.     According to the Debtors' testimony at the 341(a) meeting, KDC purportedly

19  transferred a 25% ownership in the Adelanto Entities to Cameron in 2018, and another 25% in

20  2019.  As such, if the Debtors' testimony was true, KDC would have owned only a 50% interest in

21  those entities by the end of 2019.  However, Debtors' testimony regarding the transfer of the

22  Adelanto Entities to their son and/or his entity is directly contradicted by the Adelanto Entities'

23  federal tax returns, which reflect that as of 2018 and 2019, KDC owned 90% of the profit of

24  ACM, 90% of the profit of CRAP, and 90% of the profit of Apollo Management.

25       40.     Debtors' testimony at the 341(a) meeting and the aforementioned tax returns of the

26  Adelanto Entities are further contradicted by the Kojima Development Report, which provides that

27  as of 2019, KDC owned a 66.7% interest in CRA without any reference to KDC's ownership of

28  CRAP, ACM, or Apollo Management in any amounts.  Instead, the Kojima Development Report

Elkins Kalt Weintraub Reuben Gartside LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

11

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 77

1    includes a Balance Sheet for KDC that simply reflects a negative $40,481.22 investment in CRAP,

2    and an investment of $19,246.77 in ACM.

3        41.    The Debtors' various and contradictory stories entirely are contradicted by the

4    Membership Purchase Agreement dated April 30, 2020, in which KDC sold 10 membership

5    interest units of ACM, representing 10% of the entirety of membership interest units of ACM, to

6    Tri-Epic I, Inc. ("Tri-Epic") for $50,000.  The Membership Purchase Agreement, which is signed

7    by Don Kojima as Manager of KDC, includes the representation by KDC that it is "the record and

8    beneficial owner of the Units free and clear of all liens, encumbrances, claims, pledges,

9    mortgages, security interests or other limitations . . . ." and further recites that KDC is the "owner

10    of 100 membership interests units of Apollo Cultivation Management, LLC . . . representing one

11    hundred percent of the membership interest units of ACM."  In other words, as of April 30, 2020,

12    Don Kojima, as Manager of KDC, represented that KDC owned 100% of ACM - - not 25% as

13    represented by him at the 341(a) meetings; not 90% as provided in the 2019 tax returns of the

14    Adelanto Entities prepared by Mrs. Kojima's sister; and not 0% as of 2019 as represented to this

15    Court in the Kojima Development Report.

16    **Debtors Improperly Obtain Post-Petition Financing From Mrs. Kojima's Sister Without**

17    **Proper Notice or Prior Court Approval**

18        42.    On or about July 26, 2021, the Debtors entered into an adequate protection

19    stipulation (the "Adequate Protection Stipulation") with the four creditors holding a total of

20    approximately $8.1 million in secured claims against their personal residence: Wells Fargo with

21    an approximate claim amount of $2,910,717; Bank of America with an approximate claim amount

22    of $2.4 million; Ms. Katherine Meredith with an approximate claim amount of $870,218; and Mr.

23    Cory Meredith with an approximate claim amount of $1,985,445.  Pursuant to the Adequate

24    Protection Stipulation, the Debtors agreed to make adequate protection payments to these creditors

25    in the combined amount of approximately $42,000 per month.  [Docket No. 54.]

26        43.    Creditors filed a limited objection [Docket No. 70] to the Adequate Protection

27    Stipulation on the basis that the Debtors did not appear to have the ability to make monthly

28    payments in the amount of approximately $42,000 given the Debtors' testimony at the 341(a)

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

12

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

meeting that their only regular source of income is from Social Security.

44.     At the continued 341(a) meeting of creditors, the Debtors conceded that they completely had depleted the bank account of a non-debtor affiliate (which purportedly owed a "debt" to KDC) in order to pay the secured creditors as required by the Adequate Protection Stipulation.  The Debtors also disclosed, after being prodded by Creditors and the Office of the United States Trustee, that they obtained a loan from Mrs. Kojima's sister, Janet Luyet, who also happens to be the accountant for the Debtors, the Kojima Entities, and the Adelanto Entities.

45.     Ms. Luyet loaned the money to the Debtors' entity, KDC, which then funneled the loan proceeds directly to the Debtors.  The loan agreement between Ms. Luyet and KDC provides that payment will be due to Ms. Luyet in one installment due on August 23, 2022 in the amount of $104,000.  At the 341(a) meeting of creditors, Mr. Kojima indicated that Ms. Luyet likely would be making a larger loan to KDC for the purpose of enabling the Debtors to make ongoing adequate protection payments.  Debtors have yet to disclose the total amount of loans made by Ms. Luyet, or where they are getting the funds to make adequate protection payments to the secured lenders.

46.     The loan to "KDC" by Ms. Luyet was a sham transaction designed to circumvent the requirement to obtain court approval.  The loan agreement is signed by Don Kojima on behalf of KDC, and the address of KDC is the same address as that of the Debtors.  As KDC has no business operations (other than as a part owner of another non-debtor entity that Debtors also have depleted of any significant ongoing value), and no employees, there is no possible business reason why KDC would require a loan.  And indeed, KDC immediately funneled the loan proceeds to the Debtors for the purpose of making their adequate protection payments.  Moreover, Debtors admitted at the 341(a) meeting that they do not distinguish themselves from KDC.  As stated by Mrs. Kojima: "Because the assets that in Don and Sue's name are our personal possessions . . . . Anything else of value that we have, so to speak it's in Kojima Development.  So we - - it's kind of - - and the only people in Kojima Development are Don, Sue, and Cameron.  So we kind of look at it in the same way."

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 79

<div style="text-align:center; writing-mode:vertical">ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, California 90064<br>Telephone: 310.746.4400 • Facsimile: 310.746.4499</div>

1

**FIRST CLAIM FOR RELIEF**

2

**(For a Determination of Non-Dischargeability Under 11 U.S.C. § 523(a)(2)(A))**

3        47.    Plaintiffs incorporate herein, by this reference, the allegations in paragraphs 1

4    through 22, inclusive, of this Complaint.

5        48.    As set forth in detail above, the Debtors made the Fraudulent Inducement

6    Statements for the express purpose of inducing Creditors to invest over $500,000 with the

7    Debtors.  The Debtors also made the Post-Investment Misrepresentations to the Debtors for the

8    express purpose of inducing Creditors to invest over $700,000 in additional funds.  The Fraudulent

9    Inducement Statements and the Post-Investment Misrepresentations were false, were known by

10   the Debtors to be false, and were made intentionally and maliciously.  Creditors justifiably relied

11   on the Debtors' false statements and were harmed as a result.

12       49.    The damages suffered by Creditors and the debt resulting therefrom by the Debtors

13   are of the kind specified in 11 U.S.C. § 523(a)(2)(A).  Accordingly, by reason of the foregoing,

14   Creditors are entitled to a judgment determining that their claims against the Debtors are non-

15   dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

16

**SECOND CLAIM FOR RELIEF**

17

**(For a Determination of Non-Dischargeability Under 11 U.S.C. § 523(a)(4))**

18       50.    Plaintiffs incorporate herein, by this reference, the allegations in paragraphs 1

19   through 22, inclusive, of this Complaint.

20       51.    As set forth in detail above, the Debtors owed Creditors a fiduciary duty including

21   without limitation in connection with (1) handling of Creditors' investments; (2) management of

22   the books, accounts, records, and accounting of the entities into which Debtors directed Creditors

23   to invest, including Dio I and Dio III; (3) management and operation of Dio I and Dio III.

24       52.    While acting in a fiduciary capacity, Debtors willfully, wrongfully, intentionally,

25   and/or fraudulently transferred, misused, misappropriated, and embezzled Creditors' investments,

26   money, and other property.

27       53.    The damages suffered by Creditors and the debt resulting therefrom by the Debtors

28   are of the kind specified in 11 U.S.C. § 523(a)(4).  Accordingly, By reason of the foregoing,

4374931.1                                        14

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

1  Creditors are entitled to a judgment determining that their claims against the Debtors are non-

2  dischargeable pursuant to 11 U.S.C. § 523(a)(4).

3  **THIRD CLAIM FOR RELIEF**

4  **(For a Determination of Non-Dischargeability Under 11 U.S.C. § 523(a)(6))**

5      54.    Plaintiffs incorporate herein, by this reference, the allegations in paragraphs 1

6  through 22, inclusive, of this Complaint.

7      55.    The Debtors' conduct described in paragraphs 4-22 above constitutes a willful and

8  malicious injury to Creditors.  The damages suffered by Creditors and the debt resulting therefrom

9  by the Debtors are of the kind specified in 11 U.S.C. § 523(a)(6).  Accordingly, by reason of the

10  foregoing, Plaintiffs are entitled to a judgment determining that their claims against the Debtors

11  are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

12  **FOURTH CLAIM FOR RELIEF**

13  **(For Denial of the Debtors' Discharge Under 11 U.S.C. § 727(a)(2)(A))**

14      56.    Plaintiffs incorporate herein, by this reference, all allegations in paragraphs 1

15  through 3 and 23 through 42, inclusive, of this Complaint.

16      57.    Within one year of the Petition Date, the Debtors, with intent to hinder, delay, or

17  defraud their creditors, transferred certain of their property – including some or all of their direct

18  and/or indirect interests in the Adelanto Entities – to Cameron.

19      58.    The Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2)(A)

20  and other applicable law.

21      59.    The Court should deny the Debtors' discharge.

22  **FIFTH CLAIM FOR RELIEF**

23  **(For Denial of the Debtors' Discharge Under 11 U.S.C. § 727(a)(3))**

24      60.    Plaintiffs incorporate herein, by this reference, all allegations in paragraphs 1

25  through 3 and 23 through 42, inclusive, of this Complaint.

26      61.    The Debtors have concealed, destroyed, mutilated, falsified, or failed to keep or

27  preserve any recorded information, including books, documents, records, and papers, from which

28  the Debtors' financial condition or business transactions might be ascertained, including, without

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1
15
COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11
U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

EXHIBIT 4, PAGE 81

1  limitation, documents pertaining to the purported transfers of their interests in the Adelanto

2  Entities to Cameron (or his entity), and such act or failure to act was not justified under all of the

3  circumstances of this Bankruptcy Case.

4      62.     The Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(3) and

5  other applicable law.

6      63.     The Court should deny the Debtors' discharge.

### SIXTH CLAIM FOR RELIEF

### (For a Denial of the Debtors' Discharge Under 11 U.S.C. § 727(a)(4)(A))

9      64.     Plaintiffs incorporate herein, by this reference, all allegations in paragraphs 1

10  through 3 and 23 through 42, inclusive, of this Complaint.

11      65.     The Debtors have knowingly and fraudulently made a false oath or account in and

12  in connection with the Bankruptcy Case with respect to: (a) the purported loan from KDC which

13  was nothing more than a capital contribution; (b) their purported divestment of the Adelanto

14  Entities; and (c) other false statements made at the 341(a) meetings, and in the Debtors' Schedules

15  and Statement of Financial Affairs as described herein.

16      66.     The Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A)

17  and other applicable law.

18      67.     The Court should deny the Debtors' discharge.

### SEVENTH CLAIM FOR RELIEF

### (For a Denial of the Debtors' Discharge Under 11 U.S.C. § 727(a)(5))

21      68.     Plaintiffs incorporate herein, by this reference, all allegations in paragraphs 1

22  through 3 and 23 through 42, inclusive, of this Complaint.

23      69.     The Debtors have failed to explain satisfactorily any loss of assets or deficiency of

24  assets to meet the Debtors' liabilities.  Specifically, as described above, the Debtors have failed to

25  explain satisfactorily the purported transfers of their interests in the Adelanto Entities to Cameron

26  (or his entity).

27      70.     The Debtors are not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(5) and

28  other applicable law.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

16

EXHIBIT 4, PAGE 82

71.    The Court should deny the Debtors' discharge.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Creditors pray that the Court enter a judgment against the Debtors as follows:

A.    On the First Claim for Relief, for a determination that Creditors' claims against the Debtors are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

B.    On the Second Claim for Relief, for a determination that Creditors' claims against the Debtors are non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

C.    On the Third Claim for Relief, for a determination that Creditors' claims against the Debtors are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

D.    On the Fourth Claim for Relief, for a denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

E.    On the Fifth Claim for Relief, for a denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(3).

F.    On the Sixth Claim for Relief, for a denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

G.    On the Seventh Claim for Relief, for a denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(5).

H.    On all claims for relief, for costs of suit and such other and further relief as the Court deems just and proper.

DATED:  February 28, 2022          ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: _____
     MICHAEL I. GOTTFRIED
     Attorneys for Plaintiffs Chase Kaufman, Michael
     Garrison, and Zach Powers

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4374931.1

17

COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W. Olympic Blvd., Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*):

**COMPLAINT FOR: (1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523; AND (2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 28, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 28, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 1, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Judge Theodor Albert
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 28, 2022 | Cecilia G. Avila | /s/ Cecilia G. Avila |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1591891      This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## 1. TO BE SERVED BY THE COURT VIA NEF (Contd.):

- Ryan A. Baggs, rbaggs@wghlawyers.com
- Richard H. Golubow, rgolubow@wghlawyers.com
- Ronald K. Brown, ronrkbrownlaw.com
- Nancy L. Lee, bknotice@mccarthyholthus.com
- Ryan D. O'Dea, rodea@shulmanbastian.com
- Sarah M. St John, sstjohn@shulmanbastian.com
- Katie Irene Wolff, katie.wolff@bofa.com
- Jennifer C. Wong, bknotice@mccarthyholthus.com
- Queenie K. Ng, queenie.k.ng@usdoj.gov
- Richard G. Heston, rheston@hestonlaw.com

## 2. TO BE SERVED BY UNITED STATES MAIL (Contd.):

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Nishimuta Landscape<br>3079 Platte Drive<br>Costa Mesa, CA 92626 | American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 |
| National Bankruptcy Services.com<br>14841 Dallas Parkway, Ste. 300<br>Dallas, TX 75254 | Chase Bank<br>Cardmember Service<br>P.O. Box 6294<br>Carol Stream, IL 60197-6294 | National Bankruptcy Services.com<br>14841 Dallas Parkway, Ste. 300<br>Dallas, TX 75254 |
| Capital One<br>P.O. Box 60599<br>City of Industry, CA 91716-0599 | Macy's<br>P.O. Box 790040<br>Saint Louis, MO 63179-0149 | Southern California Edison<br>Attn: Legal Dept<br>P.O. Box 600<br>Rosemead, CA 91771-0001 |
| SoCalGas<br>P.O. Box C<br>Monterey Park, CA 91756-5111 | Cox<br>P.O. Box 1259<br>Dept. 102280<br>Oaks, PA 19456 | Deepools<br>25885 Trabuco Rd<br>Unit 152<br>Lake Forest, CA 92630 |
| C&H Custom Security Systems, Inc.<br>2201 E. Willow Street, D-331<br>Signal Hill, CA 90755 | Irvine Ranch Water District<br>15600 Sand Canyon Ave.<br>Irvine, CA 92618 | AT&T<br>P.O. Box 537104<br>Atlanta, GA 30353 |
| Anthem Blue Cross<br>P.O. Box 659816<br>San Antonio, TX 78265-9116 | Pelican Crest II Community<br>Newport Coast Community Assoc.<br>c/o FirstService Residential<br>15241 Laguna Canyon Road<br>Irvine, CA 92618 | Irvine Ranch Water District<br>15600 Sand Canyon Ave.<br>Irvine, CA 92618 |

1591891        This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Aetna
Attn: c/o SilverScript Insurance
Company
PO Box 504849
Saint Louis, MO 63150

Chase Miles Kaufman
Schimmel & Parks, APLC
c/o Michael W. Parks, Esq.,
15303 Ventura Blvd, Suite 650
Sherman Oaks, CA 91403

Wells Fargo Home Mortgage
Payments
P.O. Box 51120
Los Angeles, CA 90051

Anthem Blue Cross
P.O. Box 54587
Los Angeles, CA 90054

U.S. Trustee
United States Trustee (SA)
411 W. Fourth Street, Suite 7160
Santa Ana, CA 92701-4593

Don Teruo Kojima
Susan Lorraine Kojima
434 Via Lido Nord
Newport Beach, CA 92663

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

U.S. Securities and Exchange
Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071

MK Consultants, Inc.
One West Deer Valley, Suite 103
Phoenix, AZ 85027

Kaufman Steinberg, LLP
Stephen J. Kaufman, Esq.,
2020 Main Street, Suite 345
Irvine, CA 92614

Kevin E. Robinson, Esq.,
Law Office of Kevin E. Robinson,
970 West 17th Street, Suite D
Santa Ana, CA 92706

Bank of America,
Tampa Mail Services
PO Box 31785
Tampa, FL 33631

Michael P. McNamara, Esq.
Jenner and Block LLP
633 W. 5th Street, Ste. 360
Los Angeles, CA 90071

Cordell Meredith,
6552 Horseshoe Lane
Huntington Beach, CA 92648

Employment Dev. Dept.,
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280

Franchise Tax Board Bankruptcy
Sect, MS: A-340
P.O. Box 2952
Sacramento, CA 95812

Pelican Crest II Community,
Newport Coast Community Assoc,
c/o FirstService Residential Calif,
P.O. Box 62053
Newark, NJ 07101

State Board of Equalization,
Acct. Information Group,
MIC: 29
P.O. Box 942879
Sacramento, CA 94279

Total Lender Solutions, Inc.
10505 Sorrento Valley Rd.
Suite 125
San Diego, CA 92121

Total Lender Solutions, Inc.
PO Box 910739
San Diego, CA 92191

Irvine Ranch Water District,
P.O. Box 51403,
Los Angeles, CA 90051

Ronald K. Brown Jr.
Law Offices of Ronald K. Brown,
Jr., APC
901 Dove Street, Suite 120
Newport Beach, CA 92660

Katherine J Meredith, c/o S.B.S.
Trust Deed Network
31194 La Baya Drive #106,
Westlake Village, CA 91362

---

1591891     This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 4, PAGE 86

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Chase Kaufman<br>Michael Garrison<br>Zach Powers | Don Teruo Kojima<br>Susan Lorraine Kojima |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Elkins Kalt Weintraub Reuben Gartside, LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | ATTORNEYS (If Known)<br>Winthrop Golubflow Hollander, LLP<br>1301 Dove Street, Suite 500<br>Newport Beach, CA 92660 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) DETERMINATION THAT DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523;
(2) DENIAL OF DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒[4] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☒[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
   On all claims for relief, for costs of suit and such other and further relief as the Court deems just and proper.

