| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: RICHARD A. MARSHACK, Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>DON TERUO KOJIMA<br>SUSAN LORRAINE KOJIMA,<br><br><br><br>Debtor(s) | CASE NO.: 8:21-bk-11352-TA<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br>Motion to Approve Settlement |
|---|---|

PLEASE TAKE NOTE that the order titled Order Granting Trustee's Motion: (1) To Approve Settlement Agreement with Chase Miles Kaufman, Michael Garrison, and Zachary Powers, and (2) For Turnover of All Client Documents from the Law Office of Ross L. Hollenkamp

was lodged on (*date*) 12/27/2022 and is attached. This order relates to the motion which is docket number 317.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**



**Bankruptcy LODGED ORDER UPLOAD FORM**

Tuesday, December 27, 2022

CONFIRMATION :

Your Lodged Order Info:

( **11261513.doc** )
  A new order and exhibit has been added

- **Office**:  Santa Ana
- **Case Title**:  Don Teruo Kojima and Susan Lorraine Kojima
- **Case Number**:  21-11352
- **Judge Initial**:  TA
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  317
- **On Date**:  12/27/2022 @ 12:25 PM

Thank You!

---

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DON TERUO KOJIMA<br>SUSAN LORRAINE KOJIMA,<br><br>Debtors. | Case No. 8:21-bk-11352-TA<br><br>Chapter 7<br><br>ORDER GRANTING TRUSTEE'S MOTION: (1) TO APPROVE SETTLEMENT AGREEMENT WITH CHASE MILES KAUFMAN, MICHAEL GARRISON, AND ZACHARY POWERS, AND (2) FOR TURNOVER OF ALL CLIENT DOCUMENTS FROM THE LAW OFFICE OF ROSS L. HOLLENKAMP |

Date:   December 20, 2022
Time:   11:00 a.m.
Ctrm:   5B[1]

The motion of Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Don Teruo Kojima and Susan Lorraine Kojima (together, "Debtors"), (1) to approve the settlement agreement between Trustee, on the one hand, and Chase Miles Kaufman, Michael Garrison, and Zachary Powers (collectively, "KGP"), on the other hand, and (2) for turnover of all client documents from the Law Office of Ross L. Hollenkamp ("Hollenkamp Firm"), filed on November 29, 2022, as Dk. No. 317 ("Motion"),[2] came on for hearing on December

---

[1] Judge Albert's hearings continue to be conducted using ZoomGov audio and video but hearing participants have the option of appearing in person. **If a hearing participant wishes to appear in person advance notice will be required**. Instructions for a moving party to provide advance notice can be found under the Judge Albert's Self-Calendaring section of his webpage.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

1

4862-6464-3630

20, 2022, at 11:00 a.m., the Honorable Theodor C. Albert, United States Bankruptcy Judge presiding. Appearances were as noted on the record.

The Court has read and considered the Motion; the opposition filed by Winthrop Golubow Hollander, LLP (Dk. No. 322); the opposition filed by Debtors, Cameron Kojima, and the "Adelanto Entities" (Dk. No. 323); the joinders filed by Peter Hubbard (Dk. No. 324) and KGP (Dk. No. 325); the replies filed by KGP (Dk. No. 326) and Trustee (Dk. No. 327); and the Declaration of Michael McNamara filed in support of the Motion (Dk. No. 329), and has found that proper notice has been given under the circumstances. For the reasons set forth in the tentative ruling attached to this Order as **Exhibit 1** and as stated on the record during the hearing, the Court has found good cause to grant the Motion.

Accordingly, the Court ORDERS as follows:

1.  The Motion is granted;

2.  The Agreement attached as Exhibit 8 to Declaration of Richard A. Marshack in support of the Motion (Dk. No. 317) is approved; and

3.  The Hollenkamp Firm's services to the Estate terminated upon conversion to Chapter 7 and the Hollenkamp Firm is ordered to turn over to Trustee all client documents and communications within 14 days after entry of this order. Any claims of privilege shall be made in a written privilege log provided to Trustee within 14 days. If the parties are unable to resolve any disputed claims of privilege, the Court shall do so upon noticed motion.