Case 8:21-bk-11352-TA    Doc 317    Filed 11/29/22    Entered 11/29/22 19:38:59    Desc
Main Document      Page 94 of 165

Case 8:22-ap-01026-TA    Doc 1-1    Filed 02/28/22    Entered 02/28/22 18:26:51    Desc
Adversary Proceeding Cover Sheet    Page 2 of 2

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Don Teruo Kojima and Susan Lorraine Kojima | BANKRUPTCY CASE NO.<br>8:21-bk-11352-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana Division | NAME OF JUDGE<br>Hon. Theodor Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 4, PAGE 88

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael I. Gottfried (SBN 146689)<br>Roye Zur (SBN 273875)<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>T: (310) 746-4400<br>F: (310) 746-4499<br>mgottfried@elkinskalt.com<br>rzur@elkinskalt.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>Don Teruo Kojima and Susan Lorraine Kojima<br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11352-TA<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| Chase Kaufman, Michael Garrison, and Zach Powers<br><br><br>Plaintiff(s)<br>Versus<br>Don Teruo Kojima and Susan Lorraine Kojima<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 8:21-bk-11352-TA    Doc 317    Filed 11/29/22    Entered 11/29/22 19:38:59    Desc
Main Document      Page 96 of 165

Case 8:22-ap-01026-TA    Doc 1-2    Filed 02/28/22    Entered 02/28/22 18:26:51    Desc
Summons and Notice of Status Conference in Adversary Proceeding    Page 2 of 3

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


                    By: _____
                                        Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*                          *Printed Name*                          *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 3                          **F 7004-1.SUMMONS.ADV.PROC**

EXHIBIT 4, PAGE 91

**EXHIBIT 5**



1  Alon HaCohen (SBN 262234)
   TQM Law Corporation
2  1801 Century Park East, Suite 2400
   Los Angeles, California 90067
3  Telephone:    (310) 844-6968
   E-Mail:    alon@TQMLaw.com
4
5  Attorneys for Plaintiffs Michael Garrison,
   Chase Kaufman, and Zachary Powers
6

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAY – 3 2022

BY_____
VERONICA GONZALEZ, DEPUTY

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF SAN BERNARDINO

9  MICHAEL GARRISON, an individual;          ) Case No. CIVDS2001906
   CHASE MILES KAUFMAN, an individual;       )
10 ZACHARY POWERS, an individual;            ) Complaint filed: January 22, 2020
                Plaintiffs,                   )
11                                            ) FIRST AMENDED COMPLAINT FOR:
12            v.                              )
   CAMERON TERUO KOJIMA, an Individual;       ) (1)   FRAUD
13 DONALD TERUO KOJIMA, an individual;        ) (2)   BREACH OF FIDUCIARY DUTY
   SUSAN KOJIMA, an individual; CAMERON       ) (3)   ACCOUNTING
14 RANCH ADELANTO PARTNERS, LLC, a            ) (4)   UNFAIR COMPETITION,
   California limited liability company;      )       CONSTRUCTIVE TRUST, AND
15 CAMERON RANCH ASSOCIATES, LLC, a           )       RESTITUTION/DISGORGEMENT
   California limited liability company; APOLLO ) (5) CONSPIRACY TO BREACH
16 CULTIVATION MANAGEMENT, LLC, a            )       FIDUCIARY DUTY
   California limited liability company; APOLLO ) (6) INTENTIONAL INTERFERENCE
17 MANAGEMENT, LLC, a California limited      )       WITH ECONOMIC ADVANTAGE
   liability company; DIONYSUS                )       AND BUSINESS
18 CULTIVATION PARTNERS I, LLC, a            )       OPPORTUNITIES
   California limited liability company;      ) (7)   CONVERSION
19 DIONYSUS CULTIVATION PARTNERS II,         ) (8)   DECLARATORY RELIEF
   LLC, a California limited liability company; ) (9) VIOLATION OF PENAL CODE
20 DIONYSUS CULTIVATION PARTNERS III,        )       §496
   LLC, a California limited liability company; )
21 MITSUI ADELANTO PARTNERS, LLC, a          )
   California limited liability company; CK    )
22 DEVELOPMENT ASSOCIATES, LLC, a            )
   California limited liability company; KOJIMA )
23 DEVELOPMENT COMPANY, LLC, a               )
   California limited liability company; and    )
24 DOES 1 through 100, inclusive,             )
                                              )
25               Defendants.                  )
                                              )
26                                            )
27
28

                                    1
                    FIRST AMENDED COMPLAINT

EXHIBIT 5, PAGE 92

1    **COME NOW** Plaintiffs Michael Garrison, Chase Miles Kaufman, and Zachary Powers,

2   and each of them, and for causes of action against Defendants, and each of them, alleges as

3   follows:

4                                    **THE PARTIES**

5        1.      At all times relevant herein, Plaintiff Michael Garrison has been a resident of Los

6   Angeles County, California.

7        2.      At all times relevant herein, Plaintiff Chase Miles Kaufman has been a resident of

8   Los Angeles County, California.

9        3.      At all times relevant herein, Plaintiff Zachary Powers has been a resident of Los

10  Angeles County, California. Plaintiffs Garrison, Kaufman, and Powers are hereinafter

11  collectively referred to as "Plaintiffs".

12       4.      Plaintiffs are informed and believe that at all relevant times alleged herein,

13  Defendant Cameron Teruo Kojima ("Cameron") has been a resident of Orange County,

14  California.

15       5.      Plaintiffs are informed and believe that at all relevant times alleged herein,

16  Defendant Donald Teruo Kojima ("Don") has been a resident of Orange County, California.

17       6.      Plaintiffs are informed and believe that at all relevant times alleged herein,

18  Defendant Susan Kojima also known as Susan Z. Kojima and/or Sue Kojima ("Sue") has been a

19  resident of Orange County, California. Defendants Cameron, Don, and Sue are hereinafter

20  collectively referred to jointly as the "Kojimas").

21       7.      Plaintiffs are informed and believe and on such information and belief alleges that

22  Defendant Cameron Ranch Adelanto Partners, LLC ("CRAP") is now, and was at all times

23  mentioned, a California corporation with its principal place of business in the County of San

24  Bernardino, State of California.

25       8.      Plaintiffs are informed and believe and on such information and belief alleges that

26  Defendant Cameron Ranch Associates, LLC ("CRA") is now, and was at all times mentioned, a

27  California corporation with its principal place of business in the County of Orange, State of

28  California.

<div align="center">2</div>

EXHIBIT 5, PAGE 93

9. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Apollo Cultivation Management, LLC ("ACM") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

10. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Apollo Management, LLC ("AM") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

11. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Dionysus Cultivation Partners I, LLC ("DIO I") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

12. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Dionysus Cultivation Partners II, LLC ("DIO II") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

13. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Dionysus Cultivation Partners III, LLC ("DIO III") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

14. Plaintiffs are informed and believe and on such information and belief alleges that Defendant Mitsui Adelanto Partners, LLC ("Mitsui") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of San Bernardino, State of California.

15. Plaintiffs are informed and believe and on such information and belief alleges that Defendant CK Development Associates, LLC ("CK") is now, and was at all times mentioned, a California corporation with its principal place of business in the County of Orange, State of California.

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 94

1    16.    Plaintiffs are informed and believe and on such information and belief alleges that

2    Defendant Kojima Development Company, LLC ("KDC") is now, and was at all times

3    mentioned, a California corporation with its principal place of business in the County of Orange,

4    State of California.

5    17.    Plaintiffs are informed and believe, and thereon allege, that defendants sued

6    herein as DOES 1 to 50 are the alter egos, predecessors, successors, managing agents, partners,

7    joint venturers, principals, agents, subsidiaries, parents, obligors, guarantors, and/or affiliates of

8    each and/or all of the other defendants. At all relevant times mentioned herein, the named

9    defendants and DOES 1 to 50, and each of them, participated in, authorized, aided, abetted,

10    order, instructed, directed, approved and/or otherwise ratified the wrongful acts alleged herein.

11    Plaintiffs are informed and believe that each of these defendants is an agent, principal, co-

12    conspirator and/or employee of the other defendants, and each of them, and proximately caused

13    the damages complained of herein while acting in such capacity. Defendants Cameron, Don,

14    Sue, CRAP, CRA, ACM, AM, DIO I, DIO II, DIO III, Mitsui, CK, KDC, and Does 1 - 90 are

15    hereinafter collectively referred to as "Defendants".

16    **THE SINGLE ENTERPRISE**

17    18.    Plaintiffs are informed and believe and thereon allege that there is a single-

18    enterprise among the separately named defendants CRAP, ACM, DIO I, DIO III, and Mitsui, and

19    each of them, (hereinafter the "Enterprise") and that although each of the foregoing defendants

20    appear as separate entities, there is but one enterprise; that the Enterprise has been so handled

21    that it should, for all purposes, be treated as a whole, single enterprise, and each of its member

22    entities / participants shall be, jointly and severally, treated as a single entity, including without

23    limitation, in connection with the equity and ownership structure of the Enterprise. The Court

24    should therefore find and order that each of the entities of the Enterprise as a whole are, for all

25    purposes, part of the Enterprise. Plaintiffs are informed and believe and thereon allege that (i) all

26    components of the Enterprise were formed, developed, and improved primarily if not exclusively

27    based upon Plaintiffs' contributions, capital, time, money, and resources; (ii) that the decision-

28    makers for all components of the Enterprise were identical; (iii) that the assets and/or business of

EXHIBIT 5, PAGE 95

1  each of the components of the Enterprise were of a common origin and source, used for a

2  common goal and purpose, exploiting the same assets; (iv) the work of some of the entities

3  forming the Enterprise was being done by agents, members, representatives, and/or managers of

4  other entities within the Enterprise; (v) that services rendered and products/goods procured by

5  one component of the Enterprise relied upon and were used for the benefit of other components

6  of the Enterprise; (vi) although some components of the Enterprise entered into contracts which

7  required that monetary payments be made to them or to other components of the Enterprise, no

8  money was remitted, or in the alternative money was remitted to other entities within the

9  Enterprise; (vii) although the components of the Enterprise were secretly operated and/or

10  documented by the Kojimas as separate companies, the assets, resources, purposes, goal, and

11  capital of the various components of the Enterprise were operated with integrated resources in

12  pursuit of a single business purpose, and Plaintiffs' resources, relationships, contracts, and

13  capital dominated and permeated into every element of the Enterprise, such that the various

14  component-entities of the Enterprise did not have a "mind, will or existence" of their own, but

15  were merely conduits through which the business of the Enterprise was conducted. Moreover,

16  Plaintiffs are informed and believe and thereon allege that it would be inequitable to uphold the

17  separate existence of each (or any) of the components of the Enterprise under the circumstances

18  as alleged in this First Amended Complaint, and that upholding the separate existence of each (or

19  any) of the components of the Enterprise will cause a great injustice, and undue harm to

20  Plaintiffs, whose assets, time, money, capital, and investments were used for the benefit and

21  development of the Enterprise.

22  19.    Plaintiffs are informed and believe and thereon allege that the Kojimas

23  intentionally created the Enterprise as a web of entities, based upon false statements,

24  misrepresentations of fact and of law, for the purpose of and with the goal of defrauding

25  Plaintiffs, stealing, misappropriating, and abusing the capital, labor, services, work-product,

26  expertise, and relationships of Plaintiffs, and each of them, for the Kojimas' sole benefit, to

27  Plaintiffs' exclusion. Plaintiffs are further informed and thereon allege that the web of entities

28  created by the Kojimas was intentionally designed to, and did in fact, mask, hide, and disguise

1  the Kojimas' efforts to own the assets acquired using Plaintiffs' capital, and developed and

2  improved using Plaintiffs' time, capital, resources, relationships, expertise, and skill, to

3  Plaintiffs' exclusion, unbeknownst to Plaintiffs.

## THE CONSPIRACY

5  20.    Plaintiffs are further informed that Defendants, and each of them, wrongfully

6  conspired to cause a separation between the assets and equity of Plaintiffs, and the holdings of

7  valuable assets of the Enterprise, such that Defendants, and each of them, caused CRAP and/or

8  ACM to own almost all, if not all, of the assets of the Enterprise, despite having not provided the

9  consideration, funding, resources, and/or capital for the acquisition and/or creation of these

10  valuable assets, all of which were acquired and/or created using the resources, money,

11  investment, time, relationships, and contributions of Plaintiffs, and each of them (hereinafter the

12  "Conspiracy"). Moreover, Plaintiffs are informed and believe and thereon allege that as part of

13  the Conspiracy, Defendants, and each of them, intentionally wrongfully caused the purported

14  separation between the entities as separate entities when in true fact each of the entities were all

15  part of a single enterprise, all while affirmatively misrepresenting the structure and setup of the

16  entities forming part of the Enterprise. On information and belief, Plaintiffs allege that the

17  Kojimas treated and marketed ACM and CRAP as part of a single enterprise with DIO I, DIO

18  III, and/or Mitsui. The Kojimas, and indeed all of the Parties to this action, have at all times prior

19  to Plaintiffs' discovery of the frauds described in this Action, conducted the affairs of the entities

20  within the Enterprise (1) as a single enterprise; (2) as though Plaintiffs were ownership

21  stakeholders in the entirety of the Enterprise; and (3) without any separation or delineation

22  between the management, accounts, and/or business of each of the entities within the Enterprise.

23  21.    Plaintiffs are informed and believe and thereon allege that as part of the

24  Enterprise, and the Conspiracy, and in furtherance of the common goals and plan of the entities

25  comprising the Enterprise, Defendants, and each of them: (1) entered into unauthorized and

26  undisclosed self-dealing sham inter-company transactions among entities forming the Enterprise,

27  which sham loans were never documented nor repaid nor were they ever intended to be repaid;

28  (2) caused assets, resources, capital, business relationships, and contracts of some of the entities

**FIRST AMENDED COMPLAINT**

1   comprising the Enterprise to be used for the benefit of other entities comprising the Enterprise;

2   (3) caused expenses of some of the entities of the Enterprise to be paid, directly or indirectly, by

3   other entities within the Enterprise; (4) failed to keep, maintain, or create corporate records

4   and/or minutes of purported transactions within the Enterprise, failing to provide notice and/or

5   disclose the transactions to the members and/or to the stakeholders of the various entities within

6   the Enterprise, and to the Enterprise as a whole, all while affirmatively misstating and/or

7   concealing the nature and/or existence of the inter-company transactions and the relationship of

8   the parties and the entities to one another and to the Enterprise as a whole; (5) used capital

9   contributions provided into entities within the Enterprise for the benefit of the Enterprise as a

10  whole, with Defendants intentionally and knowingly disregarding the corporate separateness of

11  the entities comprising the Enterprise; (6) misappropriated and misdirected funds, assets, and

12  resources of entities within the Enterprise to other entities within the Enterprise, for the Kojimas'

13  personal gain, in violation of the Kojimas' fiduciary duties, while engaging in impermissible,

14  hidden, and undisclosed self-dealing transactions and transfers; (7) paid obligations of ACM and

15  CRAP using funds of Plaintiffs and of DIO I, DIO II, DIO III, and Mitsui while soliciting,

16  seeking, securing, and misusing capital contributions, cash infusions, and other deposits of

17  money and resources from DIO I, DIO II, and DIO III, for the sole and exclusive use and benefit

18  of ACM, CRAP, and/or other non-DIO entities; (8) conducted membership meetings of all

19  members of the Enterprise as single meetings to discuss and address all aspects of the Enterprise

20  including all aspects of operations, management, and strategy of all of the entities comprising the

21  Enterprise, without any separation or delineation among the stakeholders of the various entities

22  and/or of the business activities of the various entities, knowingly and intentionally treating all of

23  the entities as a single enterprise, and all of the owners of the entities comprising the Enterprise

24  as co-owners of the entirety of the Enterprise; (9) failed to respect the separateness of the various

25  entities within the Enterprise, and making decisions on behalf of the Enterprise as a whole

26  without regard to any internal separateness of the parts consisting of the entities within the

27  Enterprise; (10) caused Plaintiffs to control revenue and funds generated by ACM as part of the

28  Enterprise, treating such revenue as revenue of the Enterprise, and subject to control by Plaintiffs

7

**FIRST AMENDED COMPLAINT**

1  as members of the Enterprise and of ACM generating said revenue; (11) seeking Plaintiffs'

2  participation in contribution of cash and capital to fund the operations and payroll of ACM as

3  part of the Enterprise, without regarding ACM as a separate or distinct part of the business of the

4  Enterprise, and without disputing or questioning Plaintiffs' right to participate in distribution of

5  such funds on behalf of ACM, for the benefit of and as part of, the Enterprise.

6      22.    Plaintiffs are informed and believe and thereon allege that if the separateness of

7  the entities comprising the Enterprise is maintained, and/or if Plaintiffs' pro-rata ownership of

8  the Enterprise and specifically of ACM and CRAP is not honored or recognized, inequity and an

9  injustice will result. Moreover, if the separateness of the entities comprising the Enterprise is

10  maintained, Plaintiffs are informed and thereon allege that Plaintiffs will unfairly and inequitably

11  be denied at least (i) the fruits of their labor; (ii) the products, results, and growth obtained

12  directly as result of the capital and cash that Plaintiffs and each of them contributed to and as part

13  of the Enterprise; (iii) the value of the improvements, fixtures, and other labor and services

14  procured for the benefit of the Enterprise, including without limitation improvements to the real

15  property acquired, maintained, and/or developed using Plaintiffs' funds and resources; (iv) the

16  value of the products and business created by Plaintiffs as result of Plaintiffs' direct efforts,

17  labor, cash, and other contributions to the Enterprise; and (v) the value of Plaintiffs' investment,

18  all of which will have been misappropriated and/or wrongfully obtained and/or kept by the

19  Kojimas and/or entities owned and/or controlled by the Kojimas, will be lost due to

20  misappropriation and other wrongful conduct by the Kojimas as alleged herein.