# # #

2

4862-6464-3630

# United States Bankruptcy Court
## Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                 **Hearing Room    5B**

---

<u>11:00 AM</u>
**8:21-11352**    Don Teruo Kojima and Susan Lorraine Kojima                                  **Chapter 7**

#4.00    Trustee's Motion: (1) To Approve Settlement Agreement With Chase Miles Kaufman, Michael Garrison, and Zachary Powers, And (2) For Turnover Of All Client Documents From The Law Office Of Ross L. Hollenkamp

Docket    317

**Tentative Ruling:**

Tentative for 12/20/22:
This is the motion of the chapter 7 trustee, Richard Marshack ("Trustee") to approve a compromise with creditors, Chase Miles Kaufman, Michael Garrison, and Zachary Powers (collectively "KGP"). The motion is joined by creditors Peter Hubbard and KGP. The motion is opposed by the law firm Winthrop Golubow Hollander, LLP ("WGH") and by Debtors Don and Susan Kojima ("Debtors"), their son Cameron Kojima, and related entities (collectively "the Kojimas").

1. Background
When Debtors filed their schedules, they disclosed a 66.6% interest in Kojima Development Company, LLC ("KDC"). On November 11, 2021, KGP filed a "Stipulation Re: Relief from Automatic Stay to Proceed with State Court Litigation," regarding *Garrison et al. v. Kojima et al.*, San Bernardino County Superior Court ("SBSC"). On November 16, 2021, the Court entered an "Order Approving Stipulation Re: Relief from the Automatic Stay to Proceed with State Court Litigation" ("SBSC Stipulation Order"). On February 28, 2022, KGP filed a "Complaint for: (1) Determination that Debt Is Non-Dischargeable Pursuant to 11 U.S.C. § 523; and (2) Denial of Debtors' Discharge Pursuant to 11 U.S.C. § 727" ("KGP 523/727 Complaint"), commencing *Kaufman et al. v. Kojima et al.*, Adversary Proceeding No. 8:22-ap-01026-TA ("KGP 523/727 Action").

The KGP 523/727 Complaint alleges that Debtors and their son, Cameron Kojima, defrauded KGP by inducing them to invest collectively more than $1,000,000 for a real estate development project in Adelanto, California, and usurped, misappropriated, and embezzled the funds. On March 23, 2022, Debtors filed a "Motion for Order: (1) Approving the Sale of Real Property of the

---

# United States Bankruptcy Court
## Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                              **Hearing Room**    **5B**

---

**11:00 AM**
**CONT...**    **Don Teruo Kojima and Susan Lorraine Kojima**                                                   **Chapter 7**

Estate Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363 . . .") ("Sale Motion") regarding the Kojima residence at 7 Shoreridge, Newport Coast, California 92657 ("Shoreridge Property"). On April 13, 2022, the Court entered an order granting the Sale Motion.

On April 12, 2022, Debtors filed an "Application of Debtors and Debtors-in-Possession for Authority to Employ the Law Office of Ross L. Hollenkamp as Special Litigation Counsel," regarding the SBSC Action and the KGP 523/727 Action. On May 10, 2022, the Court entered an "Order Granting Application of Debtors and Debtors-in-Possession for Authority to Employ the Law Office of Ross L. Hollenkamp as Special Litigation Counsel." On June 27, 2022, the Court entered an order converting the case to Chapter 7. On June 29, 2022, Trustee was appointed.

2. The SBSC Action
On January 22, 2020, KGP filed a "Complaint for Damages and Equitable Relief: 1. Fraud 2. Breach of Fiduciary Duty and Confidence 3. Accounting 4. Unfair Competition, Constructive Trust and Restitution/Disgorgement 5. Conspiracy to Breach Fiduciary Duty 6. Intentional Interference with Economic Advantage and Business Opportunities 7. Wrongful Conversion 8. Declaratory Relief" against Cameron Kojima, Donald Teruo Kojima, Susan Kojima, and Does, in the SBSC Action.