21      23.    As part of and in furtherance of the Conspiracy, the Kojimas, and each of them,

22  engaged in at least the following actions: (1) directly and indirectly transferring the funds

23  deposited by Plaintiffs to one of the components of the Enterprise (including without limitation

24  DIO I and DIO III) to other entities within the Enterprise (including without limitation CRAP,

25  ACM), and to KDC; (2) engaging in self-dealing transactions for the Kojimas' individual

26  benefit, and to the detriment of Plaintiffs, all while harming and impairing the value of Plaintiffs'

27  investments of time, money, resources, business relationships, contracts, and capital to the

28  Enterprise, without any benefit to Plaintiffs, in attempt to siphon the valuable resources of the

EXHIBIT 5, PAGE 99

1  Enterprise to entities and/or accounts that the Kojimas sought to artificially, wrongfully, and
2  falsely purport to keep outside of and separate from the Enterprise (with such purported
3  separation causing an injustice and perpetrating a fraud on Plaintiffs); (3) engaging in sham
4  undocumented and improper "loans" and/or purchase/sale transactions on behalf of DIO I, DIO
5  II, DIO III, and/or Mitsui, using Plaintiffs' funds, without Plaintiffs' knowledge, or consent,
6  without the knowledge or consent of the members of DIO I, DIO II, DIO III, and/or Mitsui, and
7  without necessary disclosures as required by the Kojimas or each of them as self-dealing
8  managers and members, for Defendants' sole benefit, and in furtherance of the Conspiracy, and
9  in breaching Defendants' fiduciary duties and obligations to Plaintiffs and to the Enterprise; (4)
10  failing to notify Plaintiffs and/or the members of DIO I, DIO II, DIO III of diversion of funds,
11  resources, and assets of DIO I, DIO II, DIO III, and Mitsui, to, among other entities, ACM,
12  CRAP, and KDC, for the Kojimas' wrongful benefit; (5) secretly and prematurely withdrawing
13  the majority of the capital contributions of the Kojimas within weeks of their initial deposit; (6)
14  failing to adjust the capitalization tables of the entities comprising the Enterprise to reflect the
15  true contributions of capital, time, money and resources to the Enterprise and its various
16  elements; (7) demanding and accepting unequal contributions of capital and resources from
17  Plaintiffs without making similar demands upon other members including without limitation
18  Defendants Cameron and Sue; (8) paying management fees as part of self-dealing transactions in
19  violation of the operating agreements of the entities forming the Enterprise.

20                              **FACTUAL BACKGROUND**

21        24.    Beginning in or about early 2016, Defendants approached Plaintiffs to recruit
22  them to become members, partners and co-owners of a Cannabis business that would own land
23  and be licensed to cultivate cannabis in Adelanto, California.

24        25.    According to Defendants' representations made to each of the Plaintiffs, Plaintiffs
25  would be co-owners of a business entity, proportional to their contributions, that would own 47
26  acres of real estate within a Cannabis-approved zone in Adelanto which Defendants represented
27  they owned, consisting of 3 parcels. Defendants represented they had plans to develop the
28  properties into a Cannabis-focused industrial park. Plaintiffs were told that their initial

EXHIBIT 5, PAGE 100

1  contributions would, according to Defendant Don Kojima, be used as "seed money" for the

2  industrial park and so Defendants could get construction loans for the balance of funds to

3  develop the property.

4      26.    In reliance on these representations by Defendants, Plaintiff Kaufman made his

5  initial contribution of $250,000.00 in or about April, 2016. In reliance on these representations

6  by Defendants, Plaintiffs Garrison and Powers made their initial contributions of $100,000.00

7  each.

8      27.    Defendants further represented to Plaintiffs that the start up costs for each

9  Cannabis facility would be $500,000.00 per facility. Defendant Don Kojima told the Plaintiff

10  partners that any person could only have one cannabis license attached to his or her name and

11  that in order to secure the most licenses, three LLCs were formed for the partnership venture,

12  Dionysus Cultivation Partners, I, LLC, Dionysus Cultivation Partners II, LLC and Dionysus

13  Cultivation Partners III, LLC.

14      28.    As partners, Plaintiffs and Defendants wanted the business entity to function as a

15  single entity and Plaintiffs were told by Defendants that for this purpose of creating a single

16  entity to control all operations, Apollo Cultivation Management, LLC ("ACM") was formed, and

17  would be proportionally owned by all of the partners based on their proportional investment

18  contributions. Defendants represented to Plaintiffs that ACM held the master lease to all 47 acres

19  and was to pool all expenses and revenues for the parties' business and divide profits according

20  to the parties' shares of ownership. Unbeknownst to Plaintiffs, (1) the Kojimas sought to claim

21  sole ownership and control of ACM, while representing to Plaintiffs that ACM would be co-

22  owned by Plaintiffs; and (2) the Kojimas entered into self-dealing transactions between DIO I

23  and ACM, DIO III and ACM, and between Mitsui and ACM.

24      29.    The parties had weekly phone calls regarding the management and operation of

25  the business and Plaintiffs were continually led by the Kojimas to invest more money, property,

26  time, equipment and resources into the business. Plaintiffs owned intellectual property,

27  equipment, production and cultivation processes, as well as significant industry contacts, which

28  they were induced by the Kojimas to contribute to the business based on Defendants'

EXHIBIT 5, PAGE 101

1  partnership, development, and co-ownership representations. Plaintiff Kaufman introduced the

2  first tenant to the partnership to sign a lease to operate at the industrial park, NanoFarms,

3  however, the Kojimas began speaking with NanoFarms exclusively, and kept all other partners

4  out of the discussions.

5       30.    On information and belief, Defendants grossly misrepresented and overvalued

6  their contributions to the Enterprise, and further the Kojimas booked their contributions to the

7  Enterprise in sums larger than Defendants in fact contributed.

8       31.    Plaintiffs are informed and believe that once Mitsui was formed, Defendants

9  engaged in self-dealing by, among other things, using the newly formed Mitsui to pay

10  themselves improperly, including without limitation for a purported "purchase" of the option to

11  buy a small 2 acre parcel of land which was intended to be part of the partnership venture and the

12  Enterprise. Defendants did not fully disclose the extent, nature, or details of the transaction, and

13  Defendants otherwise misrepresented the nature and details of the transaction to Plaintiffs.

14       32.    On or about May 31, 2019, Defendants caused a cease and desist letter to be sent

15  to Plaintiffs Michael Garrison and Zachary Powers, and Defendants have completely cut out

16  Plaintiffs from their property and partnership rights and interests. Since the end of May, 2019,

17  none of the Plaintiff partners have had access to the books, records, inventory, equipment,

18  property, sales software or other assets of the business, and have been prevented and excluded

19  from the conduct of the business. Through the present date, each Plaintiff has contributed in

20  excess of $350,000.00 to the business entities and/or the Enterprise, which Defendants have

21  wrongfully converted for their own use, including through wrongful self-dealing transactions that

22  were not disclosed to Plaintiffs and which the Kojimas, and each of them, intentionally

23  wrongfully withheld and hid from Plaintiffs, entering into said self-dealing transactions for the

24  Kojimas' personal wrongful gain, without any benefit to Plaintiffs or to the Enterprise.

25       33.    To date, the Kojimas have not produced evidence substantiating the claims and

26  assertions they previously made, including without limitation that they made the contributions of

27  land or other assets which they represented they were making to induce Plaintiffs' more than $1

28  Million in contributions to the business entities including the Enterprise. In true fact, the

EXHIBIT 5, PAGE 102

1  purchase of the real property consisting of 47 acres in Adelanto, California was funded primarily

2  if not exclusively using Plaintiffs' funds.

3      34.    Plaintiffs are informed and believe that Defendants have operated a shell game

4  designed to fraudulently induce Plaintiffs to believe in the formation of a business partnership

5  and operation of a business venture in which Plaintiffs would be partners and co-owners in the

6  land, industrial park, business operations, cultivation, sales, profits, rights, benefits and good will

7  of the business and all entities described herein.

8      35.    Contrary to Defendants' representations, Plaintiffs are informed and believe that

9  Defendants have failed and refused to record and/or transfer the 47 acres of land to the parties'

10  partnership as promised and that the land is exclusively owned and/or controlled by CRAP,

11  ACM, and/or the Kojimas. Plaintiffs are also informed and believe that Defendants wrongfully

12  purported to assert exclusive ownership and/or control over ACM, and that ACM was not

13  managed, operated, and maintained as promised by the Kojimas, to include Plaintiffs as partners

14  and co-owners. Plaintiffs are also informed and believe that contrary to Don Kojima's false

15  representations that multiple entities would have to hold separate cannabis licenses and would

16  have to be formed and operated separately, all licensing for the operation of the parties' cannabis

17  business venture was secured in the name of ACM and that Defendants are now wrongfully

18  excluding Plaintiffs from participation, ownership, management, and control of the Enterprise

19  and/or under the license through their partnership, despite having previously treated .

20      36.    Plaintiffs are informed and believe that Defendants' false promises,

21  misrepresentations, and concealment of their true intentions to swindle Plaintiffs and create the

22  fictitious guise of a separate business operation while excluding Plaintiffs, were intended to

23  induce reliance, and did justifiably induce such reliance for Plaintiffs to contribute in excess of

24  $1 Million in addition to their labor, time, services and other valuable economic and property

25  interests to the parties' partnership business and to the Enterprise. Plaintiffs' reliance was

26  reasonable based on Defendants' representations of their skills, contributions to the business, and

27  business acumen in launching this business venture in Adelanto.

28

EXHIBIT 5, PAGE 103

37.     Plaintiffs seek a finding of a single enterprise among the Enterprise, an accounting, and a constructive trust over the money generated and the real property acquired and/or improved and maintained, as well as disgorgement of revenues, profits, and all benefits which Defendants or any of them obtained arising out of or in connection with the Enterprise, including without limitation the 47 acres of real property in Adelanto, California, as well as restitution.

38.     As a proximate result of the unreasonable and/or unlawful conduct of the Defendants, and each of them, Plaintiffs have suffered damages and harm in an amount to be proven at time of trial. As a further proximate result of the unfair, unlawful and/or fraudulent conduct of the Defendants, Plaintiffs have suffered general damages, a loss of money and/or property entitling them to pursue treble damages, restitution, constructive trust, disgorgement and/or other fair and appropriate equitable relief on behalf of themselves including without limitation an adjudication that Plaintiffs are the owners of the Enterprise, free and clear of liens, claims, and demands arising out of self-dealing transactions of the Kojimas.

39.     Plaintiffs have suffered significant loss of use of tangible property, economic and non-economic damages, and damage to prospective economic interests which Plaintiffs are informed and believe are well in excess of $5 Million and which Plaintiffs will prove according to proof at time of trial. As result of Defendants' wrongful and fraudulent conduct as described more fully throughout this Complaint, Plaintiffs have been deprived of the value of their monetary and non-monetary investments, including being deprived of the benefits and fruits of their labor, skill, expertise, and resources, which Plaintiffs devoted to the Enterprise. Plaintiffs were, and remain, wrongfully deprived of their ownership interest in the real property owned by the Enterprise, which the Kojimas and/or Defendants wrongfully misappropriated for their own benefit, to Plaintiffs' exclusion, unbeknownst to Plaintiffs and in violation of Defendants' fiduciary duties to Plaintiffs. Defendants' wrongful conduct as herein alleged caused Plaintiffs to be deprived of the use, ownership, dominion over, and control of 47 acres of land in Adelanto, California, which land is special and unique, the value of which is difficult to calculate, replacement of which is nearly impossible to source or locate. Plaintiffs therefore seek an

EXHIBIT 5, PAGE 104

1   equitable order of the Court to remedy injuries for which Plaintiffs have no remedy at law, for

2   which an award of monetary damages is inadequate.

3       40.    The acts and conduct of Defendants alleged herein have been fraudulent,

4   oppressive and malicious and in conscious disregard of Plaintiffs' rights, and Defendants'

5   fiduciary duties, so as to justify and support, by clear and convincing evidence, the award of

6   punitive damages against Defendants and in favor of Plaintiffs in an amount sufficient to punish

7   and deter Defendants for having engaged in the despicable conduct alleged herein.

## FIRST CAUSE OF ACTION

## ACTUAL AND CONSTRUCTIVE FRAUD

**(Against Defendants CRAP, ACM, AM, CK, CRA, MITSUI, Cameron Kojima, Don**

**Kojima, Susan Kojima and DOES 1-90).**

12       41.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

13   allegations set out above in paragraphs 1 through 40.

14       42.    In connection with the agreements to form the business ventures described herein,

15   including the entities forming the Enterprise, and each of them, to own and operate the industrial

16   park and cannabis business in Adelanto, and inducing Plaintiffs' contributions of over $1

17   Million, as well as Plaintiff's contributions of labor, services, intellectual property, business

18   assets and goodwill, Defendants promised that Defendants and Plaintiffs would share in the

19   ownership of the businesses, land, and assets, and of the Enterprise in its entirety, and in the

20   profits and losses of the businesses, sharing in the management, control, and decision-making in

21   connection with the Enterprise, with Plaintiffs being integral and necessary to the exercise of all

22   rights and benefits in connection with the Enterprise, as co-owners of the business. In connection

23   therewith, the Kojimas made false representations of material facts to Plaintiffs, and each of

24   them, upon which Plaintiffs relied, and without which Plaintiffs would not have agreed to enter

25   into the transactions with Defendants, including without limitation the formation of the business

26   venture and the Enterprise, and/or Plaintiffs' commitments and investments of money, time,

27   resources, business and contractual relationships, and other valuable consideration provided to

28   Defendants, and each of them, by Plaintiffs. The false statements made by the Kojimas, and each

EXHIBIT 5, PAGE 105

1   of them, to induce Plaintiffs to enter into the transactions alleged herein including without

2   limitation Plaintiffs' investment of more than $1,000,000, which investment Plaintiffs did in fact

3   make, and which transactions Plaintiffs were in fact induced to enter into by the Kojimas, and

4   each of them, each statement of which was known by the Kojimas, and each of them to be false

5   at the time that they were made, include: (1) that the Kojimas have already invested "millions"

6   into the Enterprise (which Enterprise was at that time known only as the "Adelanto project"); (2)

7   that the investments by Plaintiffs will be less than half of the total money invested into the

8   Enterprise by the Kojimas; and (3) that Plaintiffs' investments will make Plaintiffs partners and

9   co-owners of all components of the Enterprise including the business and land of the Enterprise.

10      43.   At the time the Kojimas made the promises and representations to Plaintiffs, the

11  Kojimas had no intention of performing said promises, and the Kojimas knew that the

12  representations that they made were false.

13      44.   The promises were made by the Kojimas with the intent to induce Plaintiffs to

14  contribute and deposit in excess of $1 Million and to provide services and other contributions of

15  labor and property to the partnership business venture and the Enterprise, from which the

16  Kojimas could gain unjust profits, self-dealing and benefits for themselves while excluding

17  Plaintiffs and denying them ownership rights.

18      45.   Plaintiffs, at the time the promises were made and at the time Plaintiffs took the

19  actions herein alleged to contribute their money, property and services, were ignorant of

20  Defendants' secret intention not to perform and could not, in the exercise of reasonable

21  diligence, have discovered Defendants' secret intention. In reliance on the Kojimas' promises

22  and representations, Plaintiffs made said contributions of significant money, property, labor, and

23  services to the business and the Enterprise, for the benefit of the Enterprise, which Enterprise

24  Plaintiffs believed they were part of as owners based upon their proportional contribution to the

25  Enterprise. If Plaintiffs had known of Defendants' actual intention, deception, scheme, and

26  Conspiracy, and/or if Plaintiffs had known that the Kojimas' representations were false,

27  Plaintiffs would not have devoted the tremendous resources, time, money, and efforts in

28

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 106

1    connection with the Enterprise, nor would Plaintiffs have invested the sums invested by Plaintiffs

2    or contributed the time and labor towards the Enterprise and for its benefit.

3        46.    Moreover, by virtue of Defendants' control, custody, and management over the

4    books, records and minutes of the businesses and of the Enterprise as a whole, taken together

5    with (i) the Kojimas' (wrongful) treatment of Plaintiffs as minority members and owners, (ii) the

6    reposed trust and confidence which Plaintiffs put into the Kojimas and the Defendants, and each

7    of them, which reposed trust and confidence the Kojimas and Defendants and each of them

8    voluntarily and knowingly accepted; and (iii) Plaintiffs' contributions of their money and

9    property to the ventures and the Enterprise formed with Defendants, the Kojimas owed Plaintiffs

10   a fiduciary duty. The Kojimas further owed Plaintiffs duties of loyalty and care, to deal with

11   Plaintiffs fairly and in good faith, and the obligation to conduct the business venture and the

12   Enterprise alleged herein in good faith and with fair dealing towards Plaintiffs. Because

13   Plaintiffs' reposed trust and confidence in Defendants' performance and integrity caused

14   Plaintiffs to, among other things, (i) not question, doubt, dispute, or investigate the Kojimas'

15   statements, representations, and setup of the entities and the LLCs comprising the Enterprise, (ii)

16   contribute a substantial amount of their money and services into the business ventures based on

17   the belief in Defendants' representations that Plaintiffs would be treated as co-owners, and (iii)

18   allow Defendants to manage the corporate and financial records of the entities within the

19   Enterprise, Plaintiffs and Defendants were in a confidential relationship whereby Defendants,

20   and each of them, owed Plaintiffs a fiduciary duty as well as a heightened duty of due care,

21   loyalty, and against Defendants' self-dealing.

22       47.    Defendants breached their fiduciary duties, duty of loyalty, and obligation to

23   refrain from engaging in self-dealing and self-interested transactions in connection with their

24   dealings with Plaintiffs, violating, abusing, and misusing the relationship of trust and confidence,

25   ultimately excluding Plaintiffs from the Enterprise and later falsely and without any basis

26   denying Plaintiffs' pro-rata interest in the Enterprise and in the business venture and assets of the

27   Enterprise, including without limitation by securing and misusing an unfair, unlawful, and

28   improper advantage over Plaintiffs, misleading Plaintiffs to their prejudice.