On May 3, 2022, KGP filed a "First Amended Complaint for: (1) Fraud (2) Breach of Fiduciary Duty (3) Accounting (4) Unfair Competition, Constructive Trust, and Restitution/Disgorgement (5) Conspiracy to Breach Fiduciary Duty (6) Intentional Interference with Economic Advantage and Business Opportunities (7) Conversion (8) Declaratory Relief (9)Violation of Penal Code § 496" ("SBSC FAC") against Cameron Kojima, Donald Teruo Kojima, Susan Kojima, several business entities, and Does, which is now the operative complaint in the SBSC Action. In the SBSC Action, KGP contends that it is entitled to, inter alia: (a) an order that the "Adelanto Entities"2 are a single enterprise in which KGP is the majority stakeholder; (b) a constructive trust over all of the assets of the Adelanto Entities; (c) general damages in an amount of at least $5 million; (d) punitive and exemplary damages; (e) pre-judgment interest; and (f) attorneys' fees and costs. If it prevailed on all its claims, KGP contends that it would be the sole owner of

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                 **Hearing Room    5B**

---

<u>11:00 AM</u>
**CONT...    Don Teruo Kojima and Susan Lorraine Kojima                                              Chapter 7**

the Adelanto Entities and its ownership of real property which would constitute a recovery in excess of $15 million. To date, the SBSC Action is pending and is not stayed.

KGP contends that its rights to recover the assets of the Adelanto Entities including their ownership of real property would take precedence over the Estate's rights to avoid and recover transfers made by the Debtor and their entities. Specifically, KGP asserts that they were defrauded into investing into the Debtor and its entities. As a result, the assets acquired by the entities were held in constructive or resulting trusts for their benefit. If successful, Trustee's claims to avoid transfers of the debtors interests in property under bankruptcy law would be adversely affected.

3. Claims Against The Estate
In the Bankruptcy Case, 23 proofs of claims have been filed against the estate. The claims include $8,276,884.67 of secured claims and $700,175.62 of priority claims. KGP each filed a proof of claim asserting a $14,600,000 unsecured claim. Not including the $8,276,884.67 of secured claims (the secured claims against the house have been paid), and KGP's claims, there are $976,575.29 of other unsecured claims against the Estate. There are also Chapter 11 administrative claims for capital gains and Debtor's counsel, WGH.

4. The Settlement
The salient terms of the proposed settlement with KGP are as follows:

1) Within five business days after entry of an Order approving the Settlement Agreement, Trustee shall file a motion to substantively consolidate the Debtors and Kojima Development Company, LLC ("KDC") ("Substantive Consolidation Motion"). The granting of the Substantive Consolidation Motion is not a condition to the effectiveness of this agreement (this is an important point to be discussed below).

2) Trustee shall investigate and, if appropriate, file one or more actions to avoid and recover any pre-petition transfers of the interests of the Debtors and KDC in property including, but not limited to, transfers relating to their interests in the Adelanto Entities (and/or the property owned by those entities) to Debtors' son,

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                  **Hearing Room   5B**

---

<u>11:00 AM</u>
**CONT...**     **Don Teruo Kojima and Susan Lorraine Kojima**                                          **Chapter 7**

Cameron Kojima, CK Development Associates, LLC, and one or more of the Adelanto Entities or other entities controlled by and/or affiliated with the Debtors ("Fraudulent Transfer Actions"). For the avoidance of doubt, "Fraudulent Transfer Actions" may include actions to determine that no such transfers actually took place. Nothing herein binds Trustee to administer any property or prosecute the Fraudulent Transfer Actions. However, if Trustee determines that he will not prosecute all or some of the potential Fraudulent Transfer Actions, Trustee shall assign them to KGP for their own benefit.

3) KGP shall dismiss without prejudice the Debtors and the Debtors' Estate from the State Court Action and shall seek to stay the State Court Action against all non-debtor defendants therein, including KDC. Except as expressly provided in paragraph 6 hereof, KGP shall not prosecute any claims or causes of action or seek any judgment or remedies that directly or indirectly affect the Estate's rights and claims, including Trustee's efforts to seek substantive consolidation or prosecute the Fraudulent Transfer Actions. The Parties will use their best efforts to resolve informally any disputes regarding whether KGP's efforts conflict with Trustee's claims. To the extent any dispute cannot be resolved informally, the bankruptcy court shall have the sole and exclusive jurisdiction to resolve any such dispute. KGP hereby irrevocably offers to assign its claims to Trustee. The assignment by KGP to the Trustee shall be deemed effective upon written notice by the Trustee of acceptance of such assignment. Following such assignment (and presumably acceptance), KGP's aforementioned claims shall be prosecuted by the Estate, with recoveries to be distributed as set forth in paragraph 6 below.