EXHIBIT 5, PAGE 107

48.    Plaintiffs placed confidence in and relied on Defendants until in or about May, 2019, when Plaintiffs began to unravel and discover Defendants' fraudulent promises and misrepresentations and acts committed in breach of their fiduciary duties. Until that date, Plaintiffs had continued to reasonably rely on Defendants in view of their relationship as members and co-owners of the business ventures and of the Enterprise alleged herein.

49.    As a result of the actual and/or constructive fraud and breaches of fiduciary duty owed by Defendants to Plaintiffs, Plaintiffs have been damaged in an amount according to proof at time of trial.

50.    Plaintiffs are informed and believe, and thereon allege, that in acting and omitting to act as alleged herein, Defendants have been guilty of oppression, fraud or malice within the meaning of California Civil Code section 3294 and to the extent that Defendants' liability is based upon the acts of an employee or agent, such Defendant employer and/or principal had advance knowledge of the unfitness of the employee and/or agent and employed him or her with conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct of which Plaintiffs complain herein or was guilty of oppression, fraud or malice. As a result of the foregoing, Defendants are liable to Plaintiffs, in addition to damages otherwise established according to proof, for punitive damages by way of example to punish Defendants in such sums as are determined by the trier of fact.

### SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY AND CONFIDENCE

**(Against Defendants CRAP, ACM, AM, CRA, CK, MITSUI, Cameron Kojima, Don Kojima, Susan Kojima and DOES 1-90).**

51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out above in paragraphs 1 through 50.

52.    The Kojimas wrongfully and secretly, unbeknownst to Plaintiffs, usurped control of the Enterprise and of the business entities comprising the Enterprise, and unilaterally exercised dominion and control over Plaintiffs' contributions of money and property.

**FIRST AMENDED COMPLAINT**

53.    Plaintiffs are informed and believe that the Kojimas and Does 1-90 falsely and fraudulently converted control and ownership of the business ventures, assets, money, property and opportunities to themselves through an elaborate shell game, scheme, and conspiracy (including without limitation the Conspiracy), to cut out Plaintiffs, to deny Plaintiffs their rightful interest in the Enterprise and specifically in CRAP and ACM, and convert the business, the Enterprise, and the assets and contributions of Plaintiffs, for themselves after extracting contributions of money, business relationships and valuable contracts, and services from Plaintiffs.

54.    Plaintiffs are, and at all times mentioned in this pleading were, member, partners and co-owners of the Enterprise. On information and belief, Plaintiffs contributed more resources, time, money, labor, materials, and capital to the Enterprise than any other individual and/or entity, by a wide margin. Plaintiffs are further informed and thereon allege that the Kojimas pro-rata interest in the Enterprise is minimal, amounting to no more than at most approximately 10%-15%.

55.    Plaintiffs are informed and believe that the Kojimas and DOES 1 through 90 conspired and agreed among themselves and with their agents and third parties to defraud and loot, and they did defraud and loot, Plaintiffs, the Enterprise, and the business ventures formed with Plaintiffs, and intentionally deprived Plaintiffs of all legal and beneficial rights, profits and interests in the Enterprise, its assets, and the business ventures developed and improved by Plaintiffs, contrary to the best interests of the Enterprise, Plaintiffs, the business ventures, and in violation of the Kojimas' affirmative duties including without limitation fiduciary duty to Plaintiffs as hereinabove alleged. As part of the Kojimas' looting and breaches of their fiduciary duties to Plaintiffs and to the Enterprise, Defendants and each of them engaged in self-dealing transactions, orchestrated and executed by the Kojimas, for the benefit of the Kojimas, to Plaintiffs' direct detriment.

56.    Plaintiffs are informed and believe that the Kojimas have intended to form, and did form, separate business entities that intentionally, deceptively, fraudulently, and wrongfully exclude Plaintiffs, while intentionally taking the capital, contributions, business opportunities,

resources, property, assets gained from Plaintiffs, and the business ventures formed and co-owned with Plaintiffs, in order to self-deal and unjustly and wrongfully enrich themselves as Plaintiffs' expense. Plaintiffs are informed and believe that Defendants deliberately excluded Plaintiffs from full access to accountings, corporate books and records, management information, use of business property, access to property and business opportunities while ignoring or appeasing Plaintiffs' requests for exercise of their rights as members and partners, and for accountings for their contributions and interests in the business ventures and in the Enterprise.

57.    On information and belief, the Kojimas knew, and continue to know, that their actions were fraudulent and contrary to the rights and interests of Plaintiffs as co-owners of the Enterprise and as stakeholders and member of the business ventures and the Enterprise.

58.    As a result of the breach of fiduciary duty owed by Defendants to Plaintiffs, Plaintiffs have been damaged in an amount according to proof at time of trial.

59.    The acts and conduct of Defendants were oppressive, fraudulent, and malicious, in that defendants knew that they were engaging in deception and the creation of fraudulent and false representations and business structures while extracting more than $1 Million in money, property and other contributions from Plaintiffs with the deliberate intent of depriving Plaintiffs of their property rights and benefits. Plaintiffs therefore seek punitive and exemplary damages against Defendants, and each of them, according to proof at time of trial.

### THIRD CAUSE OF ACTION

### ACCOUNTING

### (Against All Defendants)

60.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out above in paragraphs 1 through 59.

61.    As co-owners, members and/or partners of CRAP, ACM, DIO I, DIO III, and Mitsui, and the business entities and venture alleged herein, including without limitation the Enterprise, and as result of the relationship of the parties as hereinabove alleged, including without limitation Defendants' usurping of the records, financial information, minutes, and other corporate records of the Enterprise, and based on Plaintiffs' contributions of over $1 Million in

EXHIBIT 5, PAGE 110

1  money, property and services to the Enterprise, Plaintiffs are entitled to an accounting in

2  connection with each of the entities forming the Enterprise, and for an accounting of the actions,

3  transactions, transfers, and interests of Defendants, and each of them, including transactions with

4  business ventures in which Plaintiffs' contributions were taken from and/or used for, and in

5  which Plaintiffs were members and/or partners. Defendants owe a duty, and/or have failed, to

6  properly account to Plaintiffs and/or to permit Plaintiffs to review relevant books and records.

7  Plaintiffs are informed and believe and allege that the property, books and records of Defendants

8  and of the Enterprise have been commingled with other Defendants' property, books and

9  records, and further, Defendants have blocked and refused to provide access or information to

10  Plaintiffs concerning the Enterprise and the financial, corporate, and other records concerning the

11  Enterprise, the entities into which Plaintiffs' assets and capital were transferred, and the proceeds

12  of Plaintiffs' contributions. Unless this Court orders a full and complete accounting of all

13  components of the Enterprise, and all relevant property, books and records, and concerning the

14  business ventures and opportunities alleged herein, Plaintiffs will suffer undue and unjust

15  hardship and substantial and irreparable harms, and Defendants will be unjustly enriched and

16  unfairly rewarded for their self-dealing, misappropriation, conversion, fraud and/or breach of

17  fiduciary duties.

18      62.    Accordingly, Plaintiffs seek a full accounting and determination of their rights,

19  property and economic interests in said business ventures and in their substantial contributions of

20  property, money and services as well as disgorgement, restitution and/or payment of all amounts

21  and monies due and/or owing to Plaintiffs in the furtherance of equity, along with other

22  appropriate orders of the Court in equity

23                    **FOURTH CAUSE OF ACTION**

24          **UNFAIR COMPETITION, CONSTRUCTIVE TRUST AND**

25                    **RESTITUTION/DISGORGEMENT**

26                      **(Against All Defendants)**

27      63.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

28  allegations set out above in paragraphs 1 through 62.

EXHIBIT 5, PAGE 111

64.     By virtue of agreements, partnerships and business ventures entered into by Plaintiffs and Defendants, and Plaintiffs' contributions of money, property and services into the trust of Defendants in furtherance of Defendants' fiduciary duties to Plaintiffs and to fulfill the purposes of the business ventures formed by Plaintiffs and Defendants, Defendants assumed trust and confidence over the contributions, capital, property interests and rights of Plaintiffs, and stakeholders in the Enterprise, and the business ventures described herein. Defendants also unjustly enjoyed and misappropriated and/or assumed the benefits of Plaintiffs' contributions of money, property and services on behalf of the business ventures, including without limitation for the benefit of the Enterprise, which Plaintiffs were to be co-owners of based on their contributions thereto.

65.     Within the last four years, Defendants have become indebted to Plaintiffs, including without limitation in connection with funds misappropriated and/or secretly stolen by Defendants in violation of Defendants' fiduciary duties to Plaintiffs, and the proceeds thereof (including without limitation 47 acres of real property in Adelanto, California), including in unauthorized self-dealing transactions secretly entered into by Defendants, and each of them, for the benefit of the Kojimas, and for the reasonable value of property and services rendered by Plaintiffs for the benefit of the Enterprise. Defendants have also engaged in unfair competition, including using Plaintiffs' own contributions of money, property and services, to deprive Plaintiffs of business opportunities and economic advantages, to purchase land and real property in Adelanto California without providing Plaintiffs with the benefit of the purchase, and to compete against Plaintiffs.

66.     The conduct of Defendants was independently wrongful and in breach of the duties (including fiduciary duty) owed by Defendants to Plaintiffs, including benefitting from misleading and deceptive business practices and representations, from unauthorized and undisclosed self-dealing transactions, and from wrongfully placing the 47-acre real property in Adelanto in an entity designed to deprive Plaintiffs of their true ownership, use, and benefit of the property, to the Kojimas' benefit, and to the Plaintiffs' detriment, and the formation of business structures used for unlawful, deceptive, and misleading purposes relating to the

EXHIBIT 5, PAGE 112

1 organization and operation of the Enterprise, each of which constitutes an independent wrongful

2 act.

3      67.    By virtue of (i) misappropriating and embezzling Plaintiffs' funds and using

4 Plaintiffs' funds to pay for the purchase of real property in Adelanto California including without

5 limitation the real property known commonly as Assessor Parcel Number 3129-261-27, 3129-

6 261-66, and 3129-251-14; and (ii) the violation of trust and other acts of Defendants and their

7 unjust profiting from the usurpation of Plaintiffs' contributions and interests in the business

8 ventures identified and alleged herein, including without limitation in connection with the

9 Enterprise; Defendants hold property of Plaintiffs, including real property, contributions of

10 money and property, capital accounts, business equipment, intellectual property, confidential

11 customer and business information, books and records and unpaid net profits, as constructive

12 trustees for Plaintiffs' benefit.

13      68.    None of the sums due and owing as unpaid to Plaintiffs has been paid and none of

14 Plaintiffs' contributions, money or property, or payment for services have been returned.

15      69.    As a direct and proximate result of the conduct of defendants, Plaintiffs have

16 suffered a loss of money and/or property has been damaged in an amount according to proof at

17 time of trial for which, among other things, an accounting and disgorgement are owed.

18 Furthermore, Defendants have been unjustly enriched from the taking of Plaintiffs' money

19 and/or property and Plaintiffs are entitled to a constructive trust, preliminary and/or permanent

20 injunctive relief, and/or dissolution of business entities and/or sale of land and business assets to

21 obtain recovery and disgorgement of Plaintiffs' contributions wrongfully taken and money

22 and/or profits owed to Plaintiffs. Moreover, Plaintiffs are entitled to a constructive trust over all

23 of the proceeds of their funds and resources which Defendants wrongfully converted for their

24 own use and benefit, including without limitation the land, assets, real property, improvements,

25 equipment, and other valuable property, all of which trace back to Plaintiffs' monetary and non-

26 monetary contributions.

27 <div align="center">**FIFTH CAUSE OF ACTION**</div>

28 <div align="center">**CONSPIRACY TO BREACH FIDUCIARY DUTY**</div>

<div align="center">22</div>

<div align="center">**FIRST AMENDED COMPLAINT**</div>

**(Against All Defendants)**

70.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out above in paragraphs 1 through 69.

71.    Pursuant to the relationship of the parties as hereinabove alleged, California law, and the partnership and/or LLC agreements, Defendants were, and are fiduciaries to Plaintiffs including without limitation in their capacities as manager(s), operators, members, and/or decision-makers on behalf of the entities within the Enterprise. Further, Defendants solely controlled the books and records of the business entities comprising the Enterprise, including all accounting and tax records, to Plaintiffs' exclusion. Cameron Kojima, as manager of DIO I, DIO II, and DIO III, breached his fiduciary duty to Plaintiffs (members of DIO I and DIO III), directly. Susan Kojima and Don Kojima are liable for Cameron's wrongful conduct directly for aiding and abetting the wrongful conduct, and indirectly as coconspirators liable for the torts committed by Cameron as part of the Conspiracy.

72.    Plaintiffs are informed and believe that Defendants conspired with each other to commit, inter alia, the following acts: a) induce and/or assist Defendants Cameron Kojima and Don Kojima to breach their fiduciary duties to Plaintiffs as alleged herein; b) to divert the rights, property and interests held by Plaintiffs in the business ventures alleged herein, and in their contributions of money, property and services to those entities, to other entity(ies) in which Plaintiffs would be excluded and under which Defendants would profit from, and exploit, Plaintiffs' money and property for their own benefit; c) to suppress and deny access to information to Plaintiffs related to the business ventures in violation of Plaintiffs' rights as members of the entities named in this Complaint, including without limitation the entities comprising the Enterprise, and; d) encouraging and/or exploiting the use of misleading business representations and organizational structures created by Cameron Kojima, Susan Kojima, and Don Kojima to usurp the property rights and ownership of the business ventures to which Plaintiffs were entitled, and to, among other things, transfer said interests, ownership, assets, and valuable contracts, shadow entities under the exclusive control of Defendants.

23

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 114

73.    As a direct and proximate result of Defendants' conduct as hereinabove alleged, Plaintiffs have been damaged in an amount to be proven at time of trial. Moreover, as result of the conspiracy, each of the Defendants is liable for the obligations of the other defendants, including as result of each Defendant's involvement in, participation in, and furtherance of, the conspiracy, including without limitation as hereinabove alleged.

74.    Plaintiffs are informed and believe, and thereon allege, that in acting and omitting to act as alleged herein, Defendants have been guilty of oppression, fraud or malice within the meaning of California Civil Code section 3294, and to the extent that Defendants' liability is based upon the acts of an employee or agent, such Defendant's employer and/or principal had advance knowledge of the unfitness of the employee and/or agent and employed him or her with conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct of which Plaintiffs complain herein or was guilty of oppression, fraud or malice. As a result of the foregoing, Defendants are liable to Plaintiffs, in addition to damages otherwise established according to proof, for punitive damages by way of example to punish Defendants in such sums as are determined by the trier of fact.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE AND BUSINESS OPPORTUNITIES

#### (Against All Defendants)

75.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out above in paragraphs 1 through 74.

76.    At all times mentioned herein, at the time they engaged in their misrepresentations and self-dealing while misappropriating Plaintiffs' contributions of money and property, Defendants knew of the existence of economic relationships between Plaintiffs, on the one hand, and other existing and prospective customers, clients and service providers on the other hand. Defendants, and each of them, intentionally and wrongfully engaged in conduct designed to interfere with or disrupt these relationships. The acts of Defendants, and each of them, were independently wrongful and were done with the intent to injury Plaintiffs in their

EXHIBIT 5, PAGE 115

1   business relationships with existing and prospective customers, clients and service providers and

2   for the advantage of Defendants and each of them.

3         77.    As a proximate result, the economic relationship between Plaintiffs and those

4   prospective customers, clients and service providers were interfered with and/or disrupted, which

5   caused damage to Plaintiffs in an amount to be proven at time of trial.

6         78.    Plaintiffs are informed and believe, and thereon allege, that in acting and

7   omitting to act as alleged herein, Defendants have been guilty of oppression, fraud or malice

8   within the meaning of California Civil Code section 3294, and to the extent that Defendants'

9   liability is based upon the acts of an employee or agent, such Defendant's employer and/or

10   principal had advance knowledge of the unfitness of the employee and/or agent and employed

11   him or her with conscious disregard of the rights or safety of others or authorized or ratified the

12   wrongful conduct of which Plaintiffs complain herein or was guilty of oppression, fraud or

13   malice. As a result of the foregoing, Defendants are liable to Plaintiffs, in addition to damages

14   otherwise established according to proof, for punitive damages by way of example to punish

15   Defendants in such sums as are determined by the trier of fact.

16                     **SEVENTH CAUSE OF ACTION**

17                     **WRONGFUL CONVERSION**

18                     **(Against All Defendants)**

19         79.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20   allegations set out above in paragraphs 1 through 78.

21         80.    At all times herein mentioned, Plaintiffs were owners of member and/or

22   partnership interests, voting rights, equipment, intellectual property, and/or money or other

23   property, which property Defendants have wrongfully seized dominion and control over from

24   Plaintiffs, including through Defendants' wrongful self-dealing and diversion of property, assets,

25   land, and equipment for Defendants' own uses and to the exclusion of Plaintiffs. Plaintiffs are

26   informed and believe that Plaintiffs' equipment, assets, inventory, money and/or property remain

27   wrongfully converted and in the exclusive control, custody or possession of Defendants, and/or

28

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 116

1    their proxies or partners, and/or with entities under the control and/or management of

2    Defendants.

3        81.    As a proximate result of Defendants' conversion of the above-mentioned

4    property, Plaintiffs have suffered losses, harms and injuries that are the natural, reasonable, and

5    proximate results of Defendants' wrongful conversion, all to Plaintiffs' damage in an amount to

6    be proven at time of trial.

7        82.    Between the time of Defendants' conversion of the above-mentioned property to

8    their own use, and the filing of this action through time of trial, Plaintiffs have expended and will

9    continue to expend sums in pursuit of the converted property all to Plaintiffs' further damage.