4) Trustee shall file an application to employ Elkins Kalt as special litigation counsel for the purpose of objecting to Debtors' discharge under 11 U.S.C. § 727 ("Objection to Discharge"). The granting of this application is not a condition of this agreement. Subject to approval of the Bankruptcy Court, Elkins Kalt shall be entitled to a Chapter 7 administrative claim against the Estate for its allowed fees and costs related to the Objection to Discharge. Trustee has requested and Elkins Kalt has agreed that the Estate's responsibility for its fees will be capped at a reduced blended hourly rate of $350 per hour. Elkins Kalt retains the right to seek compensation from KGP for the difference between its regular hourly rates and this capped blended hourly rate. Trustee shall be the sole plaintiff in such action and shall retain all decision-making authority. If the application to employ

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                       **Hearing Room**      **5B**

---

<u>11:00 AM</u>
**CONT...**     **Don Teruo Kojima and Susan Lorraine Kojima**                          **Chapter 7**
Elkins Kalt is denied, Trustee will retain alternate counsel.

5) The Parties acknowledge that KGP's and Trustee's claims may conflict in that they both seek to recover property transferred to or assets held by the Adelanto Entities. Based on these conflicting theories as to ownership or claims to the entities and their assets, Trustee and KGP agree that recovery on claims currently held by either shall constitute property of the Estate. If requested by Trustee, KGP's counsel shall provide assistance to Trustee, including serving as special litigation counsel (on terms mutually acceptable to the Trustee and Elkins Kalt), to prosecute or jointly prosecute all such litigation claims. Subject to bankruptcy court approval, Elkins Kalt shall be entitled to an administrative claim at their regular hourly rates for all such services. Lastly, Trustee contends that some or all of KGP's claims may be subject to subordination under Section 510; KGP disagrees with the Trustee's contention. To resolve such claims and as additional consideration given in support of this Agreement, the Parties agree that distributions by Trustee to allowed claims will be as follows:

a. Allowed Chapter 7 Administrative Claims to be paid in full. Notwithstanding ¶ 7 of the Agreement, KGP shall be responsible for and must pay all fees and expenses associated with the 4.7 Acre Parcel including all allowed Chapter 7 administrative claims. Trustee's compensation shall be calculated at 4% of the value of such property on the date of recovery if title is recovered and delivered to KGP.

b. Allowed Chapter 11 Administrative Claims, including any capital gains taxes arising from Debtors' sale of their residence, to be paid in full.

c. Trustee and KGP shall each retain standing to respond to any applications for allowance of fees and costs including any application by former counsel for the Debtors, Winthrop Golubow Hollander, LLP, or any other Chapter 11 professionals.

d. Allowed Priority Claims to be paid in full.

e. Allowed Unsecured Claims (other than KGP) – to be paid 75% of their allowed amounts.

---

# United States Bankruptcy Court
## Central District of California
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, December 20, 2022**            **Hearing Room**    **5B**

<u>11:00 AM</u>
**CONT...**    **Don Teruo Kojima and Susan Lorraine Kojima**            **Chapter 7**

f. KGP shall have an allowed claim of $6.98 million, which claim will be partially subordinated to the extent necessary for other allowed unsecured claims to be paid as set forth above. After other allowed unsecured claims have received distributions equal to 75% of their allowed amounts, KGP shall be entitled to pro rata distributions along with all other unsecured creditors based on their reduced, unpaid balances.