10        83.    In doing the acts herein alleged, defendants have acted with oppression, fraud,

11    and malice, and plaintiffs are entitled to punitive damages. Plaintiffs are informed and believe,

12    and thereon allege, that in acting and omitting to act as alleged herein, Defendants have been

13    guilty of oppression, fraud or malice within the meaning of California Civil Code section 3294,

14    and to the extent that Defendants' liability is based upon the acts of an employee or agent, such

15    Defendant's employer and/or principal had advance knowledge of the unfitness of the employee

16    and/or agent and employed him or her with conscious disregard of the rights or safety of others

17    or authorized or ratified the wrongful conduct of which Plaintiff complain herein or was guilty of

18    oppression, fraud  or malice. As a result of the foregoing, Defendants are liable to Plaintiffs, in

19    addition to damages otherwise established according to proof, for punitive damages by way of

20    example to punish Defendants in such sums as are determined by the trier of fact.

21                                  **EIGHTH CAUSE OF ACTION**

22                                  **DECLARATORY RELIEF**

23                                  **(Against All Defendants)**

24        84.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

25    allegations set out above in paragraphs 1 through 83.

26        85.    There is currently a dispute regarding the rights and obligations of the parties as

27    partners and members of the business entities alleged herein, including without limitation in

28    connection with the Adelanto cannabis industrial park venture, and the entities comprising the

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 117

1   Enterprise as hereinabove alleged, including without limitation DIO I, DIO III, Mitsui, CRAP,

2   ACM, AM, and others. Plaintiffs request a judicial declaration of their interest in the entities

3   comprising the Enterprise, and a finding that the entities comprising the Enterprise are one single

4   enterprise, as well as a declaration as to the governing terms and conditions controlling the

5   parties' business ventures, as well as the rights and obligations of the parties as members and/or

6   partners in the business ventures and business entities, including without limitation the

7   Enterprise.

8       86.    Declaratory relief is reasonably necessary for the protection of the rights or

9   interests of Plaintiffs. Plaintiffs are informed and believe that the parties' business ventures and

10  the contributions of money and property made by Plaintiffs for their ownership interests in the

11  business ventures and business entities alleged herein, have been fraudulently usurped and/or

12  wrongfully misappropriated by the Kojimas and other defendants. Furthermore, an actual

13  controversy exists over the ownership, management, and governance of the corporate entity

14  defendants named herein, , and the business partnership ventures and/or Enterprise alleged

15  herein.

16      87.    Declaratory relief and a judicial declaration of the rights, obligations and interests

17  of the members and partners is reasonably necessary because the Kojimas have excluded

18  Plaintiffs and have taken control of the businesses and of the entities comprising the Enterprise,

19  have refused to acknowledge Plaintiffs' ownership rights in some or all of the entities comprising

20  the Enterprise, and have been guilty of, or have knowingly countenanced persistent and

21  pervasive fraud, mismanagement, and/or abuse of authority, including without limitation

22  breaches of fiduciary duty and self-dealing, for the Kojimas' personal gain, to the detriment and

23  cost of Plaintiffs. A judicial declaration is also required as the Adelanto properties are unique

24  parcels of land for which a remedy at law is inadequate, and which properties should be found to

25  be held in a constructive trust by CRAP for the benefit of Plaintiffs.

**NINTH CAUSE OF ACTION**

**VIOLATION OF PENAL CODE §496**

**(Against All Defendants)**

EXHIBIT 5, PAGE 118

88.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out above in paragraphs 1 through 87.

89.    Penal Code §496(a) states: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170" Penal Code §496(a).

90.    Penal Code §496(c) states: "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees". Penal Code §496(c).

91.    "Section 496(a) extends to property 'that has been obtained in any manner constituting theft.' 'Every person... who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property... is guilty of theft.' Penal Code Section 484 thus defines theft to include theft by false pretense.

92.    Defendants, and each of them, as part of an in furtherance of the Conspiracy, obtained funds, capital, labor, services, materials, equipment, contracts, business relationships, intellectual property, and other valuable consideration, property, including the 47 acre property in Adelanto, California, from Plaintiffs by false pretenses.

93.    Defendants, and each of them, knowingly stole, withheld, and misappropriated Plaintiffs' property (including the 47 acre property in Adelanto, California) and labor, and Defendants further defrauded and/or falsely obtained from Plaintiffs money, property, equipment, labor, intellectual property (including the funds to finance and pay for purchase of the 47 acre property in Adelanto, California), and other valuable goods and services, in violation of Penal Code §§496 et seq. Defendants falsely and improperly stole, misappropriated, and converted Plaintiffs' funds, the proceeds thereof, the proceeds of the efforts, labor, and work-

28

**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 119

product of Plaintiffs, including without limitation revenue generated by ACM, and the real property located in Adelanto, California.

94.    Plaintiffs are therefore entitled to an award of treble damages and attorneys' fees in connection with all property and labor wrongfully stolen, misappropriated, and/or taken from Plaintiffs falsely and/or using false pretenses, directly or indirectly.

95.    As a direct and proximate result of Defendants' conduct, as hereinabove alleged, Plaintiffs have been harmed in a sum known to be in excess of $5,000,000, to be proven at trial, plus attorneys' fees and costs thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs each pray for judgment against Defendants, and each of them, as follows:

1.    For general damages in the sum of not less than $5,000,000.00;

2.    For punitive or exemplary damages in a sum to be determined by the trier of fact;

3.    For prejudgment interest thereon;

4.    For special damages according to proof;

5.    For interest thereon as allowed by law;

6.    For an order that DIO I, DIO III, Mitsui, ACM, CRAP, CK Development, and AM are a single enterprise, in which Plaintiffs are the majority stakeholders, according to proof at trial;

7.    For an accounting of all money, equipment, contracts, resources, time, labor, and property contributed by Plaintiffs to Defendants, and each of them, or for the benefit of Defendants, and each of them, and for an accounting of all of the income, expenses, profits, losses, the business accounts and financial records of DIO I, DIO II, DIO III, Mitsui, CRAP, ACM, AM, CK Development, CRA, and KDC, and the business ventures and partnerships alleged herein;

8.    For an order requiring each defendant to hold in trust as trustee all money, assets, property, equipment, and inventory received, directly or indirectly, as result of Plaintiffs' contributions, and/or derived from Plaintiffs' efforts, labor, expertise, work-product, connections,

EXHIBIT 5, PAGE 120

1   contracts, financing, and/or relationships, including without limitation the three (3) parcels of

2   real property in Adelanto, California comprising of 47-acres known commonly as San

3   Bernardino Assessor Parcel Numbers 3129-261-27, 3129-261-66, and 3129-251-14;

4         9.     For preliminary and permanent injunctive relief;

5         10.    For an accounting;

6         11.    For the appointment of a receiver;

7         12.    For tort of another damages;

8         13.    For a constructive trust and/or an order requiring each defendant to hold in trust as

9   trustee all money, assets, property, equipment, and inventory received, directly or indirectly, as

10  result of Plaintiffs' contributions, and/or derived from Plaintiffs' efforts, labor, expertise, work-

11  product, connections, contracts, and/or relationships, including without limitation the three (3)

12  parcels of real property in Adelanto, California comprising of 47-acres known commonly as San

13  Bernardino Assessor Parcel Numbers 3129-261-27, 3129-261-66, and 3129-251-14;

14       14.    For a judicial declaration and/or determination of the rights and obligations of

15  Plaintiffs and Defendants as members of the Enterprise including without limitation of DIO I,

16  DIO III, Mitsui, ACM, CRAP, CK Development, and AM and the business ventures alleged in

17  this pleading;

18       15.    For an order that Defendants Don Kojima, Susan Kojima, Cameron Kojima,

19  ACM, and CRAP, and each of them, are liable for the damages caused by each of them including

20  without limitation by Cameron Kojima as manager of the entity defendants named in this

21  complaint;

22       16.    That the court entertain such proceedings as may be necessary or proper regarding

23  the status and disposition of the assets of DIO I, DIO III, Mitsui, ACM, CRAP, CK

24  Development, and AM, and the business ventures alleged herein, including as justice and equity

25  require;

26       17.    For attorneys fees, including as may be allowed under the "tort of another"

27  doctrine, and such other and further equitable, injunctive and/or declaratory relief as the court

28  may deem proper;

<div align="center">30

**FIRST AMENDED COMPLAINT**</div>

18.     For Plaintiffs' costs of suit incurred herein, including without limitation Plaintiffs'
attorneys' fees incurred; and

19.     For such other and further relief as the Court may, in its discretion, deem just and
proper.

DATED: February 23, 2022                           TQM LAW CORPORATION

                                                   Alon HaCohen, Attorneys for Plaintiffs

31
**FIRST AMENDED COMPLAINT**

EXHIBIT 5, PAGE 122

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 1801 Century Park East, Suite 2400, Los Angeles, California 90067.

On February 23, 2022, I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on the interested party(ies) in this action listed below by:

Ross Hollenkamp
Law Office of Ross L. Hollenkamp
777 E Tahquitz Canyon Way, Ste 200-130
Palm Springs, CA 92262
*Attorneys for Defendant Cameron Kojima*

Don Kojima
7 Shoreridge
Newport Coast, CA 92657
*Defendant*

Susan Kojima
7 Shoreridge
Newport Coast, CA 92657
*Defendant*

[ X ]   (MAIL) placing a true and correct copy enclosed in a sealed envelope and addressed as described above. I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. postal service on the same day with postage thereof fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 23, 2022 at Los Angeles, California.

/s/

Alon HaCohen

**PROOF OF SERVICE**

EXHIBIT 5, PAGE 123

**EXHIBIT 6**

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

---

## CIVDS2001906

GARRISON, ETAL -V- KOJIMA, ETAL

### Case Information

| | |
|---|---|
| **Case Type:** | Fraud Unlimited |
| **Case Number:** | CIVDS2001906 |
| **Citation Number:** | |
| **Filing Date:** | 1/22/2020 |
| **Case Status:** | Active |
| **Court Location:** | San Bernardino |
| **Judicial Officer:** | Gilbert Ochoa |
| **Next Hearing:** | 2/23/2023 9:00AM Dept S24 - SBJC |

### Case Flags

| |
|---|
| |

### Demographic Information

| | |
|---|---|
| **Date of Birth** | |
| **Race:** | |
| **Sex:** | |
| **Height:** | #Error |
| **Weight:** | |
| **Hair Color:** | |
| **Eye Color:** | |
| **DL #:** | |
| **FBI #:** | |
| **State ID:** | |

### Address

| | |
|---|---|
| **Street Name:** | |
| **City:** | |
| **State:** | |
| **Zip:** | |

### Alias(s) / Nickname(s)

| |
|---|
| |

1 of 17

EXHIBIT 6, PAGE 124

## Court Access Portal
**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Cross Reference

| | |
|---|---|
| | |

## Parties

| Type | Name | Status |
|---|---|---|
| Conversion Event | CONV | Active |
| Erroneously Sued As | KOJIMA, DONALD TERUO | Active |
| Plaintiff | GARRISON, MICHAEL | Active |
| Plaintiff | KAUFMAN, CHASE MILES | Active |
| Plaintiff | POWERS, ZACHARY | Active |
| Defendant | KOJIMA, CAMERON TERUO | Active |
| Defendant | KOJIMA, DONALD TERUO | Inactive |
| Defendant | KOJIMA, SUSAN | Active |
| Defendant | KOJIMA, DON TERUO<br>*KOJIMA, DONALD TERUO* | Active |
| Defendant | Kojima, Donald Teruo | Active |
| Defendant | Cameron Ranch Adelanto Partners, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Cameron Ranch Associates, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Apollo Cultivation Management, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Apollo Management, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Dionysus Cultivation Partners I, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Dionysus Cultivation Partners II, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Dionysus Cultivation Partners III, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | Mitsui Adelanto Partners, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | CK Development Associates, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |

EXHIBIT 6, PAGE 125

## Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                          11/29/2022 17:28:01

## Parties

| Type | Name | Status |
|------|------|--------|
| Defendant | Kojima Development Company, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant | DOES 1-100 | Active |
| Defendant | Kojima, Don Teruo<br>*KOJIMA, DONALD TERUO* | Active |
| Plaintiff in 1st Cross Complaint | Cameron Ranch Adelanto Partners, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Apollo Cultivation Management, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Apollo Management, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Dionysus Cultivation Partners I, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Dionysus Cultivation Partners II, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Dionysus Cultivation Partner III, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | Mitsui Adelanto Partners, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Plaintiff in 1st Cross Complaint | CK Development Associates, LLC<br>*A CALIFORNIA LIMITED LIABILITY COMPANY* | Active |
| Defendant in 1st Cross Complaint | Garrison, Michael | Active |
| Defendant in 1st Cross Complaint | Kaufman, Chase Miles | Active |
| Defendant in 1st Cross Complaint | Powers, Zachary | Active |
| Defendant in 1st Cross Complaint | ROES 1 through 100, inclusive | Active |

EXHIBIT 6, PAGE 126

# Court Access Portal
### Superior Court of  California - County of San Bernardino

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Attorneys

| Representing | Name |
|---|---|
| MICHAEL GARRISON | **TQM Law Corporation** |
| CHASE MILES KAUFMAN | **TQM Law Corporation** |
| ZACHARY POWERS | **TQM Law Corporation** |
| CAMERON TERUO KOJIMA | **Law Office of Ross L. Hollenkamp** |
| SUSAN KOJIMA | **Law Office of Ross L. Hollenkamp** |
| Cameron Ranch Adelanto Partners, LLC | **Law Office of Ross L. Hollenkamp** |
| Cameron Ranch Associates, LLC | **Law Office of Ross L. Hollenkamp** |
| Apollo Cultivation Management, LLC | **Law Office of Ross L. Hollenkamp** |
| Apollo Management, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partners I, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partners II, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partners III, LLC | **Law Office of Ross L. Hollenkamp** |
| Mitsui Adelanto Partners, LLC | **Law Office of Ross L. Hollenkamp** |
| CK Development Associates, LLC | **Law Office of Ross L. Hollenkamp** |
| Kojima Development Company, LLC | **Law Office of Ross L. Hollenkamp** |
| Don Teruo Kojima | **Law Office of Ross L. Hollenkamp** |
| Cameron Ranch Adelanto Partners, LLC | **Law Office of Ross L. Hollenkamp** |
| Apollo Cultivation Management, LLC | **Law Office of Ross L. Hollenkamp** |
| Apollo Management, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partners I, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partners II, LLC | **Law Office of Ross L. Hollenkamp** |
| Dionysus Cultivation Partner III, LLC | **Law Office of Ross L. Hollenkamp** |
| Mitsui Adelanto Partners, LLC | **Law Office of Ross L. Hollenkamp** |
| CK Development Associates, LLC | **Law Office of Ross L. Hollenkamp** |
| Michael Garrison | **TQM Law Corporation** |
| Michael Garrison | Each Legal, PC |
| Chase Miles Kaufman | **TQM Law Corporation** |
| Chase Miles Kaufman | Each Legal, PC |
| Zachary Powers | **TQM Law Corporation** |
| Zachary Powers | Each Legal, PC |

EXHIBIT 6, PAGE 127

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                         11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 11/23/2022 | Amended Cross Complaint and Proof of Service Filed | Cameron Ranch Adelanto Partners, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partner III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC |
| **Comment:** | First Amended Cross complaint filed on 11/23/2022 | |
| 11/8/2022 | Fax Received | |
| **Comment:** | notice of remote appearance | |
| 11/8/2022 | Correspondence Coversheet Generated to Mail: | TQM Law Corporation, Law Office of Ross L. Hollenkamp, Each Legal, PC |
| **Comment:** | Minute Order dated 11/08/22 | |
| 11/8/2022 | Court Order Filed | |
| **Comment:** | Court's Ruling on Demurrer to Cross Complaint | |
| 11/8/2022 | Notice of Remote Appearance | CHASE KAUFMAN |
| **Comment:** | Plaintiff Notice of Remote Appearance (hearing already heald) | |
| 11/8/2022 | Correspondence Coversheet Generated to Mail: | TQM Law Corporation, Law Office of Ross L. Hollenkamp, Each Legal, PC |
| **Comment:** | Minute Order dated 11/08/22 | |
| 11/8/2022 | Filing Fee Paid by | CHASE KAUFMAN |
| **Comment:** | $5.00 fee paid on 11/8/22 for fax fees | |
| 11/8/2022 | Leave of Court Granted for | Cameron Ranch Adelanto Partners, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partner III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC |
| **Comment:** | 10 days leave to amend | |
| 10/10/2022 | Summons Issued on | |
| **Comment:** | 1st Amended Complaint | |
| 10/6/2022 | Proof of Service Filed | Michael Garrison, Chase Kaufman, Zachary Powers |
| **Comment:** | as to Demurrer to Cross Complaint | |
| 10/6/2022 | Declaration Filed | Michael Garrison, Chase Kaufman, Zachary Powers |

EXHIBIT 6, PAGE 128

# Court Access Portal
### Superior Court of California - County of San Bernardino

**Case Summary (CIVDS2001906)**                                  11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Dec of Laura D. Each Re Meet and Confer in support of Demurrer to Cross-Complaint filed by Cross-Defendants filed on 10/6/22 | |
| 10/6/2022 | Demurrer Filed | Michael Garrison, Chase Kaufman, Zachary Powers |
| **Comment:** | to Cross-Complaint filed by Cross-Defendants filed on 10/6/22 | |
| 9/1/2022 | Declaration Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | Declaration of Laura D. Each In Support of Automatic Extension to October 8, 2022 For Cross-Defendants to File Demurrer to Cross-COmplaint of Cameron Ranch Adelanto Partners, LLC; Dionysus Cultivation Partners I, LLC; Dionysus Cultivation Partners II LLC; Dionysus Cultivation partners III, LLC; Mitsui Adelanto PArtners, LLC; and CK Development Associates, LLC | |
| 8/8/2022 | Filing Fee Paid by | Cameron Ranch Adelanto Partners, LLC, Cameron Ranch Associates, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partners III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC, Kojima Development Company, LLC |
| **Comment:** | $4350.00 check paid on 08-16-22 for first appearance fees | |
| 8/8/2022 | Cross-Complaint Filed | Cameron Ranch Adelanto Partners, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partner III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC |
| **Comment:** | Filed by defendants/Cross-complainants Cameron Ranch Adelanto Partners, LLC on amended complaint filed on 05-03-22 | |
| 8/8/2022 | Answer Filed | Cameron Ranch Adelanto Partners, LLC, Cameron Ranch Associates, LLC, Apollo Cultivation Management, LLC, Apollo Management, LLC, Dionysus Cultivation Partners I, LLC, Dionysus Cultivation Partners II, LLC, Dionysus Cultivation Partners III, LLC, Mitsui Adelanto Partners, LLC, CK Development Associates, LLC, Kojima Development Company, LLC |
| **Comment:** | AND Demand for Jury Trial; Filed by defendant Cameron Ranch Adelanto Partners, LLC on amended complaint filed on 05-03-22 | |
| 7/5/2022 | Notice of Association of Counsel for Plaintiff Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | Filed by plainitff michael Garrison, et al. on complaint filed 5/3/22 | |
| 6/23/2022 | Fax Received | |
| **Comment:** | summons-first amended complaint | |