6) To the extent recovered as a result of the Fraudulent Transfer Actions or otherwise, title to the 4.7 acres (parcel number 3129-261-27 Cameron Ranch Adelanto Partners "4.7 Acre Parcel"), shall be vested in KGP. Nothing in this Agreement shall limit Trustee's ability to settle any claim or dispute regarding the 4.7 Acre Parcel in a manner that does not include a transfer or recovery of real property. To the extent Trustee's settles claims relating to the 4.7 Acre Parcel, all cash or other consideration attributable to the 4.7 Acre Parcel, less allowed Chapter 7 administrative claims relating to such property, shall be paid to KGP. To the extent that KGP does not agree to a cash settlement of claims relating to the 4.7 Acre Parcel, the Trustee shall promptly abandon or assign such claims to KGP. After any abandonment or assignment of claims, KGP's liability to pay allowed Chapter 7 administrative claims including compensation to Trustee (calculated at a reduced 2% of the value of the property to the extent recovered or of the value of any settlement) shall remain payable. KGP's allowed unsecured claim of $6.98 million shall not be offset or diminished by the transfer of the 4.7 Acre Parcel (or the cash or other consideration attributable to the 4.7 Acre Parcel) to KGP and, instead, shall be deemed to be additional consideration to KGP.

7) Trustee and KGP shall each retain standing to object to the allowance of any claim regardless of priority. KGP shall retain standing to object to any compromise proposed by Trustee that results in the allowance of any unsecured claim.

8) Except as set forth in the Settlement Agreement, the Parties shall exchange mutual and general releases including §1542 waivers. Trustee's agreement to exchange such releases is dependent upon KGP's representations that they have not received any transfers of property from Debtors.

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, December 20, 2022**                          **Hearing Room**     **5B**

<u>11:00 AM</u>
**CONT...**      **Don Teruo Kojima and Susan Lorraine Kojima**             **Chapter 7**

9) Trustee's motion for approval of the Settlement Agreement shall seek confirmation by the bankruptcy court that Ross Hollenkamp's services to the Estate terminated upon conversion to Chapter 7. Trustee shall also seek turnover of all client documents in Mr. Hollenkamp's possession including attorney-client communications. Trustee retains the privilege and decision whether to retain or waive such privilege.

5. Legal Standards
       Under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the court may approve a compromise or settlement on motion by the trustee. Fed. R. Bankr. P. 9019. "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

(a) the probability of success of the litigation;
(b) the difficulties, if any, to be encountered in the matter of collection;
(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and]
(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986).

6. Should The Settlement Agreement Be Approved?
       The main points of contention among the oppositions are 1) the settlement does not serve the best interests of creditors; and 2) approval of the settlement would result in the trustee administering assets directly or indirectly involved the cannabis industry, which is prohibited by federal law.

       With respect to the first concern, despite assurances that administrative creditors like WGH will be paid in full, WGH is apparently dubious of such a representation. In particular, WGH argues that creditors will likely see estate resources depleted while the proposed law firm Elkins Kalt will reap hundreds of thousands of dollars in fees as a result of the plan outlined in the settlement agreement. In fact, WGH argues, the proposed motion for substantive consolidation might actually result in adding creditors to the estate, which would further dilute the recovery for the estate's existing creditors. Debtors echo much

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                                               **Hearing Room      5B**

---

<u>11:00 AM</u>
**CONT...        Don Teruo Kojima and Susan Lorraine Kojima                                                        Chapter 7**

of the sentiment. However, neither in their oppositions take into account that this court retains authority over allowance of fees to Elkins Kalt, and a litigation campaign that fails to produce any recovery will not be well received. Further, substantive consolidation is not assured, as this court retains the ultimate authority to authorize this remedy…or not. If it develops that such consolidation will severely dilute the creditors' *pro rata* recovery, chances are great that it would not be authorized. Opponents also assert that KGP's claims against the estate have a very low probability of success in the state court action much less obtaining a sizeable verdict. In short, Debtors believe KGP has several weaknesses in their state court litigation that Trustee has failed to take into account. For example, Debtors assert that KGP's proofs of claim filed in this case are relatively thin on supporting documents that would evidence a $15 million total valuation for the combined claims. Debtors also point out that KGP might have a statute of frauds issue as, apparently, no documents evidencing ownership of the entire Adelanto Property have been produced. With such weaknesses in their case, Debtors argue, settling for $6.98 million is excessive and unjustified.