EXHIBIT 6, PAGE 129

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                                      11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| 6/23/2022 | Filing Fee Paid by | TQM Law Corporation |
| **Comment:** | $4.30 cc paid on 10.12.22 for faxes, copies, and mailing | |
| 6/8/2022 | Answer Filed | CAMERON KOJIMA, SUSAN KOJIMA, Don Kojima |
| **Comment:** | Filed by defendants Cameron Teruo Kojima, Don Teruo Kojima and Susan Kojima on First Amended Complaint filed 5/3/22 | |
| 5/26/2022 | Document is Returned by Court for the Following Reason(s): | MICHAEL GARRISON, CHASE KAUFMAN |
| **Comment:** | Proof of Service/ #1 of the items served is unreadable | |
| 5/3/2022 | Order Filed Re: | MICHAEL GARRISON |
| **Comment:** | Granting Motion for Leave to Amend Complaint | |
| 5/3/2022 | Amended Complaint Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | First Amended Complaint filed by Plaintiffs against Defendants | |
| 4/25/2022 | Notice Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | of entry of order 4/19/22 filed by plaintiffs | |
| 4/21/2022 | Volume Begins on this Date | |
| **Comment:** | Volume 2 4/5/22 - Present | |
| 4/21/2022 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | Volume 1 1/22/20 - 3/25/22 | |
| 4/19/2022 | Correspondence Coversheet Generated to Mail: | |
| **Comment:** | Copy of 4/19/22 minute order and ruling. | |
| 4/19/2022 | Order Filed Re: | MICHAEL GARRISON |
| **Comment:** | Granting Motion for Leave to Amend Complaint | |
| 4/19/2022 | Notice of Entry of Judgment or Order | |
| 4/19/2022 | Correspondence Coversheet Generated to Mail: | |
| **Comment:** | Copy of 4/19/22 minute order and ruling. | |
| 4/19/2022 | Order Filed Re: | |
| **Comment:** | Ruling on Motion for Leave to file Amended Complaint. | |
| 4/7/2022 | Miscellaneous Document Filed | CAMERON KOJIMA, SUSAN KOJIMA, DON KOJIMA |

EXHIBIT 6, PAGE 130

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                      11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Defendants' Statement of Non-Opposition to Plaintiffs' Motion for leave to file First Amended Complaint filed by all Defendants on 4/7/22 | |
| 4/7/2022 | Substitution of Attorney Filed | SUSAN KOJIMA |
| **Comment:** | filed by Defendant Susan Kojima on 4/7/22 | |
| 4/7/2022 | Substitution of Attorney Filed | DON KOJIMA |
| **Comment:** | filed by Defendant Don Teruo Kojima on 4/7/22 | |
| 4/6/2022 | Order Filed Re: | |
| **Comment:** | Order Granting Ex Parte- Application to Continue Trial | |
| 4/6/2022 | Opposition to Motion Filed | CAMERON KOJIMA, DON KOJIMA |
| **Comment:** | DEF OPPOSITION TO PLA EX PARTE APPLICATION TO CONTINUE TRIAL | |
| 4/6/2022 | Declaration re: | CAMERON KOJIMA, SUSAN KOJIMA, DON KOJIMA |
| **Comment:** | DECLARATION OF RESSL. HOLLENKAMP, ESQ. IN SUPPORT OF DEF OPPOSITION TO PLA EX PARTE APPLICATION TO CONTINUE TRIAL | |
| 4/5/2022 | Declaration re: | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | DECLARATION OF ALON HACOHEN ISO EX PARTE APPLICATION TO CONTINUE TRIAL OR IN THE ALTERNATIVE TO SHORTEN TIME AND SPECIALLY SET FOR HEARING A MOTION TO CONTINUE TRIAL | |
| 4/5/2022 | Filing Fee Paid by | MICHAEL GARRISON |
| **Comment:** | $90.00 Check for Ex Parte fees paid on 04/05/2022 | |
| 4/5/2022 | Ex Parte Application | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | EX PARTE APPLICATION TO CONTINUE TRIAL FOLLOWING BANKRUPTCY COURT ORDER LIFTING THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO SHORTEN TIME AND SPECIALLY SETTING FOR HEARING A MOTION TO CONTINUE TRIAL;MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF | |
| 3/25/2022 | Motion for Leave to File Amended Complaint | MICHAEL GARRISON, ZACHARY POWERS |
| **Comment:** | Pltfs' Motion for Leave to File First Amended Complaint | |
| 3/25/2022 | Declaration in Support of Motion re: | TQM Law Corporation |
| **Comment:** | Moton for Leave of Court to Amend | |
| 3/25/2022 | Comment: | |
| **Comment:** | fax received | |
| 3/25/2022 | Points and Authorities Filed | MICHAEL GARRISON, ZACHARY POWERS |
| **Comment:** | Pltfs' P&A's iso Motion for Leave to Amend | |
| 3/25/2022 | Comment: | |

8 of 17

# Court Access Portal
**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                      11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Fax received | |
| 3/25/2022 | Filing Fee Paid by | MICHAEL GARRISON |
| **Comment:** | $90.00 ez pd on 3/28/2022 for motion | |
| 3/25/2022 | Notice of Returned Documents | |
| **Comment:** | check # D5018158 in the amount of $90.00 RETURNED via Attorney Bin. Fees were paid through turbo court. | |
| 2/7/2022 | Notice of Pendency of Action Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | Filed by plaintiffs MIchael Garrison, Chasse Kaufman, and Zachary Powers on complaint filed 01/22/2020. | |
| 2/7/2022 | Notice of Pendency of Action Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | Filed by plaintiffs Michael Garrison, Chase Kaufman, and Zachary Powers on complaint filed 01/22/2020. | |
| 2/7/2022 | Notice of Pendency of Action Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | Filed by plaintiffs Michael Garrison, Chase Kaufman, and Zachary Powers on complaint filed 01/22/2020. | |
| 2/7/2022 | Filing Fee Paid by | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | $120 check paid on 03/25/2022 for 3 lis pendens. | |
| 2/3/2022 | Document is Returned by Court for the Following Reason(s): | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | (Three) Notice of Pendency of Action- Each Lis Pendens requires a $40.00 fee. Please resubmit with appropriate fee. | |
| 1/31/2022 | Substitution of Attorney Filed | CAMERON KOJIMA |
| 11/29/2021 | Correspondence Coversheet Generated to Mail: | TQM Law Corporation, CAMERON KOJIMA, SUSAN KOJIMA, DON KOJIMA |
| **Comment:** | Minute order dated 11/29/21 | |
| 11/3/2021 | Notice of Advanced Jury Fees Posted Filed | MICHAEL GARRISON |
| **Comment:** | filed by Plainiffs Michael Garrison, Chase Miles Kaufman, Zachary Powers | |
| 11/3/2021 | Filing Fee Paid by | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | $150.00 ck paid on 11/05/2021 for Advanced Jury Fees | |
| 9/13/2021 | Substitution of Attorney Filed | MICHAEL GARRISON |
| **Comment:** | filed by Plaintiff Michael Garrison on 9/13/21 | |
| 9/13/2021 | Substitution of Attorney Filed | CHASE KAUFMAN |
| **Comment:** | filed by Plaintiff Chase Kaufman on 9/13/21 | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                                11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 9/13/2021 | Substitution of Attorney Filed | ZACHARY POWERS |
| **Comment:** | filed by Plaintff Zachary Powers on 9/13/21 | |
| 7/28/2021 | Notice of Pendency of Action Filed | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | (recorded) filed by all Plaintiffs on Complaint filed 1/22/2020 | |
| 7/12/2021 | Filing Fee Paid by | MICHAEL GARRISON, ZACHARY POWERS, CAMERON KOJIMA |
| **Comment:** | $40.00 Check for Lis Pendens paid on 07/12/2021 | |
| 7/12/2021 | Balance Paid on Case | MICHAEL GARRISON, CHASE KAUFMAN, ZACHARY POWERS |
| 6/28/2021 | Balance Due on Case | MICHAEL GARRISON |
| **Comment:** | Lis Pendens Fees $40 | |
| 6/28/2021 | Filing Fees Due to the Court on or Before | MICHAEL GARRISON |
| **Comment:** | Lis Pendens fee | |
| 6/25/2021 | Notice of Pendency of Action Filed | MICHAEL GARRISON |
| 6/2/2021 | Document(s) Placed in File | DON KOJIMA |
| **Comment:** | United States Bankruptcy Court Central District of California - Santa Ana Division Substitution of Attorney | |
| 5/27/2021 | Notice of Bankruptcy Filed (Individual Party) | SUSAN KOJIMA, DON KOJIMA |
| **Comment:** | Case not stayed. | |
| 8/14/2020 | Proof of Sub-Service Filed, As to: with fees of: | |
| **Comment:** | PROOF OF SUB-SERVICE OF SUMMONS AND COMP/PET AS TO CAMERON TERUO KOJIMA SERVED ON 01/31/20 WITH FEES OF $212.37. | |
| 8/6/2020 | Notice of Return of Document(s) | |
| **Comment:** | NOTICE OF RETURN OF DOCUMENT(S) | |
| 8/6/2020 | Document is Returned by Court for the Following Reason(s): | |
| **Comment:** | PROOF OF SERVICE IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): THE DATE ON THE FOLLOWING DOCUMENT IS INCORRECT AND NEEDS TO BE ADJUSTED TO THE COR. | |
| 7/22/2020 | Conversion event | |
| **Comment:** | INITIAL TRIAL SETTING CONFERENCE ORDER SIGNED AND FILED. | |
| 7/22/2020 | Order Filed Re: | |

# Court Access Portal
**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                         11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | ORDER RE: DISCOVERY CONFERENCE FILED | |
| 7/22/2020 | Document(s) Placed in File | |
| **Comment:** | TRIAL COURT ORDERS FOR DEPT. S24 PLACED IN FILE | |
| 7/20/2020 | Proof of Sub-Service Filed, As to: with fees of: | |
| **Comment:** | PROOF OF SUB-SERVICE OF SUMMONS AND COMP/PET AS TO DON TERUO KOJIMA SERVED ON 03/23/20 WITH FEES OF $406.60. | |
| 7/20/2020 | Proof of Service of Summons and Comp/Pet Filed | |
| **Comment:** | PROOF OF SERVICE OF SUMMONS AND COMP/PET ON SUSAN KOJIMA; DEFENDANT/RESPONDENT SERVED ON 01/22/20 WITH COSTS OF $200.91 FILED. | |
| 6/11/2020 | Party Removed | |
| **Comment:** | ON COMPLAINT (UNLIMITED) OF MICHAEL GARRISON, DONALD TERUO KOJIMA REMOVED AS A PARTY. | |
| 6/10/2020 | Party Added | |
| **Comment:** | ON THE COMPLAINT (UNLIMITED) OF MICHAEL GARRISON, DON TERUO KOJIMA IS ADDED AS A DEFENDANT. | |
| 6/10/2020 | Defendant First Paper Fee Paid in Full | |
| **Comment:** | DEFENDANT DON TERUO KOJIMA FIRST PAPER FEE PAID IN FULL | |
| 6/10/2020 | Answer Filed | DON KOJIMA |
| **Comment:** | ANSWER FILED BY DON TERUO KOJIMA; PARTY REPRESENTED BY PRO/PER. | |
| 6/10/2020 | AKA added for Defendant | |
| **Comment:** | ON COMPLAINT (UNLIMITED) OF MICHAEL GARRISON FOR DON TERUO KOJIMA, ADD DONALD TERUO KOJIMA. | |
| 6/10/2020 | Filing Fee Paid by | |
| **Comment:** | FILING FEE PAID BY DON TERUO KOJIMA FOR FIRST PAPER FEES<br>200611-0150-CK CVT/    435.00            PAYMT<br>200611-0150-CK REFERENCE NUMBER 3713442 | |
| 5/29/2020 | Notice Sent re: | |
| **Comment:** | NOTICE OF RETURN OF DOCUMENTS SENT. | |
| 3/11/2020 | Answer Filed | CAMERON KOJIMA |
| **Comment:** | ANSWER FILED BY CAMERON TERUO KOJIMA; PARTY REPRESENTED BY PRO/PER. | |
| 3/11/2020 | Filing Fee Paid by | |

EXHIBIT 6, PAGE 134

# Court Access Portal
### Superior Court of California - County of San Bernardino

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | FILING FEE PAID BY CAMERON TERUO KOJIMA FOR ANSWER<br>200311-0039-CK CVT/   435.00          PAYMT<br>200311-0039-CK REFERENCE NUMBER 3713271 | |
| 3/11/2020 | Defendant First Paper Fee Paid in Full | |
| **Comment:** | DEFENDANT CAMERON TERUO KOJIMA FIRST PAPER FEE PAID IN FULL | |
| 3/10/2020 | Attorney Added for Defendant | |
| **Comment:** | ON COMPLAINT (UNLIMITED) OF MICHAEL GARRISON FOR CAMERON TERUO KOJIMA, ATTORNEY PRO/PER ADDED. | |
| 3/10/2020 | Notice of Return of Document(s) | |
| **Comment:** | NOTICE OF RETURN OF DOCUMENT(S) | |
| 3/10/2020 | Document is Returned by Court for the Following Reason(s): | |
| **Comment:** | ANSWER IS RETURNED BY COURT FOR THE FOLLOWING REASON(S): DEF CAMERON TERUO KOJIMA MUST ANSWER AS SUED OR STATE ESA. | |
| 2/20/2020 | Answer Filed | SUSAN KOJIMA |
| **Comment:** | ANSWER FILED BY SUSAN KOJIMA; PARTY REPRESENTED BY PRO/PER. | |
| 2/20/2020 | Filing Fee Paid by | |
| **Comment:** | FILING FEE PAID BY SUSAN KOJIMA FOR FIRST APPEARANCE FEE<br>200220-0035-CK CVT/   435.00          PAYMT<br>200220-0035-CK REFERENCE NUMBER 3713193 | |
| 2/20/2020 | Defendant First Paper Fee Paid in Full | |
| **Comment:** | DEFENDANT SUSAN KOJIMA FIRST PAPER FEE PAID IN FULL | |
| 1/22/2020 | Complaint and Party Information Entered | |
| **Comment:** | COMPLAINT AND PARTY INFORMATION ENTERED | |
| 1/22/2020 | Update Party Address | |
| **Comment:** | PARTY ZACHARY POWERS UPDATED: PLAINTIFF'S NAME | |
| 1/22/2020 | Filing Fee Paid by | CHASE KAUFMAN, ZACHARY POWERS |
| **Comment:** | FILING FEE PAID BY MICHAEL GARRISON, CHASE MILES KAUFMAN, ZACHARY POWERS FOR 1ST APPEARANCE FEE<br>200122-1040-CK CVH/   435.00          PAYMT | |

EXHIBIT 6, PAGE 135

# Court Access Portal
**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| 1/22/2020 | Civil Case Cover Sheet Filed | |
| **Comment:** | CIVIL CASE COVER SHEET FILED. | |
| 1/22/2020 | Notice Imaged | |
| **Comment:** | NOTICE IMAGED | |
| 1/22/2020 | Summons Issued and Filed | |
| **Comment:** | SUMMONS ISSUED AND FILED | |
| 1/22/2020 | Case Number Changed | |
| **Comment:** | CASE NUMBER CHANGED FROM CIV/DS2991906 | |
| 1/22/2020 | Certificate of Assignment Received | |
| **Comment:** | CERTIFICATE OF ASSIGNMENT RECEIVED. | |
| 1/22/2020 | Case Assigned for All Purposes | |
| **Comment:** | CASE ASSIGNED FOR ALL PURPOSES TO DEPARTMENT S24 | |

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|------------|-------|----------------|------|------|------|--------|
| Department S24 - SBJC | Ochoa, Gilbert | | Demurrer: to Cross Complaint filed by Cross-Defendants filed on 10/6/22 | 11/8/2022 | 8:30AM | Held |

EXHIBIT 6, PAGE 136

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S24 - SBJC | Ochoa, Gilbert | | Ex Parte Hearing - Predisposition: EX PARTE APPLICATION TO CONTINUE TRIAL FOLLOWING BANKRUPTCY COURT ORDER LIFTING THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO SHORTEN TIME AND SPECIALLY SETTING FOR HEARING A MOTION TO CONTINUE TRIAL;MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF | 4/6/2022 | 9:00AM | Held |
| Department S24 - SBJC | Ochoa, Gilbert | | Jury Trial: JURY TRIAL -- ESTIMATED TRIAL LENGTH  HOURS. | 2/27/2023 | 10:00AM | |
| Department S24 - SBJC | Ochoa, Gilbert | | Motion for Leave to File Amended Complaint: Pltfs' Motion for Leave to File First Amended Complaint | 4/19/2022 | 9:00AM | Held |
| Department S24 - SBJC | Ochoa, Gilbert | | Order to Show Cause Re: Dismissal: OSC RE: DISMISSAL | 2/23/2023 | 9:00AM | |
| Department S24 - SBJC | Ochoa, Gilbert | | Readiness Calendar: READINESS CALENDAR | 2/23/2023 | 9:00AM | |
| | Ochoa, Gilbert | | Trial Setting Conference: TRIAL SETTING CONFERENCE | 7/22/2020 | 9:00AM | Held |