      WGH and Debtors raise a few possibly valid points, especially with respect to the concerns over what constitutes the best interests of creditors. Trustee argues there is no basis for WGH's concerns that this settlement, if approved, will primarily benefit Elkins Kalt to the potential detriment of other administrative creditors and unsecured creditors. Indeed, it is not clear why WGH believes Trustee will not hold up his end of the bargain by ensuring payment in full for administrative claims and a 75% recovery for allowed unsecured claims. After all, this court will be monitoring this case and making sure the terms of the agreement are on track. So long as Trustee can make good on his representations to this court, and at present the court is not given good cause to doubt Trustee's ability to do so, the proposed terms seem like a fair compromise. The state court litigation is likely to be complex and time consuming, not to mention resource-consuming. The settlement with KGP would prevent long delays in payouts to creditors and would provide a clear path for this case going forward. There is certainly much value to be had there. It is also notable that aside from WGH, who by the terms of the proposed settlement will be paid in full, and the Kojimas, for whom valid standing to challenge this motion is at least somewhat suspect, no other interested party opposes the motion.

---

# United States Bankruptcy Court
## Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

---

**Tuesday, December 20, 2022**                                                                 **Hearing Room    5B**

---

<u>11:00 AM</u>
**CONT...**     **Don Teruo Kojima and Susan Lorraine Kojima**                                    **Chapter 7**

Thus, the settlement agreement appears to be a valid exercise of the Trustee's business judgment, will ease concerns over the outcome of potentially complex litigation, will allow creditors to know exactly what they are receiving and when, and will bring some clarity to the future of this case. Thus, because WGH and the Kojimas have not raised sufficient concerns in their respective oppositions, the settlement agreement, at least insofar as the *A&C Properties* factors pertain here, should be approved.

7. Cannabis?

However, even if the *A&C Properties* factors weigh in favor of approval, the second concern regarding certain estate assets and their use and/or proximity to the cannabis business could force a different outcome. Trustee strenuously disputes the characterization set forth by both WGH and the Kojimas in this regard. Trustee represents that nothing set in motion by this proposed settlement agreement will result in Trustee administering cannabis-related assets. The court is well aware that cannabis-related assets are a third-rail in bankruptcy administration, but the court is inclined to give the benefit of the doubt to Trustee's representations that no cannabis-related assets will come into play. However, if despite Trustee's best understanding of the assets involved, cannabis-related assets are discovered, the court would expect Trustee to alert the court immediately and take all necessary actions to prevent administration of such assets. In short, the court is, at this time, comfortable relying on Trustee's representations.

8. Other Issues

Part of the settlement requires the Law Offices of Ross Hollenkamp, counsel to the Kojimas, to turn over to Trustee all client records related to this case as Trustee has sole authority to represent the interests of the estate, including taking over all interests in litigation. To this end, Trustee argues that he is entitled to all relevant client files now held by Mr. Hollenkamp pursuant to 11 U.S.C. §§541 and 542. In particular, §542(e) states:

"Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Tuesday, December 20, 2022**                                                                                                    **Hearing Room    5B**

<u>11:00 AM</u>
**CONT...    Don Teruo Kojima and Susan Lorraine Kojima                                                                  Chapter 7**
information to the trustee."

      It would seem then that Trustee is entitled to non-privileged information Mr. Hollenkamp may possess as relates to administration of this bankruptcy case. To that end, Trustee and Mr. Hollenkamp should work together to facilitate the transfer of such information. The court understands the tension here between the Trustee's mandate to zealously administer the case and Mr. Hollenkamp's duty of confidentiality to the Kojimas. Trustee does, however, point out that some courts have held that because a trustee, for all intents and purposes, stands in Debtors' shoes, the trustee has the power to, at least to some extent, waive the attorney-client privilege that would otherwise belong to Debtors. *See e.g. In re Bame,* 251 B.R. 367, 375 (Bankr. D. Minn. 2000) ("Accordingly, I find that the attorney-client privilege has passed to the Trustee with respect to communications between Kennedy & Graven and the Debtor during the period that the Debtor served as the DIP as to all matters having to do with administration of the estate, including, in particular, disclosure and recovery of assets.") *See also Sharp v. Klein (In re Klein)*, 2013 Bankr. LEXIS 5096 at *40 (Bankr. C.D. Cal. 2013) ("More importantly, the Court finds persuasive the holding in *In re Bame*… where the bankruptcy court, following the Supreme Court's analysis in *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 105 S. Ct. 1986 (1985), found that the trustee for the bankruptcy estate succeeded to the individual debtor-in-possession's power to assert or waive the attorney-client privilege with respect to matters involving the administration of the estate.") However, as the court in *In re Bame* observed, "[i]f, however, Kennedy & Graven actually provided advice to Debtor as an individual, and not as a Debtor-in-Possession, the answer may be different." *Id*.