EXHIBIT 6, PAGE 137

# Court Access Portal
**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| | | | Trial Setting Conference: TRIAL SETTING CONFERENCE | 7/22/2020 | 8:30AM | |

## Charges Disposition & PLEAS

| Count | Date | Details | Citation # | Jurisdiction |
|---|---|---|---|---|
| | | | | |
| | Plea: | - | | |

## Financial Transactions

| Total | $6,679.30 | Total Balance: | $0.00 |
|---|---|---|---|
| **Date** | **Charges** | **Payments** | **Credits** |
| 1/22/2020 | $435.00 | $0.00 | $0.00 |
| 1/22/2020 | $0.00 | $435.00 | $0.00 |
| 10/12/2022 | $4.30 | $0.00 | $0.00 |
| 10/12/2022 | $0.00 | $4.30 | $0.00 |
| 10/7/2022 | $90.00 | $0.00 | $0.00 |
| 10/7/2022 | $0.00 | $90.00 | $0.00 |
| 11/5/2021 | $150.00 | $0.00 | $0.00 |
| 11/5/2021 | $0.00 | $150.00 | $0.00 |
| 11/8/2022 | $5.00 | $0.00 | $0.00 |
| 11/8/2022 | $0.00 | $5.00 | $0.00 |
| 2/20/2020 | $435.00 | $0.00 | $0.00 |
| 2/20/2020 | $0.00 | $435.00 | $0.00 |
| 3/11/2020 | $435.00 | $0.00 | $0.00 |
| 3/11/2020 | $0.00 | $435.00 | $0.00 |
| 3/25/2022 | $120.00 | $0.00 | $0.00 |
| 3/25/2022 | $0.00 | $120.00 | $0.00 |
| 3/28/2022 | $90.00 | $0.00 | $0.00 |

15 of 17

EXHIBIT 6, PAGE 138

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

| Date | Charges | Payments | Credits |
|------|---------|----------|---------|
| 3/28/2022 | $0.00 | $90.00 | $0.00 |
| 4/5/2022 | $90.00 | $0.00 | $0.00 |
| 4/5/2022 | $0.00 | $90.00 | $0.00 |
| 6/11/2020 | $435.00 | $0.00 | $0.00 |
| 6/11/2020 | $0.00 | $435.00 | $0.00 |
| 6/11/2020 | $0.00 | $0.00 | $0.00 |
| 6/28/2021 | $40.00 | $0.00 | $0.00 |
| 7/12/2021 | $0.00 | $40.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| 8/16/2022 | $435.00 | $0.00 | $0.00 |
| 8/16/2022 | $0.00 | $435.00 | $0.00 |
| **Total** | **$6,679.30** | **$6,679.30** | **$0.00** |

EXHIBIT 6, PAGE 139

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVDS2001906)**                                    11/29/2022 17:28:01

## Bonds

| Type | Description | Posted Date | Set Date | Amount |
|------|-------------|-------------|----------|--------|
|      |             |             |          |        |

## Related Cases

| Case Number | Case Type | Case SubType | Description | Comments |
|-------------|-----------|--------------|-------------|----------|
|             |           |              |             |          |

EXHIBIT 6, PAGE 140

**EXHIBIT 7**

11/29/22, 5:21 PM
CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

# Central District of California
# Claims Register

**8:21-bk-11352-TA Don Teruo Kojima and Susan Lorraine Kojima** Converted 06/27/2022

| | |
|---|---|
| **Judge:** Theodor Albert | **Chapter:** 7 |
| **Office:** Santa Ana | **Last Date to file claims:** 11/14/2022 |
| **Trustee:** Richard A Marshack (TR) | **Last Date to file (Govt):** |

---

| | | |
|---|---|---|
| *Creditor:* (40821612) History | **Claim No: 1** | *Status:* |
| Wells Fargo Bank, N.A. | *Original Filed* | *Filed by:* CR |
| MAC N9286-01Y | *Date:* 06/09/2021 | *Entered by:* Jennifer C Wong |
| P.O. Box 1629 | *Original Entered* | *Modified:* |
| Minneapolis, MN 55440-9790 | *Date:* 06/09/2021 | |

Amount  claimed: $2388319.68
Secured claimed: $2388319.68

*History:*

| Details | 1-1 | 06/09/2021 Claim #1 filed by Wells Fargo Bank, N.A., Amount claimed: $2388319.68 (Wong, Jennifer) |
|---|---|---|
| | doc | 12/15/2021 Supplemental Proof of Claim for CARES Forbearance Claim, Director's Form 4100S. (Claim # 1) . Filed by Creditor Wells Fargo Bank, N.A.. (Wong, Jennifer) |

*Description:*
*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:* (40801069) | **Claim No: 2** | *Status:* |
| Internal Revenue Service | *Original Filed* | *Filed by:* CR |
| PO Box 7346 | *Date:* 06/14/2021 | *Entered by:* Timothy C Schakow |
| Philadelphia, PA 19101-7346 | *Original Entered* | *Modified:* |
| | *Date:* 06/14/2021 | |
| | *Last Amendment* | |
| | *Filed:* 09/21/2022 | |
| | *Last Amendment* | |
| | *Entered:* 09/21/2022 | |

Amount  claimed: 119777.70
Secured claimed:    $0.00
Priority claimed:  $89243.87

*History:*

| Details | 2-1 | 06/14/2021 Claim #2 filed by Internal Revenue Service, Amount claimed: $48260.50 (Schakow, Timothy) |
|---|---|---|
| Details | 2-2 | 12/16/2021 Amended Claim #2 filed by Internal Revenue Service, Amount claimed: $121543.59 (Schakow, Timothy) |
| Details | 2-3 | 09/21/2022 Amended Claim #2 filed by Internal Revenue Service, Amount claimed: $119777.70 (Schakow, Timothy) |

*Description:*
*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:* (40828122) | **Claim No: 3** | *Status:* |
| Toyota Lease Trust | *Original Filed* | *Filed by:* CR |
| c/o Toyota Motor Credit Corporation | *Date:* 06/15/2021 | |

EXHIBIT 7, PAGE 141

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| | | |
|---|---|---|
| PO Box 9013<br>Addison, Texas 75001 | *Original Entered*<br>*Date*: 06/15/2021 | *Entered by*: Ryan Forrest<br>*Modified*: |

Amount claimed: $2874.48

*History:*

| Details | ⊚ | 3-1 | 06/15/2021 Claim #3 filed by Toyota Lease Trust, Amount claimed: $2874.48 (Forrest, Ryan) |
|---|---|---|---|

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*      (40831792)<br>American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | **Claim No: 4**<br>*Original Filed*<br>*Date*: 06/18/2021<br>*Original Entered*<br>*Date*: 06/18/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Greg Deegan<br>*Modified:* |

Amount claimed: $23302.55

*History:*

| Details | ⊚ | 4-1 | 06/18/2021 Claim #4 filed by American Express National Bank, Amount claimed: $23302.55 (Deegan, Greg) |
|---|---|---|---|

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*      (40832748)<br>JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487 | **Claim No: 5**<br>*Original Filed*<br>*Date*: 06/18/2021<br>*Original Entered*<br>*Date*: 06/18/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Can Guner<br>*Modified:* |

Amount claimed: $4142.70

*History:*

| Details | ⊚ | 5-1 | 06/18/2021 Claim #5 filed by JPMorgan Chase Bank, N.A., Amount claimed: $4142.70 (Guner, Can) |
|---|---|---|---|

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*      (40844450)<br>Nissan Motor Acceptance Corporation<br>PO Box 9013<br>Addison, Texas 75001 | **Claim No: 6**<br>*Original Filed*<br>*Date*: 06/25/2021<br>*Original Entered*<br>*Date*: 06/25/2021<br>*Last Amendment*<br>*Filed*: 02/18/2022<br>*Last Amendment*<br>*Entered*: 02/18/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Alexander Deegan<br>*Modified:* 02/17/2022 |

Amount  claimed: $13562.19

Secured  claimed: $13562.19

*History:*

| Details | ⊚ | 6-1 | 06/25/2021 Claim #6 filed by Nissan Motor Acceptance Corporation, Amount claimed: $13562.19 (Forrest, Ryan) |
|---|---|---|---|
| Details | ⊚ | 6-2 | 02/18/2022 Amended Claim #6 filed by Nissan Motor Acceptance Corporation, Amount claimed: $13562.19 (Deegan, Alexander) |

*Description:*

*Remarks:* (6-1) This Claim Has Been Redact

EXHIBIT 7, PAGE 142

| | | |
|---|---|---|
| *Creditor:* (40801085) [History](#) | **Claim No: 7** | *Status:* |
| SoCalGas | *Original Filed* | *Filed by:* CR |
| PO Box 30337 | *Date:* 07/07/2021 | *Entered by:* |
| Los Angeles, CA 90030 | *Original Entered* | *Modified:* |
| | *Date:* 07/07/2021 | |
| | *Last Amendment* | |
| | *Filed:* 07/15/2022 | |
| | *Last Amendment* | |
| | *Entered:* 07/15/2022 | |

Amount claimed: $558.69

*History:*

| [Details](#) | ⊙ | [7-1](#) | 07/07/2021 Claim #7 filed by SoCalGas, Amount claimed: $327.10 (VN) |
|---|---|---|---|
| [Details](#) | ⊙ | [7-2](#) | 07/15/2022 Amended Claim #7 filed by SoCalGas, Amount claimed: $558.69 (VN) |

*Description:* (7-1) #0263; Natural Gas Utility
(7-2) #0263; Natural Gas Utility

*Remarks:* (7-2) #2638 Natural Gas Utility

| | | |
|---|---|---|
| *Creditor:* (40881660) | **Claim No: 8** | *Status:* |
| The Bank of New York Mellon fka The Bank | *Original Filed* | *Filed by:* CR |
| c/o Bank of America, N.A. | *Date:* 07/28/2021 | *Entered by:* Nancy L Lee |
| P.O. Box 31785 | *Original Entered* | *Modified:* |
| Tampa, FL 33631-3785 | *Date:* 07/28/2021 | |

Amount  claimed: $2911545.39

Secured  claimed: $2911545.39

*History:*

| [Details](#) | ⊙ | [8-1](#) | 07/28/2021 Claim #8 filed by The Bank of New York Mellon fka The Bank, Amount claimed: $2911545.39 (Lee, Nancy) |
|---|---|---|---|

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40818421) [History](#) | **Claim No: 9** | *Status:* |
| Katherine Meredith | *Original Filed* | *Filed by:* CR |
| c/o Ronald K. Brown, Jr | *Date:* 09/01/2021 | *Entered by:* Ronald K Brown |
| LAW OFFICES OF RONALD K. BROWN, | *Original Entered* | *Modified:* |
| JR., APC | *Date:* 09/01/2021 | |
| 901 Dove Street, Suite 120 | *Last Amendment* | |
| Newport Beach, California 92660 | *Filed:* 11/09/2021 | |
| | *Last Amendment* | |
| | *Entered:* 11/09/2021 | |

Amount  claimed: $978012.41

Secured  claimed: $978012.41

*History:*

| [Details](#) | ⊙ | [9-1](#) | 09/01/2021 Claim #9 filed by Katherine Meredith, Amount claimed: $949330.81 (Brown, Ronald) |
|---|---|---|---|
| [Details](#) | ⊙ | [9-2](#) | 11/09/2021 Amended Claim #9 filed by Katherine Meredith, Amount claimed: $978012.41 (Brown, Ronald) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40927328) | **Claim No: 10** | *Status:* |

EXHIBIT 7, PAGE 143

11/29/22, 5:21 PM                                    CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

Cameron Meredith                    *Original Filed*              *Filed by:* CR
2442 Ladoga Ave                     *Date:* 09/07/2021            *Entered by:* Ryan D O'Dea
Long Beach, CA 90815                *Original Entered*            *Modified:*
                                    *Date:* 09/07/2021

  Amount claimed: $100000.00

*History:*

Details  🔵  [10-1](#)  09/07/2021  Claim #10 filed by Cameron Meredith, Amount claimed: $100000.00 (O'Dea, Ryan)

*Description:* (10-1) Dionysis II cannabis business on Adelanto property. Alter ego, fraudulent inducement
*Remarks:*

---

*Creditor:*       (40890140)       **Claim No: 11**              *Status:*
Cory Meredith                       *Original Filed*              *Filed by:* CR
2442 Ladoga Ave                     *Date:* 09/07/2021            *Entered by:* Ryan D O'Dea
Long Beach, CA 90815                *Original Entered*            *Modified:*
                                    *Date:* 09/07/2021

  Amount claimed: $104000.00

*History:*

Details  [11-1](#)  09/07/2021  Claim #11 filed by Cory Meredith, Amount claimed: $104000.00 (O'Dea, Ryan)

*Description:* (11-1) Cameron Ranch (2006 Invested $208,000 with ex wife. February 2016 split with ex @$104,000 each).
Alter ego, fraudulent inducement
*Remarks:*

---

*Creditor:*       (40890140)       **Claim No: 12**              *Status:*
Cory Meredith                       *Original Filed*              *Filed by:* CR
2442 Ladoga Ave                     *Date:* 09/07/2021            *Entered by:* Ryan D O'Dea
Long Beach, CA 90815                *Original Entered*            *Modified:*
                                    *Date:* 09/07/2021

  Amount claimed: $78000.00

*History:*

Details  [12-1](#)  09/07/2021  Claim #12 filed by Cory Meredith, Amount claimed: $78000.00 (O'Dea, Ryan)

*Description:* (12-1) IRA Cameron Ranch Associates LLC 2010. Alter ego, fraudulent inducement
*Remarks:*

---

*Creditor:*       (40890140)       **Claim No: 13**              *Status:*
Cory Meredith                       *Original Filed*              *Filed by:* CR
2442 Ladoga Ave                     *Date:* 09/07/2021            *Entered by:* Ryan D O'Dea
Long Beach, CA 90815                *Original Entered*            *Modified:*
                                    *Date:* 09/07/2021

  Amount claimed: $100000.00

*History:*

Details  [13-1](#)  09/07/2021  Claim #13 filed by Cory Meredith, Amount claimed: $100000.00 (O'Dea, Ryan)

*Description:* (13-1) Dionysis II LLC cannabis business on Adelanto property 2016. Alter ego, fraudulent inducement
*Remarks:*

EXHIBIT 7, PAGE 144

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| | | |
|---|---|---|
| *Creditor:*      (40890140) | **Claim No: 14** | *Status:* |
| Cory Meredith | *Original Filed* | *Filed by:* CR |
| 2442 Ladoga Ave | *Date:* 09/07/2021 | *Entered by:* Ryan D O'Dea |
| Long Beach, CA 90815 | *Original Entered* | *Modified:* |
| | *Date:* 09/07/2021 | |

Amount claimed: $40000.00

*History:*

Details       14-1   09/07/2021 Claim #14 filed by Cory Meredith, Amount claimed: $40000.00 (O'Dea, Ryan)

*Description:* (14-1) $20,000 personal cash loan for personal use 2018 and $20,000 personal loan to Don Kojima to buy cannabis product for manufactory 2018

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40890140) | **Claim No: 15** | *Status:* |
| Cory Meredith | *Original Filed* | *Filed by:* CR |
| 2442 Ladoga Ave | *Date:* 09/07/2021 | *Entered by:* Ryan D O'Dea |
| Long Beach, CA 90815 | *Original Entered* | *Modified:* |
| | *Date:* 09/07/2021 | |

Amount  claimed: $1985445.00

Secured claimed: $1985445.00

Priority  claimed:  $523945.00

*History:*

Details       15-1   09/07/2021 Claim #15 filed by Cory Meredith, Amount claimed: $1985445.00 (O'Dea, Ryan)

*Description:* (15-1) Deed of Trust and Promissory Note

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40818421)   History | **Claim No: 16** | *Status:* |
| Katherine Meredith | *Original Filed* | *Filed by:* CR |
| c/o Ronald K. Brown, Jr | *Date:* 09/07/2021 | *Entered by:* Ronald K Brown |
| LAW OFFICES OF RONALD K. BROWN, | *Original Entered* | *Modified:* |
| JR., APC | *Date:* 09/07/2021 | |
| 901 Dove Street, Suite 120 | | |
| Newport Beach, California 92660 | | |

Amount claimed: $160320.00

*History:*

Details       16-1   09/07/2021 Claim #16 filed by Katherine Meredith, Amount claimed: $160320.00 (Brown, Ronald)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (41087789) | **Claim No: 17** | *Status:* |
| Peter Hubbard | *Original Filed* | *Filed by:* CR |
| Heston & Heston, Attorneys at Law | *Date:* 02/04/2022 | *Entered by:* AUTP |
| 19700 Fairchild Road, Suite 280 | *Original Entered* | *Modified:* |
| Irvine, CA 92612 | *Date:* 02/04/2022 | |

Amount claimed: $150000.00

*History:*

Details       17-1   02/04/2022 Claim #17 filed by Peter Hubbard, Amount claimed: $150000.00 (AUTP)

*Description:*

*Remarks:*

EXHIBIT 7, PAGE 145

| | | |
|---|---|---|
| *Creditor:* (41087835)<br>Chase Kaufman<br>Michael I. Gottfried<br>c/o Elkins Kalt Weintraub Reuben Gartside LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | **Claim No: 18**<br>*Original Filed Date:* 02/04/2022<br>*Original Entered Date:* 02/04/2022<br>*Last Amendment Filed*: 11/14/2022<br>*Last Amendment Entered*: 11/14/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* AUTP<br>*Modified:* 11/14/2022 |

  Amount claimed: $14600000.00

*History:*

| Details | 18-1 | 02/04/2022 Claim #18 filed by Chase Kaufman, Amount claimed: $5000000.00 (AUTP) |
|---|---|---|
| Details | 18-2 | 11/14/2022 Amended Claim #18 filed by Chase Kaufman, Amount claimed: $14600000.00 (AUTP) |

*Description:*

*Remarks:* (18-1) Filer Comment: Claim is in excess of $5000000
(18-2) Filer Comment: See Attachment.

| | | |
|---|---|---|
| *Creditor:* (41087885)<br>Michael Garrison<br>Michael I. Gottfried<br>c/o Elkins Kalt Weintraub Reuben Gartside LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | **Claim No: 19**<br>*Original Filed Date:* 02/04/2022<br>*Original Entered Date:* 02/04/2022<br>*Last Amendment Filed*: 11/14/2022<br>*Last Amendment Entered*: 11/14/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* AUTP<br>*Modified:* 11/14/2022 |

  Amount claimed: $14600000.00

*History:*

| Details | 19-1 | 02/04/2022 Claim #19 filed by Michael Garrison, Amount claimed: $5000000.00 (AUTP) |
|---|---|---|
| Details | 19-2 | 11/14/2022 Amended Claim #19 filed by Michael Garrison, Amount claimed: $14600000.00 (AUTP) |

*Description:*

*Remarks:* (19-1) Filer Comment: in excess of $5000000
(19-2) Filer Comment: See Attachment

| | | |
|---|---|---|
| *Creditor:* (41087939)<br>Zachary Powers<br>Michael I. Gottfried<br>c/o Elkins Kalt Weintraub Reuben Gartside LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | **Claim No: 20**<br>*Original Filed Date:* 02/04/2022<br>*Original Entered Date:* 02/04/2022<br>*Last Amendment Filed*: 11/14/2022<br>*Last Amendment Entered*: 11/14/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* AUTP<br>*Modified:* 11/14/2022 |

  Amount claimed: $14600000.00

*History:*

| Details | 20-1 | 02/04/2022 Claim #20 filed by Zachary Powers, Amount claimed: $5000000.00 (AUTP) |
|---|---|---|
| Details | 20-2 | 11/14/2022 Amended Claim #20 filed by Zachary Powers, Amount claimed: $14600000.00 (AUTP) |

*Description:*

*Remarks:* (20-1) Filer Comment: in excess of $5000000
(20-2) Filer Comment: See Attachment.