      If court monitoring is required, the court will be available to resolve hardline disputes over information requests, but the court earnestly hopes that with the caliber and reputation of those involved, court assistance will not be necessary.

*Approve.*


Appearance: required

| **Party Information** |
|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **December 27, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **DEBTOR** | **JOINT DEBTOR** |
|---|---|
| DON TERUO KOJIMA | SUSAN LORRAINE KOJIMA |
| 26 ENCHANTED | 26 ENCHANTED |
| IRVINE, CA 92620 | IRVINE, CA 92620 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 27, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE REVISED INTERIM PROCEDURES RE: COVID-19, UPDATED OCTOBER 21, 2021, OF THE HONORABLE THEODOR C. ALBERT, CHIEF JUDGE, THE REQUIREMENT OF LBR 5005-2(d) TO PROVIDE JUDGES COPIES IS SUSPENDED AT THIS TIME.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 27, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA and JOINT DEBTOR SUSAN LORRAINE KOJIMA:** Ryan A Baggs rabaggs@michaelbest.com
   - **ATTORNEY FOR CREDITOR KATHERINE MEREDITH:** Ronald K Brown ron@rkbrownlaw.com
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA; JOINT DEBTOR SUSAN LORRAINE KOJIMA; and CREDITOR WINTHROP GOLUBOW HOLLANDER LLP:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF CHASE KAUFMAN; CREDITOR AND PLAINTIFF MICHAEL GARRISON; CREDITOR AND PLAINTIFF ZACH POWERS:** Michael I. Gottfried mgottfried@elkinskalt.com, cavila@elkinskalt.com, myuen@elkinskalt.com, docketing@elkinskalt.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR AND DEFENDANT DON TERUO KOJIMA, JOINT DEBTOR AND DEFENDANT SUSAN LORRAINE KOJIMA, and INTERESTED PARTY CAMERON KOJIMA:** Ross L Hollenkamp rlh@hollenkamplaw.com
   - **ATTORNEY FOR CREDITOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOM:** Nancy L Lee bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR DON TERUO KOJIMA and JOINT DEBTOR SUSAN LORRAINE KOJIMA:** Peter W Lianides plianides@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR NISSAN MOTOR ACCEPTANCE CORPORATION:** Kirsten Martinez Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR NISSAN MOTOR ACCEPTANCE CORPORATION:** Austin P Nagel edward.yoo@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
   - **ATTORNEY FOR U.S. TRUSTEE:** Queenie K Ng queenie.k.ng@usdoj.gov
   - **ATTORNEY FOR CREDITOR CORY MEREDITH:** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
   - **ATTORNEY FOR CREDITOR CORY MEREDITH:** Sarah M St John sstjohn@shulmanbastian.com, avernon@shulmanbastian.com
   - **ATTORNEY FOR CREDITOR WELLS FARGO BANK, N.A.:** John Tamburo john.tamburo@wellsfargo.com
   - **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR BANK OF AMERICA, N.A.:** Katie Irene Wolff katie.wolff@bofa.com
   - **ATTORNEY FOR CREDITOR WELLS FARGO BANK, N.A.:** Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF CHASE KAUFMAN, CREDITOR AND PLAINTIFF MICHAEL GARRISON, and CREDITOR AND PLAINTIFF ZACH POWERS:** Roye Zur rzur@elkinskalt.com, cavila@elkinskalt.com; myuen@elkinskalt.com; 1648609420@filings.docketbird.com

4867-0041-1971, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            F 9013-3.1.PROOF.SERVICE