EXHIBIT 7, PAGE 146

| | | |
|---|---|---|
| *Creditor:*    (40801092) | **Claim No: 21** | *Status:* |
| United States Trustee | *Original Filed* | *Filed by:* CR |
| 411 West Fourth Street | *Date:* 10/07/2022 | *Entered by:* Kenneth Misken |
| Suite 7160 | *Original Entered* | *Modified:* |
| Santa Ana, CA 92701 | *Date:* 10/07/2022 | |

Amount claimed: $72197.00
Priority  claimed: $72197.00

*History:*

Details    21-1   10/07/2022 Claim #21 filed by United States Trustee, Amount claimed: $72197.00 (Misken, Kenneth)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (41331585) | **Claim No: 22** | *Status:* |
| FRANCHISE TAX BOARD | *Original Filed* | *Filed by:* CR |
| BANKRUPTCY SECTION MS A340 | *Date:* 11/02/2022 | *Entered by:* Anthony Franklin |
| PO BOX 2952 | *Original Entered* | *Modified:* |
| SACRAMENTO CA 95812-2952 | *Date:* 11/02/2022 | |

Amount claimed: $18487.19
Priority  claimed: $14789.75

*History:*

Details    22-1   11/02/2022 Claim #22 filed by FRANCHISE TAX BOARD, Amount claimed: $18487.19 (Franklin, Anthony)

*Description:* (22-1) Claim Filed
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (41354197) | **Claim No: 23** | *Status:* |
| U.S. Bank National Association | *Original Filed* | *Filed by:* CR |
| Bankruptcy Department | *Date:* 11/14/2022 | *Entered by:* Amira Avdic |
| PO Box 108 | *Original Entered* | *Modified:* |
| Saint Louis MO 63166-0108 | *Date:* 11/14/2022 | |

Amount claimed: $2914.98

*History:*

Details    23-1   11/14/2022 Claim #23 filed by U.S. Bank National Association, Amount claimed: $2914.98 (Avdic, Amira)

*Description:* (23-1) Credit Card 3787
*Remarks:*

## Claims Register Summary

**Case Name:** Don Teruo Kojima and Susan Lorraine Kojima
**Case Number:** 8:21-bk-11352-TA
**Chapter:** 7
**Date Filed:** 05/26/2021
**Total Number Of Claims:** 23

| | |
|---|---|
| **Total Amount Claimed\*** | $53053459.96 |
| **Total Amount Allowed\*** | |

EXHIBIT 7, PAGE 147

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

|  | Claimed | Allowed |
|---|---|---|
| **Secured** | $8276884.67 | |
| **Priority** | $700175.62 | |
| **Administrative** | | |

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/29/2022 17:21:18 | | | |
| **PACER Login:** | atty322146 | **Client Code:** | 9999-001 |
| **Description:** | Claims Register | **Search Criteria:** | 8:21-bk-11352-TA Filed or Entered From: 1/1/1900 Filed or Entered To: 11/29/2022 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT 7, PAGE 148

**EXHIBIT 8**

**SETTLEMENT AGREEMENT**

This Settlement Agreement dated as of November 23, 2022, by and among Richard A. Marshack in his capacity as the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Don Kojima and Susan Kojima ("Debtors"), on one hand, and Chase Miles Kaufman ("Kaufman"), Michael Garrison ("Garrison"), and Zachary Powers ("Powers" and collectively with Kaufman and Garrison, "KGP"), on the other hand, provides the terms of an agreement to: (a) resolve the competing claims of the Estate and those held by KGP against the Debtors and other Defendants as set forth in the state court action entitled *Garrison, et al. v. Kojima, et al.*, Case No. CIVDS2001906, pending in the San Bernardino County Superior Court ("State Court Action"), (b) the allowance and partially subordinated priority of claims held by KGP against the Estate, and (c) and other issues related to Debtors' bankruptcy case.  Powers, Kaufman, Garrison, and Trustee are each individually a "Party" and collectively, the "Parties."

1.  The following terms of settlement are subject to and effective upon entry of a final bankruptcy court order ("Effective Date") approving the terms of a definitive settlement agreement between the Parties ("Settlement Agreement").

2.  Within five business days after entry of an Order approving the Settlement Agreement, Trustee shall file a motion to substantively consolidate the Debtors and Kojima Development Company, LLC ("KDC") ("Substantive Consolidation Motion"). The granting of the Substantive Consolidation Motion is not a condition to the effectiveness of this agreement.

3.  Trustee shall investigate and, if appropriate, file one or more actions to avoid and recover any pre-petition transfers of the interests of the Debtors and KDC in property including, but not limited to, transfers relating to their interests in the Adelanto Entities (and/or the property owned by those entities) to Debtors' son, Cameron Kojima, CK Development Associates, LLC, and one or more of the Adelanto Entities or other entities controlled by and/or affiliated with the Debtors ("Fraudulent Transfer Actions").  For the avoidance of doubt, "Fraudulent Transfer Actions" may include actions to determine that no such transfers actually took place.  Nothing herein binds Trustee to administer any property or prosecute the Fraudulent Transfer Actions. However, if Trustee determines that he will not prosecute all or some of the potential Fraudulent Transfer Actions, Trustee shall assign them to KGP for their own benefit.

4.  KGP shall dismiss without prejudice the Debtors and the Debtors' Estate from the State Court Action and shall seek to stay the State Court Action against all non-debtor defendants therein, including KDC.  Except as expressly provided in paragraph 6 hereof, KGP shall not prosecute any claims or causes of action or seek any judgment or remedies that directly or indirectly affect the Estate's rights and claims, including Trustee's efforts to seek substantive consolidation or prosecute the Fraudulent Transfer Actions. The Parties will use their best efforts to resolve informally any disputes regarding whether KGP's efforts conflict with Trustee's claims. To the extent any dispute cannot be resolved informally, the bankruptcy court shall have the sole and exclusive jurisdiction to resolve any such dispute.  KGP hereby irrevocably offers to assign its claims to Trustee.  The assignment by KGP to the Trustee shall be deemed effective upon written notice by the Trustee of acceptance of such assignment.  Following such assignment,

1

KGP's aforementoned claims shall be prosecuted by the Estate, with recoveries to be distributed as set forth in paragraph 6 below.

5. Trustee shall file an application to employ Elkins Kalt as special litigation counsel for the purpose of objecting to Debtors' discharge under 11 U.S.C. § 727 ("Objection to Discharge"). The granting of this application is not a condition of this agreement. Subject to approval of the Bankruptcy Court, Elkins Kalt shall be entitled to a Chapter 7 administrative claim against the Estate for its allowed fees and costs related to the Objection to Discharge. Trustee has requested and Elkins Kalt has agreed that the Estate's responsibility for its fees will be capped at a reduced blended hourly rate of $350 per hour. Elkins Kalt retains the right to seek compensation from KGP for the difference between its regular hourly rates and this capped blended hourly rate. Trustee shall be the sole plaintiff in such action and shall retain all decision-making authority. To effectuate these provisions, Elkins Kalt shall file Trustee's 727 complaint and, if Elkins Kalt is approved as the Estate's counsel, KGP agrees to dismiss its 727 action without prejudice. If the application to employ Elkins Kalt is denied, Trustee will retain alternate counsel.

6. Pursuant to the State Court Action, KGP contends that it is entitled to, inter alia: (a) an order that the Adelanto Entities are a single enterprise in which KGP is the majority stakeholder; (b) a constructive trust over all of the assets of the Adelanto Entities; (c) general damages in an amount of at least $5 million; (d) punitive and exemplary damages; (e) pre-judgment interest; and (f) attorneys' fees and costs. If it prevailed on all its claims, KGP contends that it would be the sole owner of the Adelanto Entities and its ownership of real property which would constitute a recovery in excess of $15 million. Trustee contends that the Estate has fraudulent transfer claims against, among others, Cameron Kojima and CK Development Associates, LLC to avoid and recover transfers by Debtors and KDC including transfers of money used to acquire the commercial real properties owned by the Adelanto Entities. The Parties acknowledge that KGP's and Trustee's claims may conflict in that they both seek to recover property transferred to or assets held by the Adelanto Entities. Based on these conflicting theories as to ownership or claims to the entities and their assets, Trustee and KGP agree that recovery on claims currently held by either shall constitute property of the Estate.  If requested by Trustee, KGP's counsel shall provide assistance to Trustee, including serving as special litigation counsel (on terms mutually acceptable to the Trustee and Elkins Kalt), to prosecute or jointly prosecute all such litigation claims. Subject to bankruptcy court approval, Elkins Kalt shall be entitled to an administrative claim at their regular hourly rates for all such services. Lastly, Trustee contends that some or all of KGPs claims may be subject to subordination under Section 510; KGP disagrees with the Trustee's contention.  To resolve such claims and as additional consideration given in support of this Agreement, the Parties agree that distributions by Trustee to allowed claims will be as follows:

   a. Allowed Chapter 7 Administrative Claims to be paid in full. Notwithstanding ¶ 7 below, KGP shall be responsible for and must pay all fees and expenses associated with the 4.7 Acre Parcel including all allowed Chapter 7 administrative claims. Trustee's compensation shall be calculated at 4% of the value of such property on the date of recovery if title is recovered and delivered to KGP.

2

      b.  Allowed Chapter 11 Administrative Claims, including any capital gains taxes arising from Debtors' sale of their residence, to be paid in full.

      c.  Trustee and KGP shall each retain standing to respond to any applications for allowance of fees and costs including any application by former counsel for the Debtors, Winthrop Golubow Hollander, LLP, or any other Chapter 11 professionals.

      c.  Allowed Priority Claims to be paid in full.

      d.  Allowed Unsecured Claims (other than KGP) – to be paid 75% of their allowed amounts.

      e.  KGP shall have an allowed claim of $6.98 million, which claim will be partially subordinated to the extent necessary for other allowed unsecured claims to be paid as set forth above. After other allowed unsecured claims have received distributions equal to 75% of their allowed amounts, KGP shall be entitled to pro rata distributions along with all other unsecured creditors based on their reduced, unpaid balances.

7.   To the extent recovered as a result of the Fraudulent Transfer Actions or otherwise, title to the 4.7 acres (parcel number 3129-261-27 Cameron Ranch Adelanto Partners "4.7 Acre Parcel"), shall be vested in KGP. Nothing in this Agreement shall limit Trustee's ability to settle any claim or dispute regarding the 4.7 Acre Parcel in a manner that does not include a transfer or recovery of real property. To the extent Trustee's settles claims relating to the 4.7 Acre Parcel, all cash or other consideration attributable to the 4.7 Acre Parcel, less allowed Chapter 7 administrative claims relating to such property, shall be paid to KGP. To the extent that KGP does not agree to a cash settlement of claims relating to the 4.7 Acre Parcel, the Trustee shall promptly abandon or assign such claims to KGP. After any abandonment or assignment of claims, KGP's liability to pay allowed Chapter 7 administrative claims including compensation to Trustee (calculated at a reduced 2% of the value of the property to the extent recovered or of the value of any settlement) shall remain payable. KGP's allowed unsecured claim of $6.98 million shall not be offset or diminished by the transfer of the 4.7 Acre Parcel (or the cash or other consideration attributable to the 4.7 Acre Parcel) to KGP and, instead, shall be deemed to be additional consideration to KGP.

8.   Trustee and KGP shall each retain standing to object to the allowance of any claim regardless of priority. KGP shall retain standing to object to any compromise proposed by Trustee that results in the allowance of any unsecured claim.

9.   Except as set forth in the Settlement Agreement, the Parties shall exchange mutual and general releases including 1542 waivers. Trustee's agreement to exchange such releases is dependent upon KGP's representations that they have not received any transfers of property from Debtors.

/ / /

/ / /

/ / /

/ / /

EXHIBIT 8, PAGE 151

10. Trustee's motion for approval of the Settlement Agreement shall seek confirmation by the bankruptcy court that Ross Hollenkamp's services to the Estate terminated upon conversion to Chapter 7. Trustee shall also seek turnover of all client documents in Mr. Hollenkamp's possession including attorney-client communications. Trustee retains the privilege and decision whether to retain or waive such privilege.

_____
Name:  Chase Kaufman
Title:
Date:

_____
Name:  Richard A. Marshack
Title:    Trustee of the Estate of Don and
           Susan Kojima
Date:    November 23, 2022

_____
Name:  Michael Garrison
Title:
Date:

_____
Name:  Zach Powers
Title:
Date:

4

EXHIBIT 8, PAGE 152

10. Trustee's motion for approval of the Settlement Agreement shall seek confirmation by the bankruptcy court that Ross Hollenkamp's services to the Estate terminated upon conversion to Chapter 7. Trustee shall also seek turnover of all client documents in Mr. Hollenkamp's possession including attorney-client communications. Trustee retains the privilege and decision whether to retain or waive such privilege.

_____

Name:   Chase Kaufman
Title:
Date:

_____

Name:   Michael Garrison
Title:
Date:

_____

Name:   Zach Powers
Title:
Date:

_____

Name:   Richard A. Marshack
Title:    Trustee of the Estate of Don and
            Susan Kojima
Date:     November 23, 2022

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION: (1) TO APPROVE SETTLEMENT AGREEMENT WITH CHASE MILES KAUFMAN, MICHAEL GARRISON, AND ZACHARY POWERS, AND (2) FOR TURNOVER OF ALL CLIENT DOCUMENTS FROM THE LAW OFFICE OF ROSS L. HOLLENKAMP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**: On **November 29, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
DON TERUO KOJIMA
26 ENCHANTED
IRVINE, CA 92620

**JOINT DEBTOR**
SUSAN LORRAINE KOJIMA
26 ENCHANTED
IRVINE, CA 92620

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 29, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE REVISED INTERIM PROCEDURES RE: COVID-19, UPDATED OCTOBER 21, 2021, OF THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE, THE REQUIREMENT OF LBR 5005-2(d) TO PROVIDE JUDGES COPIES IS SUSPENDED AT THIS TIME.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 29, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA and JOINT DEBTOR SUSAN LORRAINE KOJIMA:** Ryan A Baggs rabaggs@michaelbest.com
   - **ATTORNEY FOR CREDITOR KATHERINE MEREDITH:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA and JOINT DEBTOR SUSAN LORRAINE KOJIMA:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF CHASE KAUFMAN; CREDITOR AND PLAINTIFF MICHAEL GARRISON; CREDITOR AND PLAINTIFF ZACH POWERS:** Michael I. Gottfried mgottfried@elkinskalt.com, cavila@elkinskalt.com, myuen@elkinskalt.com, docketing@elkinskalt.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR AND DEFENDANT DON TERUO KOJIMA, JOINT DEBTOR AND DEFENDANT SUSAN LORRAINE KOJIMA, and INTERESTED PARTY CAMERON KOJIMA:** Ross L Hollenkamp rlh@hollenkamplaw.com
   - **ATTORNEY FOR CREDITOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM:** Nancy L Lee bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA and JOINT DEBTOR SUSAN LORRAINE KOJIMA:** Peter W Lianides plianides@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR NISSAN MOTOR ACCEPTANCE CORPORATION:** Kirsten Martinez Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR NISSAN MOTOR ACCEPTANCE CORPORATION:** Austin P Nagel edward.yoo@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
   - **ATTORNEY FOR U.S. TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
   - **ATTORNEY FOR CREDITOR CORY MEREDITH:** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
   - **ATTORNEY FOR CREDITOR CORY MEREDITH:** Sarah M St John sstjohn@shulmanbastian.com, avernon@shulmanbastian.com
   - **ATTORNEY FOR CREDITOR WELLS FARGO BANK, N.A.:** John Tamburo john.tamburo@wellsfargo.com
   - **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR BANK OF AMERICA, N.A.:** Katie Irene Wolff katie.wolff@bofa.com
   - **ATTORNEY FOR CREDITOR WELLS FARGO BANK, N.A.:** Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF CHASE KAUFMAN, CREDITOR AND PLAINTIFF MICHAEL GARRISON, and CREDITOR AND PLAINTIFF ZACH POWERS:** Roye Zur rzur@elkinskalt.com, cavila@elkinskalt.com; myuen@elkinskalt.com; 1648609420@filings.docketbird.com

4877-6714-4256, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**